UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**
COLE SCHOTZ P.C.
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
Michael D. Sirota, Esq.
Gerald H. Gline, Esq.
Ryan T. Jareck, Esq.
(201) 489-3000
(201) 489-1536 Facsimile
*Proposed Attorneys for Saint Michael's Medical
Center, Inc., et al., Debtors-in-Possession*

In re:

SAINT MICHAEL'S MEDICAL CENTER,
INC., *et al.*[1]

Debtors-in-Possession.

**FILED**
JAMES J. WALDRON, CLERK

**AUG 1 1 2015**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

Case No. 15-24999 (VFP)

Judge: Vincent F. Papalia

Chapter 11
(Joint Administration Pending)

**Hearing Date and Time:**
August 11, 2015, at 2:30 p.m.

**INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF CASH
COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2) PROVIDING ADEQUATE
PROTECTION TO THE DEBTORS' PRE-PETITION LENDER PURSUANT TO 11
U.S.C. §§ 361 AND 363, (3) SCHEDULING A FINAL HEARING PURSUANT TO 11
U.S.C. § 363(C)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING OTHER
RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through ten (10), is hereby
**ORDERED**.

August 11, 2015

Vincent F. Papalia, U.S.B.J.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal
identification number are:  Saint Michael's Medical Center, Inc. (6046); Columbus Acquisition Corp. (6342); Saint
James Care, Inc. (6230); and University Heights Property Company, Inc. (0162).

(Page 2)
Debtor:                SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.               15-24999 (VFP)
Caption of Order:      INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF
                       CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2)
                       PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-
                       PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3)
                       SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C.
                       § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING
                       OTHER RELATED RELIEF

THIS MATTER having been opened to the Court by Saint Michael's Medical Center,

Inc., *et al.,* the within Chapter 11 debtors and debtors-in-possession (the "**Debtors**"), by and

through its proposed counsel, Cole Schotz P.C., by way of motion (the "**Motion**")[2]

for the entry of an interim order and a final order: (a) authorizing the Debtors to obtain secured

postpetition financing (the "**DIP Facility**") from Trinity Health Corporation, an Indiana not-for-

profit corporation (the "**DIP Lender**") pursuant to the terms and conditions of that certain

Debtor-in-Possession Term Sheet dated as of August 6, 2015 and attached as Exhibit B to the

Application (as amended, supplemented, restated or otherwise modified from time to time in

accordance therewith, the "**DIP Term Sheet**"), by and among the Debtors, as co-borrowers, and

the DIP Lender, as postpetition lender;  (b) authorizing the Debtors to execute the DIP Term

Sheet and to perform such other acts as may be necessary or desirable in connection therewith;

(c) granting the DIP Lender valid, enforceable, non-avoidable, and fully perfected security

interests in and liens and mortgages (collectively, the "**DIP Liens**") upon the DIP Collateral (as

defined below) in accordance with the terms of the DIP Term Sheet; (d) granting an allowed

superpriority administrative expense claim to the DIP Lender (the "**DIP Superpriority Claim**");

---

[2] Unless expressly stated otherwise, all capitalized terms used but not defined in this Order shall have the same
meanings ascribed to them in the verified application (the "**Application**") submitted in support of the Motion.

(Page 3):
Debtor:                SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.               15-24999 (VFP)
Caption of Order:      INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF
                       CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2)
                       PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-
                       PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3)
                       SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C.
                       § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING
                       OTHER RELATED RELIEF

(e) authorizing the Debtors to grant adequate protection to the BONY (as defined below); (f)

authorizing the Debtors to use Cash Collateral (as defined below) (together with the DIP Facility,

the "**Postpetition Financing Arrangement**"); and (g) scheduling a hearing (the "**Final**

**Hearing**"), pursuant to Rule 4001(c)(2) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**") and Rule 4001-4 of the District of New Jersey Local Bankruptcy Rules

(the "**Local Rules**"), to consider entry of the Final Order, *inter alia*, approving and authorizing

the Postpetition Financing Arrangement (including, without limitation, the advance of the

financing pursuant to the Interim DIP Order) on a final basis pursuant to the DIP Term Sheet;

and the Court having considered the Motion and the evidence submitted or proffered at the

hearing on the Motion; and the entry of this Order is in accordance with Bankruptcy Rules 2002,

4001(b), (c), and (d), and 9014; and due and proper notice of the Motion, the hearing on the

Motion and the proposed use of cash collateral having been given; and it appearing that approval

of the relief requested in the Motion is fair and reasonable and in the best interests of the Debtor,

their creditors and their estates, and is essential for the continued operation of the Debtor's

businesses; and the Court having considered the Debtor's Verified Application in support of the

Motion; and all objections, if any, to the entry of this Order having been withdrawn, resolved or

overruled by the Court; and upon all pleadings filed with this Court, all proceedings held before

(Page 4):
Debtor:              SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.             15-24999 (VFP)
Caption of Order:    INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF
                     CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2)
                     PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-
                     PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3)
                     SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C.
                     § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING
                     OTHER RELATED RELIEF

the Court, and the evidence adduced in connection therewith; and after due deliberation and

consideration, and for good and sufficient cause appearing for the entry of the within Order, it is

hereby found:

**BASED UPON THE RECORD ESTABLISHED AT THE HEARING BY THE DEBTORS, THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.     **Petition Date**. On August 10, 2015 (the "**Petition Date**"), the Debtors filed

voluntary petitions under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy

Court for the District of New Jersey. The Debtors have continued in the management and

operation of their business and property as debtors-in-possession pursuant to Sections 1107 and

1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11

cases (the "**Cases**").

B.     **Jurisdiction and Venue**. This Court has jurisdiction, pursuant to 28 U.S.C.

§§ 157(b) and 1334, over these proceedings, and over the persons and property affected hereby.

Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (M)

and (O). Venue for the Cases and proceedings on the Motion is proper in this district pursuant to

28 U.S.C. §§ 1408 and 1409.

(Page 5)

| | |
|---|---|
| Debtor: | SAINT MICHAEL'S MEDICAL CENTER, INC. |
| Case No. | 15-24999 (VFP) |
| Caption of Order: | INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2) PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3) SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING OTHER RELATED RELIEF |

C.      **Notice**.  Notice of the Motion and the Hearing on the Debtors' use of cash

collateral has been served in accordance with Sections 102(1) and 363 of the Bankruptcy Code

and Bankruptcy Rules 2002, 4001(b) and 4001(c), which notice is appropriate in the particular

circumstances and sufficient for all purposes under the Bankruptcy Code and the applicable

Federal and Local Rules of Bankruptcy Procedure with respect to the relief requested.

D.      **Pre-Petition Secured Debt**.  Bank of New York Mellon ("**BONY**"), as Master

Trustee, is likely to assert a secured claim in the approximate amount of $227.8 million as of the

Petition Date, secured by liens on substantially all the assets of the Debtors.

E.      **Pre-Petition Collateral**.  Subject to making a *prima facie* showing, it appears that

BONY may have properly perfected liens on: (i) the "Collateral," which includes (a) all receipts,

revenues, income and other moneys received by or on behalf of an the Debtors, including,

without limitation, contributions, donations and pledges whether in the form of cash, securities,

deposit accounts, or other personal property, revenues derived from the operation of the Debtors'

facilities, and all rights to receive the same, whether in the form of accounts receivable, contract

rights, chattel paper, instruments or other rights, and the proceeds thereof, and any insurance or

condemnation proceeds thereon, whether now existing or hereafter coming into existence and

whether now owned or held or hereafter acquired by the Debtors (the "**Gross Receipts**");

(Page 6):
Debtor:                SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.               15-24999 (VFP)
Caption of Order:      INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF
                       CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2)
                       PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-
                       PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3)
                       SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C.
                       § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING
                       OTHER RELATED RELIEF

provided, however, that Gross Receipts shall not include (1) gifts, grants, bequests, donations

and contributions heretofore or hereafter made, designated at the time of making thereof by the

donor or maker as being for certain specific purposes, and the income therefrom, to the extent

required by such designation, and (2) rents, profits or revenues of any nature derived exclusively

from property securing non-recourse indebtedness; (b) any and all property of the Debtors,

including, without limitation, all accounts, as-extracted collateral, chattel paper, commercial tort

claims, deposit accounts, documents, farm products, fixtures, general intangibles, goods

(including, without limitation, inventory and equipment), instruments, investment property and

letter of credit rights, whether presently owned or hereafter acquired, together with all Proceeds

(as defined in the UCC) and products thereof; provided, however, that Collateral shall not

include gifts, grants, bequests, donations and contributions heretofore or hereafter made which

are designated at the time of the making thereof by the donor or maker as being for certain

specified dedicated purposes, and the income therefrom, to the extent required by such

designation; (ii) all moneys, securities and investments held in the Revenue Fund, and (iii) all

Proceeds (as defined in the UCC) of any and all of the property described in clauses (i) and (ii)

(collectively, the "**BONY Collateral**").  To further secure the Debtors' obligations under the

Loan Documents, the Debtors granted BONY a mortgage on the Debtors' real property,

(Page 7):
Debtor:                    SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.                   15-24999 (VFP)
Caption of Order:          INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF
                           CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2)
                           PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-
                           PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3)
                           SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C.
                           § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING
                           OTHER RELATED RELIEF

---

buildings, structures, improvements and fixtures located at 111 Central Avenue, Newark, NJ

07102 (the "**Mortgaged Property**," and together with the BONY Collateral, the "**Prepetition**

**Collateral**") and general intangibles related thereto, (b) all rents and moneys payable in respect

of any lease agreements executed by the Debtors with respect thereto, (c) all proceeds of

insurance or condemnation awards with respect thereto and (d) warranties or service contracts

existing with respect thereto.

 F. **Cash Collateral**.  "Cash Collateral" as defined by Section 363(a) of the

Bankruptcy Code includes post-petition proceeds, products, offspring, rents, or profits of

property and the fees, charges, accounts or other payments for the use or occupancy of rooms

and other public facilities in hotels, motels, or other lodging properties subject to a security

interest as provided in Section 552(b) of the Bankruptcy Code and as the term "proceeds" is

described in subject to a security interest as provided in Section 522(b) of the Bankruptcy Code

and as the term "proceeds" is described in UCC Section 9-306.

 G. **Necessity and Best Interest**.  The Debtors do not have sufficient unencumbered

cash or other assets with which to continue to operate their businesses in Chapter 11.  The

Debtors require immediate authority to use Cash Collateral to continue their business operations

without interruption toward the objective of selling the Debtors' assets under Section 363 of the

(Page 8):
Debtor:          SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.         15-24999 (VFP)
Caption of Order:   INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF
CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2)
PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-
PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3)
SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C.
§ 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING
OTHER RELATED RELIEF

---

Bankruptcy Code. The Debtors' use of Cash Collateral to the extent and on the terms and

conditions set forth herein is necessary to avoid immediate and irreparable harm to the estate

pending a final hearing. The amount of Cash Collateral authorized to be used pending a final

hearing or entry of a final Order is not to exceed the amounts reflected in the Debtor's 13-week

summary cash flow Budget, attached as Exhibit C to the Application.

        **H.**     **Purposes**. The Debtors must be authorized to use the Cash Collateral of BONY

to meet their ordinary cash needs for the payment of actual expenses of the Debtors necessary to:

(a) maintain and preserve their assets, and (b) continue operation of their business, as reflected in

the Budget through the date of the final hearing.

        NOW, THEREFORE, on the Motion of the Debtors and on the record before the Court

with respect to the Motion, and good and sufficient cause appearing therefor,

        **IT IS ORDERED that:**

        (a)     Use of Cash Collateral. The Debtor is authorized to use the cash collateral

of BONY in accordance with the Budget up to the aggregate amount of $19,442,114 through and

including September 20, 2015, for the following purposes:

               (i)     maintenance and preservation of their assets; and

(Page 9):

| | |
|---|---|
| Debtor: | SAINT MICHAEL'S MEDICAL CENTER, INC. |
| Case No. | 15-24999 (VFP) |
| Caption of Order: | INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2) PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3) SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING OTHER RELATED RELIEF |

(ii)    the continued operation of their businesses, including but not limited to, payroll and payroll taxes, employee benefits and expenses, utilities, patient care/pharmacy, taxes, insurance costs, trade payables, other ordinary course operating expenses and professional fees.

(b)    Adequate Protection.  Solely to the extent of, and in an aggregate amount equal to, any diminution in value of BONY's respective interests in the Prepetition Collateral, from and after the Petition Date, calculated in accordance with Section 506(a) of the Bankruptcy Code, whether or not resulting from, among other things, the use, sale or lease by the Debtors, depreciation, physical deterioration, or other decline in value, of the Prepetition Collateral, and the imposition or enforcement of the automatic stay of Section 362(a) of the Bankruptcy Code, or otherwise (collectively, "**Diminution in Value**"), BONY shall receive post-petition adequate protection and/or replacement liens (the "**BONY Adequate Protection Liens**") in an amount equal to any Diminution in Value suffered by BONY but only to the extent that the BONY Adequate Protection Liens are granted in the Prepetition Collateral of the same type and nature and to the same extent as held by BONY immediately prior to the Petition Date.  Except as otherwise set forth herein, the DIP Liens (but expressly excluding the DIP Liens on the Parking Lot which shall be first priority liens) shall be subject and subordinate to the BONY Adequate

(Page 10)
Debtor:              SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.             15-24999 (VFP)
Caption of Order:    INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF
                     CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2)
                     PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-
                     PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3)
                     SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C.
                     § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING
                     OTHER RELATED RELIEF

Protection Liens; provided, however, that to extent that any of the BONY Adequate Protection

Liens are granted in any DIP Collateral of a different type or nature or to a different extent than

that of the Prepetition Collateral, then such adequate protection liens shall be junior and

subordinate to the DIP Lender's DIP Liens in such DIP Collateral.  To the extent that the

adequate protection provided for herein fails to protect BONY against any Diminution in Value,

BONY hereby is granted a superpriority administrative expense claim as provided for in Section

507(b) of the Bankruptcy Code.  In the event of any conflict between the terms of this Interim

Order and the Interim Order approving the DIP Facility (the "**Interim DIP Order**"), the terms of

the Interim DIP Order shall control.

(c)     Deemed Perfected.  The BONY Adequate Protection Liens granted herein

are automatically deemed perfected upon entry of this Order without the necessity of BONY

taking possession, filing financing statements, mortgages or other documents.  Although not

required, upon request by BONY, the Debtors shall execute and deliver to BONY any and all

UCC Financing Statements, UCC Continuation Statements, Certificates of Title or other

instruments or documents considered by BONY to be necessary in order to perfect the BONY

Adequate Protection Liens granted by this Order, and BONY is authorized to receive, file and

(Page 11)
Debtor:             SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.            15-24999 (VFP)
Caption of Order:   INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF
                    CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2)
                    PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-
                    PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3)
                    SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C.
                    § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING
                    OTHER RELATED RELIEF

record the foregoing at BONY's own expense, which actions shall not be deemed a violation of

the automatic stay.

(d)     Reservation of Rights.  Nothing herein shall constitute a finding that

BONY has a valid lien on the Cash Collateral or any of the other assets of the Debtors.  The

Debtors reserve all their rights concerning the validity, extent, and priority of any of the alleged

liens of BONY.  In the event BONY's alleged lien or liens on Cash Collateral are determined to

be invalid or not perfected, then the adequate protection provided hereunder to BONY and the

subordination of any of the DIP Liens to the BONY Adequate Protection Liens shall be null and

void and of no force and effect.

(e)     Reporting.  The Debtors shall provide BONY with copies of their monthly

United States Trustee operating reports.  Upon appointment of an official committee of

unsecured creditors ("**Committee**"), if any, the Debtors shall submit a copy of the monthly

operating reports to counsel to the Committee (if counsel has been appointed), and until counsel

is retained, to the Chairman of said Committee.

(f)     Creditor's Rights of Inspection and Audit.  Upon reasonable notice by

BONY, the Debtors shall permit BONY and any of its agents reasonable access to the Debtors'

records, place of business and to collateral during normal business hours to verify the existence,

(Page 12)
Debtor:              SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.             15-24999 (VFP)
Caption of Order:    INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF
                     CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2)
                     PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-
                     PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3)
                     SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C.
                     § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING
                     OTHER RELATED RELIEF

condition and location of collateral in which BONY holds a security interest and to audit the

Debtors' cash receipts and disbursements.

(g)    Interlocutory Order and No Modification of Creditor's Adequate

Protection.  This is an interlocutory order.  Nothing contained herein shall be deemed or

construed to:  (a) limit BONY to the relief granted herein; (b) bar BONY from seeking other and

further relief (including without limitation relief from the terms of this Order) for cause shown

on appropriate notice to the Debtors and other parties-in-interest entitled to notice of same; or (c)

require BONY to make any loans or advances to the Debtors.  The Order may be modified for

cause shown by the Debtors, BONY or any other party-in-interest on due notice.  No such

modification, however, shall deprive BONY of its interest in the property (pre-petition and post-

petition) of the Debtors to the extent valid.

(h)    Default Hearing.  In the event the Debtors default under or violate this

Order, BONY may request a hearing within fourteen (14) days (or if immediate and irreparable

injury, loss or damage may occur, an emergency hearing within forty-eight (48) hours).

## FINAL HEARING

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN that any creditor or

other interested party having any objection to the Debtors' use of BONY's Cash Collateral on a

(Page 13)
Debtor:                    SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.                   15-24999 (VFP)
Caption of Order:          INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF
                           CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2)
                           PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-
                           PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3)
                           SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C.
                           § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING
                           OTHER RELATED RELIEF

final basis shall file with the Clerk of this Court and serve upon counsel for the Debtors, counsel

to BONY, and the Office of the United States Trustee on or before 4:00 p.m. on the 4th day

of September , 2015, a written objection and shall appear to advocate said objection at a

Final Hearing to be held at 2:30 p.m. on the 11th day of September, 2015 in Courtroom

3A of the United States Bankruptcy Court, Martin Luther King, Jr. Federal Building, 50

Walnut Street, Newark, New Jersey. If no objections are filed and advocated at such hearing,

then this Order shall continue in full force and effect and shall be deemed a Final Order without

further notice or hearing in accordance with Fed. R. Bankr. P. 4001(d)(3).

## NOTICE

IT IS FURTHER ORDERED that the Debtors serve a copy of this Order and Notice by

first class mail, within one (1) business day from the date hereof, on: (i) the Office of the United

States Trustee (Attn: Mitchell B. Hausman Esq.), One Newark Center, Suite 2100, Newark, NJ

07102; (ii) the United States Securities and Exchange Commission; (iii) the New Jersey Health

Care Facilities Financing Authority (Attn: Mr. Mark Hopkins, Executive Director), Station Plaza

Building #4, 22 S. Clinton Ave., Trenton, NJ 08609-1212; (iv) counsel to the Bank of New York

Mellon, as indenture trustee, McManimon & Scotland, L.L.C., One Riverfront Plaza – 4th Floor,

Newark, NJ 07102-5408; (v) the Internal Revenue Service, Insolvency Section; (vi) the Internal

(Page 14)
Debtor:                SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.               15-24999 (VFP)
Caption of Order:      INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF
                       CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2)
                       PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-
                       PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3)
                       SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C.
                       § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING
                       OTHER RELATED RELIEF

Revenue Service, Department of Treasury; (vii) the New Jersey Department of Treasury; (viii)

the New Jersey Department of Health (Attn: Mr. William Conroy, Deputy Commissioner), 369

S. Warren St., Trenton, NJ 08608; (ix) the Office of the Attorney General of the State of New

Jersey; (x) the Office of the United States Attorney (Attn: Anthony J. LaBruna, Assistant U.S.

Attorney), 970 Broad Street, Suite 700, Newark, NJ 07102; (xi) counsel to Trinity Health

Corporation, Buchanan Ingersoll & Rooney PC (Attn: William H. Schorling, Esq.), Two Liberty

Place, 50 S. 16th Street, Suite 3200, Philadelphia, PA 19102-2555; (xi) the Debtors' twenty (20)

largest unsecured creditors; and (xii) all other known parties asserting a lien against the Debtors'

assets.  The Debtors shall thereafter file with the Clerk a Certificate of Service of said mailing.