**FILED**
JAMES J. WALDRON, CLERK

**AUG 1 1 2015**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota, Esq.
Gerald H. Gline, Esq.
Ryan T. Jareck, Esq.
(201) 489-3000
(201) 489-1536 Facsimile
*Proposed Attorneys for Saint Michael's*
*Medical Center, Inc., et al., Debtors-in-Possession*

In re:

SAINT MICHAEL'S MEDICAL CENTER,
INC., *et al.*[1]

Debtors-in-Possession.

Case No. 15-24999 (VFP)

Judge: Vincent F. Papalia

Chapter 11
(Joint Administration Pending)

**Hearing Date and Time:**
August 11, 2015, at 2:30 p.m.

**INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C) AND LOCAL BANKRUPTCY RULE 4001-4**

The relief set forth on the following pages, numbered two (2) through fifty (50), is hereby **ORDERED**.

August 11, 2015

Vincent F. Papalia, U.S.B.J.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal identification number are: Saint Michael's Medical Center, Inc. (6046); Columbus Acquisition Corp. (6342); Saint James Care, Inc. (6230); and University Heights Property Company, Inc. (0162).

(Page 2)

Debtors:        SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.       15-24999 (VFP)
Caption of Order:  INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
(I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
§§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
AND LOCAL BANKRUPTCY RULE 4001-4

---

This matter is before the Court on the Motion (the "Motion") of Saint Michael's Medical Center, Inc. ("SMMC"), Columbus Acquisition Corp. ("CAC"), Saint James Care, Inc. ("SJC") and University Heights Property Company, Inc. ("UHPC," together with SMMC, CAC and SJC, collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases"), requesting entry of an interim order (this "Interim Order") and a final order (the "Final Order") pursuant to Sections 105, 362, 364(c)(1), 364(c)(2), 364(c)(3) and 364(e) of the United States Code (as amended, the "Bankruptcy Code") and Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and Rule 4001-4 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of New Jersey (as amended, the "Local Bankruptcy Rules"):

        (1)     authorizing Debtors to obtain post-petition financing from Trinity Health Corporation ("Trinity" or the "DIP Lender"), consisting of (x) a secured revolving credit facility in the principal amount of up to $15,000,000 (the "DIP Facility") to be used to fund cash flow shortfalls, general working capital and liquidity purposes including the payment of professional fees and administrative expenses as described herein and in that certain *DIP Loan Term Sheet*, by and among the DIP Lender, as Lender, and the Debtors, as Borrowers (substantially in the form attached hereto as **Exhibit A**, together with all schedules, exhibits and annexes thereto, and as

2

(Page 3)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 (VFP) |
| Caption of Order: | INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C) AND LOCAL BANKRUPTCY RULE 4001-4 |

any time amended, the "DIP Term Sheet"),[2] of which amount $5,000,000 will be available on an interim basis (the "Interim Amount Limit") during the Interim Period (as defined below), on the terms and conditions set forth in the DIP Loan Documents (as defined below) and this Interim Order.

(2)     authorizing the Debtors to execute and enter into the DIP Term Sheet (together with all documents, certificates, instruments entered into in connection therewith, collectively, the "DIP Loan Documents") and to perform all such other and further acts as may be required in connection with the DIP Loan Documents;

(3)     authorizing the Debtors to use proceeds of the DIP Facility solely as expressly permitted in the DIP Loan Documents and in accordance with this Interim Order;

(4)     granting automatically perfected (i) first priority security interests in and liens on all of the DIP Collateral (as defined below) on which there are no valid, enforceable and properly perfected preexisting liens, and (ii) non-priming security interests in and liens on all of the DIP Collateral upon which there are valid, enforceable and properly perfected preexisting liens, to the DIP Lender to the extent provided herein, and granting superpriority administrative expense status to the DIP Obligations (as defined below);

---

[2] All capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to them in the DIP Term Sheet.

3

(Page 4)

Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.            15-24999 (VFP)
Caption of Order:   INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                    (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                    §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                    SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                    PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                    HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                    AND LOCAL BANKRUPTCY RULE 4001-4

(5)     vacating and modifying the automatic stay pursuant to Section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of this Interim Order and the other DIP Loan Documents;

(6)     subject only to and effective upon entry of the Final Order, waiving the Debtors' ability to surcharge against collateral pursuant to Section 506(c) of the Bankruptcy Code;

(7)     subject only to and effective upon entry of the Final Order, granting liens to the DIP Lender on the proceeds of the Debtors' claims and causes of action arising under chapter 5 of the Bankruptcy Code;

(8)     scheduling a final hearing (the "Final Hearing") to consider entry of the Final Order, and in connection therewith, giving and prescribing the manner of notice of the Final Hearing on the Motion; and

(9)     granting the Debtors such other and further relief as is just and proper.

Based upon the Court's review of the Motion, the exhibits attached thereto, the *Declaration of David Ricci In Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), and all matters brought to the Court's attention at the interim hearing pursuant to Bankruptcy Rules 4001(b)(2) and (c)(2) (the "Interim Hearing"), and after due deliberation and consideration, and good and sufficient cause appearing therefor,

4

(Page 5)

Debtors:               SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.               15-24999 (VFP)
Caption of Order:      INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                       (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                       §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                       SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                       PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                       HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                       AND LOCAL BANKRUPTCY RULE 4001-4

---

### IT IS HEREBY FOUND, DETERMINED, AND ADJUDGED, that:[3]

1.    <u>Disposition</u>.    The Motion is hereby GRANTED, as and to the extent provided herein. Any and all objections to the relief requested in the Motion, to the extent not otherwise withdrawn, waived, or resolved by consent at or before the Interim Hearing, and all reservations of rights included therein, are hereby OVERRULED and DENIED.

2.    <u>Jurisdiction; Core Proceeding</u>.    This Court has jurisdiction over these Chapter 11 Cases, this Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    <u>Service of Motion and Notice of Interim Hearing</u>.    The Debtors have caused to be served copies of the Motion (together with the annexed copies of the proposed DIP Loan Documents and Budget (defined below) annexed thereto), and notice of the Interim Hearing by electronic mail, telecopy transmission, hand delivery, overnight courier or first class United States mail upon the Office of the United States Trustee (the "<u>U.S. Trustee</u>"), each of the Debtors' twenty (20) largest unsecured creditors, the Internal Revenue Service, the United States Securities and Exchange Commission, the Office of the United States Attorney for the District of

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

5

(Page 6)

Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.           15-24999 (VFP)
Caption of Order:  INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                   (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                   §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                   SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                   PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                   HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                   AND LOCAL BANKRUPTCY RULE 4001-4

New Jersey, the New Jersey Health Care Facilities Financing Authority, Bank of New York Mellon, as Master Trustee, all parties who have filed requests prior to the date of service for notices under Rule 2002 of the Bankruptcy Rules, and all parties known by any Debtor to hold or assert a lien on any asset of a Debtor. The foregoing notice of the Motion, as it relates to this Interim Order and the Interim Hearing, is appropriate, due and sufficient under the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, including, without limitation, Sections 102(1) and 364 of the Bankruptcy Code and Bankruptcy Rule 4001(b), (c) and (d), and that no further notice of the relief sought at the Interim Hearing and the relief granted herein is necessary or required.

4.    Petition Date. On August 10, 2015 (the "Petition Date"), each of Debtors filed with the Court its respective voluntary petition for relief under chapter 11 of the Bankruptcy Code, and each is continuing to manage its properties and to operate its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed for any Debtor herein.

5.    Debtors' Stipulations. Without prejudice to the rights of any other party (but subject to the limitations thereon contained in paragraph 24 below), each Debtor admits, stipulates, acknowledges and agrees as follows:

54020/0001-12138229v2
August 11, 2015

(Page 7)

| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
|---|---|
| Case No. | 15-24999 (VFP) |
| Caption of Order: | INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C) AND LOCAL BANKRUPTCY RULE 4001-4 |

a.    <u>Pre-Petition Obligations</u>.  Prior to the Petition Date, Trinity made certain unsecured credit accommodations available to the Debtors (the "<u>Pre-Petition Credit Arrangement</u>") consisting of, *inter alia,* (i) direct payments to third-party vendors and service providers on behalf of goods supplied and services performed for the Debtors for which the Debtors are obligated to reimburse Trinity; (ii) advances of credit on account of certain shared services arrangements among the Debtors, Trinity and certain of their affiliates for which the Debtors are obligated to reimburse Trinity; and (iii) payments of wages and certain employee benefits on behalf of the Debtors for which the Debtors are obligated to reimburse Trinity.

b.    <u>Pre-Petition Obligations</u>.  As of the Petition Date, the Debtors, jointly and severally, were justly and lawfully indebted and liable under the Pre-Petition Credit Arrangement for unsecured credit obligations outstanding principal amount of $135,000,000.00 (the "<u>Pre-Petition Loans</u>," and together with all other obligations of the Debtors in respect of indemnities, guaranties and other payment assurances given by Debtors, collectively referred to herein as the "<u>Pre-Petition Debt</u>").  Each Debtor acknowledges and stipulates that: (i) the Pre-Petition Debt is due and owing to Trinity without any defense, offset, recoupment or counterclaim of any kind; (ii) the Pre-Petition Debt constitutes the legal, valid and binding obligation of each Debtor, enforceable in accordance with its terms; (iii) and none of the Pre-Petition Debt or any payments made to Trinity or applied to the obligations owing under the Pre-

7

54020/0001-12138229v2
August 11, 2015

(Page 8)

Debtors:                SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.                15-24999 (VFP)
Caption of Order:       INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                        (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                        §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                        SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                        PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                        HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                        AND LOCAL BANKRUPTCY RULE 4001-4

Petition Credit Arrangement prior to the Petition Date is subject to avoidance, subordination, re-characterization, recovery, attack, offset, counterclaim, defense or Claim (as defined in the Bankruptcy Code) of any kind pursuant to the Bankruptcy Code or applicable non-bankruptcy law.

        c.    <u>Releases</u>.  Subject to paragraph 24 below, the Debtors hereby absolutely, unconditionally and irrevocably waive, discharge and release Trinity of and from any and all "Claims" (as defined in the Bankruptcy Code), counterclaims, actions, debts, accounts, causes of action (including, without limitation, causes of action in the nature of "lender liability"), defenses or setoff rights that any of them may have against Trinity or any of its present and former predecessors, successors, assigns, affiliates, members, partners, managers, officers, agents, employees, attorneys and affiliates which arise out of or in any manner relate to the Pre-Petition Credit Arrangement or any acts, inaction, or transactions thereunder, whether known or unknown, disputed or undisputed, at law or in equity, including, without limitation, (i) any re-characterization, subordination, avoidance or other claim arising under or pursuant to section 105 or chapter 5 of the Bankruptcy Code or under any other similar provisions of applicable state law, federal law or municipal law; (ii) any right or basis to challenge or object to the amount, validity or enforceability of the applicable Pre-Petition Debt or any payments made on account of the applicable Pre-Petition Debt; and (iii) any claims and causes of action under

8

(Page 9)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 (VFP) |
| Caption of Order: | INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C) AND LOCAL BANKRUPTCY RULE 4001-4 |

sections 502(d), 544, 545, 547, 548, 549, 550 or 553 of the Bankruptcy Code and any other avoidance actions under the Bankruptcy Code and the proceeds thereof and property received thereby whether by judgment, settlement, or otherwise (the "Avoidance Actions").

        d.     Need for Financing. An immediate and ongoing need exists for the Debtors to obtain the DIP Facility in order to permit, among other things, the orderly continuation of the operation of their business, to maintain business relationships with vendors, suppliers and customers, to pay payroll obligations, and to satisfy other working capital and operational needs so as to maximize the value of their respective businesses and assets as debtors in possession under chapter 11 of the Bankruptcy Code. The Debtors do not have sufficient available resources of working capital to operate their businesses in the ordinary course or to pay Administrative Expenses without post-petition financing. The Debtors' ability to maintain business relationships with vendors and customers, to pay employees, and otherwise to fund operations is essential to Debtors' viability and to the preservation of the going concern value of their businesses pending a sale of their assets.

        6.     Findings Regarding the DIP Facility.

        a.     Good Cause. Good cause has been shown for the entry of this Interim Order and authorization for the Debtors to incur the DIP Obligations pursuant to the DIP Term Sheet as hereinafter provided up to the Interim Amount Limit during the Interim Period.

54020/0001-12138229v2
August 11, 2015

(Page 10)

Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.            15-24999 (VFP)
Caption of Order:   INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                    (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                    §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                    SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                    PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                    HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                    AND LOCAL BANKRUPTCY RULE 4001-4

---

Each Debtor's need for financing of the type afforded by the DIP Term Sheet and the use of Cash Collateral is immediate and critical. Entry of this Interim Order will preserve the assets of each Debtor's estate and its value and is in the best interests of Debtors, their creditors and their estates. The terms of the proposed financing are fair and reasonable, reflect each Debtor's exercise of business judgment, and are supported by reasonably equivalent value and fair consideration.

b.    Proposed DIP Facility. The Debtors have requested that the DIP Lender establish the DIP Facility pursuant to which the Debtors may obtain credit accommodations, advances on an as needed basis and loans from time to time (the "DIP Loans," and collectively with all related obligations of the Debtors under the DIP Loan Documents, the "DIP Obligations"), all in accordance with and subject to the terms of the DIP Loan Documents, with all DIP Obligations being secured by a security interest in and lien upon all of each Debtor's pre-petition and post-petition real and personal property, including, without limitation, all of each Debtor's cash, accounts, inventory, healthcare receivables, investment accounts, equipment, fixtures, general intangibles, documents, instruments, chattel paper, deposit accounts, letter-of-credit rights, commercial tort claims, investment property, intellectual property, real property and leasehold interests, contract rights, and books and records relating to any assets of such Debtor and all proceeds (including, without limitation, insurance proceeds) of the

10

(Page 11)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 (VFP) |
| Caption of Order: | INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C) AND LOCAL BANKRUPTCY RULE 4001-4 |

---

foregoing, whether such assets were in existence on the Petition Date or were thereafter created, acquired or arising and wherever located (all such real (including the Parking Lot) and personal property, and the proceeds thereof, being collectively hereinafter referred to as the "DIP Collateral"). Subject to entry of the Final Order, the DIP Collateral shall include Avoidance Actions and the proceeds therefrom. For the avoidance of doubt, the priority of the DIP Lender's security interests in the DIP Collateral shall be subject to any valid, perfected, enforceable and unavoidable liens existing as to such DIP Collateral on the Petition Date, and to any valid, perfected and unavoidable interests in such DIP Collateral arising out of liens arising subsequent to the Petition Date as permitted by section 546(b) of the Bankruptcy Code. The DIP Lender is willing to establish the DIP Facility upon the terms and conditions set forth herein and in the DIP Term Sheet, substantially in the form attached to the Motion as Exhibit B, and the other DIP Loan Documents.

        c.    <u>No Credit Available on More Favorable Terms</u>. Despite diligent efforts, the Debtors have been unable to obtain financing on more favorable terms from sources other than DIP Lender under the DIP Loan Documents and are unable to obtain adequate unsecured credit allowable under Section 503(b)(1) of the Bankruptcy Code as an administrative expense. Debtors are also unable to obtain secured credit allowable under Sections 364(c)(1), 364(c)(2) and 364(c)(3) of the Bankruptcy Code without the Superpriority Claims (as defined in

11

(Page 12)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 (VFP) |
| Caption of Order: | INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C) AND LOCAL BANKRUPTCY RULE 4001-4 |

paragraph 10 below) under the terms and conditions set forth in this Interim Order and in the DIP Loan Documents.

        d.    <u>Budget</u>.  The Debtors have prepared and annexed to the Motion as Exhibit C thereto a budget (as at any time amended or supplemented with the written consent of the DIP Lender, the "<u>Budget</u>"), which sets forth, among other things, the projected cash receipts and disbursements for the periods covered thereby and which the Debtors believe in good faith to be realistic and achievable.  The DIP Lender is relying upon the Budget in entering into the DIP Term Sheet.  The Debtors shall provide the DIP Lender and counsel for any official committee of unsecured creditors appointed in the Chapter 11 Cases (the "<u>Committee</u>") with an updated 13-week Budget every eight (8) weeks, which shall be subject to the approval requirements in the DIP Loan Documents.  Commencing on August 20, 2015 and continuing on each Thursday thereafter, the Debtors shall deliver to the DIP Lender (i) a comparison of actual to budgeted results of operations for the preceding week, and (ii) a report of all income and expense variance on a line-item basis for the preceding week.  All references restricting the use of DIP Loan proceeds to payment of amounts set forth in the Budget shall mean the most recent approved Budget, subject to the Permitted Variance.  Any amendments to the DIP Budget must be consistent with the terms of the DIP Term Sheet and this Interim Order, and served upon counsel for the Committee and the U.S. Trustee.

54020/0001-12138229v2
August 11, 2015

(Page 13)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 (VFP) |
| Caption of Order: | INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C) AND LOCAL BANKRUPTCY RULE 4001-4 |

---

e.    <u>Certain Conditions to DIP Facility</u>.  The DIP Lender's willingness to make DIP Loans pursuant to the DIP Loan Documents is conditioned upon, among other things, (i) the Debtors obtaining Court approval of the DIP Term Sheet and all DIP Obligations of the Debtors and all rights and remedies of the DIP Lender thereunder; (ii) the DIP Lender receiving, as security for the prompt payment of all DIP Obligations, a security interest in and lien upon the DIP Collateral, and (iii) that such security interests and liens have the priorities hereinafter set forth.  Subject to entry of the Final Order, the DIP Collateral shall include Avoidance Actions and proceeds therefrom.

f.    <u>Interim Hearing</u>.  Pursuant to Bankruptcy Rules 4001(b)(2) and (c)(2) and Local Bankruptcy Rule 4001-4, the Court has held the Interim Hearing and hereby authorizes the Debtors to use Cash Collateral and obtain DIP Loans during the period from the date of entry of this Interim Order through the date on which the final hearing on the Motion pursuant to Bankruptcy Rules 4001(b)(2) and (c)(2) scheduled pursuant to paragraph 29 of this Interim Order (the "<u>Final Order</u>") is concluded (the "<u>Interim Period</u>"), for purposes specified in the Budget.

g.    <u>Finding of Good Faith</u>.  Based upon the record presented at the Interim Hearing, the DIP Facility was negotiated in good faith and at arm's-length between the Debtors, on the one hand, and the DIP Lender, on the other hand.  All of the DIP Obligations

54020/0001-12138229v2
August 11, 2015

(Page 14)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 (VFP) |
| Caption of Order: | INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C) AND LOCAL BANKRUPTCY RULE 4001-4 |

including, without limitation, all DIP Loans made pursuant to the DIP Term Sheet and all other liabilities and obligations of any Debtors under this Interim Order owing to the DIP Lender shall be deemed to have been extended by DIP Lender in "good faith," as such term is used in Section 364(e) of the Bankruptcy Code, and in express reliance upon the protections offered by Section 364(e) of the Bankruptcy Code. The DIP Lender shall be entitled to the full protection of Section 364(e) of the Bankruptcy Code in the event that this Interim Order or any provision hereof is vacated, reversed or modified, on appeal or otherwise.

        h.   <u>Immediate Entry</u>. The Debtors have requested immediate entry of this Interim Order pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2) and the Local Rules. Absent granting the interim relief sought by the Motion, each Debtor's estate will be immediately and irreparably harmed pending the Final Hearing. The Debtors' consummation of the DIP Facility in accordance with the terms of this Interim Order and the DIP Loan Documents is in the best interest of each Debtor's estate and is consistent with each Debtor's exercise of its fiduciary duties. Under the circumstances, the notice given by the Debtors of the Motion and the Interim Hearing constitutes due and sufficient notice thereof and complies with Bankruptcy Rules 4001(b) and (c) and the Local Rules. No further notice of the relief sought at the Interim Hearing is necessary or required.

        7.   <u>Authorization of Interim Financing; Use of Proceeds</u>.

<div align="center">14</div>

(Page 15)

Debtors:        SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.       15-24999 (VFP)
Caption of Order:  INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
(I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
§§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
AND LOCAL BANKRUPTCY RULE 4001-4

a.     The Court hereby authorizes and approves the Debtors' execution and delivery of the DIP Term Sheet in substantially the form annexed as Exhibit B to the Motion (with such changes, if any, as were made prior to or as a result of the Interim Hearing or are otherwise authorized to be made as amendments to the DIP Loan Documents in accordance with this Interim Order) and all DIP Loan Documents.

b.     So long as no Event of Default has occurred and subject to the terms and conditions of the DIP Loan Documents, the Debtors are hereby authorized to incur indebtedness and borrow money: (i) upon entry of this Interim Order and subject to its additional terms and conditions, during the Interim Period, DIP Loans not to exceed the Interim Amount Limit of $5,000,000; and (ii) upon entry of the Final Order and subject to its additional terms and conditions, DIP Loans up to an aggregate principal amount outstanding at any time equal to $15,000,000.  The Debtors are further authorized, in each case, as to DIP Loans made under the DIP Facility, together with applicable interest, protective advances, expenses, fees and other charges payable in connection with such DIP Loans, to incur any and all liabilities and obligations under the DIP Loan Documents and to pay all principal, interest, fees, expenses and other obligations provided for under the DIP Loan Documents; provided, however, that during the Interim Period and subject to all of the terms and conditions in the DIP Loan Documents, the Debtors may use DIP Loans to the extent necessary to avoid immediate and irreparable harm to

15

Debtors:           SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.           15-24999 (VFP)
Caption of Order:  INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                   (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                   §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                   SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                   PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                   HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                   AND LOCAL BANKRUPTCY RULE 4001-4

---

the Debtors, which, for purposes hereof, shall mean DIP Loans used (i) to pay (or in the case of

contingent obligations, cash collateralize) amounts owed by any Debtor at any time to the DIP

Lender under the DIP Loan Documents, including, without limitation, costs, fees and expenses at

any time due thereunder, (ii) to make disbursements specified in the Budget and in amounts not

to exceed the Permitted Variance, (iii) to pay other expenses that are required or authorized to be

paid prior to the Final Hearing under the DIP Loan Documents, and (iv) to pay the Carve-Out (as

defined below).

       c.     The DIP Lender shall have no obligation or responsibility to

monitor any Debtor's use of the DIP Loans, and the DIP Lender may rely upon each Debtor's

representations that the amount of DIP Loans requested at any time, and the use thereof, are in

accordance with the requirements of this Interim Order, the DIP Loan Documents, and

Bankruptcy Rule 4001(c)(2).

       d.     No proceeds of any DIP Loan shall be used to (i) make any

payment in settlement or satisfaction of any pre-petition claim or administrative claim, unless

such payment is in compliance with the Budget, permitted under the DIP Loan Documents, and

with respect to a pre-petition claim, separately approved by the Court upon notice to, and no

formal objection having timely filed with the Court from the DIP Lender; (ii) except as expressly

provided or permitted hereunder or in the DIP Loan Documents, to make any distributions not in

16

(Page 17)

Debtors:             SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.             15-24999 (VFP)
Caption of Order:    INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                     (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                     §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                     SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                     PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                     HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                     AND LOCAL BANKRUPTCY RULE 4001-4

---

compliance with the Budget, or as otherwise approved by the DIP Lender; or (iii) to make any

payment otherwise prohibited by this Interim Order.

        8.    <u>Execution, Delivery and Performance of DIP Loan Documents</u>. The DIP

Loan Documents may be executed and delivered on behalf of each Debtor by any officer,

director, or agent of such Debtor, who by signing shall be deemed to represent himself or herself

to be duly authorized and empowered to execute the DIP Loan Documents for and on behalf of

such Debtor. The DIP Lender shall be authorized to rely upon any such person's execution and

delivery of any of the DIP Loan Documents as having been done with all requisite power and

authority so to do, and the execution and delivery of any of the DIP Loan Documents or

amendments thereto by any such person on behalf of such Debtor shall be conclusively presumed

to have been duly authorized by all necessary corporate, limited liability company, or other entity

action (as applicable) of such Debtor. Upon execution and delivery thereof, each of the DIP

Loan Documents shall constitute valid and binding obligations of each Debtor, enforceable

against each Debtor in accordance with their terms for all purposes during these Chapter 11

Cases, and any subsequently converted case of such Debtor under Chapter 7 of the Bankruptcy

Code (each, a "<u>Successor Case</u>"). Subject to paragraph 24 of this Interim Order, no obligation,

payment, transfer or grant of security under the DIP Loan Documents or this Interim Order shall

be stayed, restrained, voidable, avoidable or recoverable under the Bankruptcy Code or under

<div align="center">17</div>

Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.            15-24999 (VFP)
Caption of Order:   INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                    (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                    §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                    SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                    PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                    HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                    AND LOCAL BANKRUPTCY RULE 4001-4

---

any applicable non-bankruptcy law (including, without limitation, under Sections 502(d), 544,

548 or 549 of the Bankruptcy Code or under any applicable state Uniform Fraudulent Transfer

Act, Uniform Fraudulent Conveyance Act or similar statute or common law), or subject to any

defense, reduction, setoff, recoupment or counterclaim.   In furtherance of the provisions of

paragraph 8 of this Interim Order, each Debtor is authorized and directed to (i) do and perform

all acts, (ii) make, execute and deliver all instruments and documents (including, without

limitation, security agreements, pledge agreements, mortgages, deeds of trust, deeds to secure

debt, financing statements, amendments, waivers, consents, other modifications, and intellectual

property filings); and (iii) pay all fees, costs and expenses, in each case as may be necessary or,

in the opinion of the DIP Lender, desirable to give effect to any of the terms and conditions of

the DIP Loan Documents, to validate the perfection of the DIP Liens (as defined below), or as

may otherwise be required or contemplated by the DIP Loan Documents.

      9.    <u>DIP Liens</u>. As security for Debtors' payment and performance of all DIP

Obligations, the DIP Lender shall have and is hereby granted valid, binding, enforceable, non-

avoidable and automatically and properly perfected security interests in and liens upon all of the

DIP Collateral, subject to the provisions in paragraph 9(d) of this Interim DIP

Order (collectively, the "<u>DIP Liens</u>") and in the priorities set forth herein.   Subject to the

provisions of paragraph 24 hereof and the Carve-Out, the DIP Liens shall be:

<div align="center">18</div>

Debtors:              SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.              15-24999 (VFP)
Caption of Order:     INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                      (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                      §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                      SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                      PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                      HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                      AND LOCAL BANKRUPTCY RULE 4001-4

---

a.    <u>Unencumbered Property</u>.  Pursuant to Section 364(c)(2) of the

Bankruptcy Code, valid, binding, continuing, enforceable, fully perfected, first priority senior

liens on, and security interests in, all DIP Collateral that is not otherwise subject to valid,

perfected, enforceable and unavoidable liens on the Petition Date, or to any valid, perfected and

unavoidable interests in such property arising out of liens arising subsequent to the Petition Date

as permitted by section 546(b) of the Bankruptcy Code.

b.    <u>Liens Junior to Certain Other Liens</u>.  Pursuant to Section 364(c)(3)

of the Bankruptcy Code, junior only to valid, binding, perfected and unavoidable interests of any

other parties arising out of liens, if any, on such property existing immediately prior to the

Petition Date, or to any valid, perfected and unavoidable interests in such property arising out of

liens arising subsequent to the Petition Date as permitted by section 546(b) of the Bankruptcy

Code.

c.    <u>Liens Senior to Certain Other Liens</u>.  The DIP Liens shall not be (i)

subject or subordinate to (A) any lien or security interest that is avoided and preserved for the

benefit of any Debtor or its estate under Section 551 of the Bankruptcy Code, (B) any lien or

security interest of any lessor or landlord under agreement or applicable state law, (C) any liens

or security interests granted by any Debtor to other persons or entities or otherwise arising after

the Petition Date, including, without limitation, any liens or security interests granted in favor of

19

(Page 20)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 (VFP) |
| Caption of Order: | INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C) AND LOCAL BANKRUPTCY RULE 4001-4 |

any federal, state, municipal or other governmental unit, commission, board or court for any liability of the Debtors, unless applicable law provides otherwise, or (D) any intercompany or affiliate liens or security interests of Debtors; (ii) subordinated to or made *pari passu* with any other lien or security interest under Section 363 or 364 of the Bankruptcy Code or otherwise; or (iii) subject to Sections 510, 549 or 550 of the Bankruptcy Code.  In no event shall any person or entity who pays (or, through the extension of credit to any Debtor, causes to be paid) any of the DIP Obligations be subrogated, in whole or in part, to any rights, remedies, claims, privileges, liens or security interests granted to or in favor of, or conferred upon, the DIP Lender by the terms of any DIP Loan Documents or this Interim Order unless such person or entity contemporaneously causes the Full Payment of the DIP Obligations.[4]

> d.      Subordinate to Adequate Protection Liens in favor of Trustee.  In addition to the subordination provided in subparagraph (b) above, the DIP Liens (but expressly excluding the DIP Liens on the Parking Lot which shall be first priority liens) shall be subject and subordinate to any post-petition adequate protection and/or replacement liens (the "**Trustee's Adequate Protection Liens**"), which may be granted to The Bank of New York

---

[4]      As used herein, the term "Full Payment," as applied to the DIP Obligations shall mean full and final payment of such indebtedness in cash, the cash collateralization of any contingent obligations, termination of any commitments to lend under the DIP Loan Documents, expiration of the Challenge Deadline (as defined below) without a challenge having been timely asserted and, in the case of the DIP Obligations, termination of the DIP Facility.

20

Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.            15-24999 (VFP)
Caption of Order:   INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                    (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                    §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                    SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                    PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                    HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                    AND LOCAL BANKRUPTCY RULE 4001-4

Mellon Trust Company (the "**Trustee**"), as Master Trustee with respect to those certain New

Jersey Health Care Facilities Financing Authority State Contract Bonds Series 2008A Bonds

issued on July 31, 2008 in an amount equal to any Collateral Diminution (as defined below)

suffered by the Trustee but only to the extent that the Trustee's Adequate Protection Liens are

granted in collateral of the same type and nature and to the same extent as held by the Trustee

immediately prior to the Petition Date (the "**Trustee's Pre-Petition Collateral**").  To the extent

that any of the Trustee's Adequate Protection Liens are granted in any DIP Collateral of a

different type or nature or to a different extent than that of the Trustee's Pre-Petition Collateral,

then such adequate protection liens shall be junior and subordinate to the Lender's liens in such

DIP Collateral.  "Collateral Diminution" shall mean an amount equal to (and limited to) the

aggregate diminution in value of any of the Trustee's Pre-Petition Collateral (including Cash

Collateral as such term is defined in Section 363(a) of the Bankruptcy Code) from and after the

Petition Date for any reason provided for in the Bankruptcy Code, including, without limitation,

any such diminution resulting from the use of Cash Collateral, the depreciation, sale, loss or use

by any Debtor (or any other decline in value) of such pre-petition collateral.  In the event that

any of the liens or security interests asserted by the Trustee, including liens or interests asserted

by the Trustee on Cash Collateral, are held to be invalid, unenforceable, unperfected or

| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
|---|---|
| Case No. | 15-24999 (VFP) |
| Caption of Order: | INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C) AND LOCAL BANKRUPTCY RULE 4001-4 |

avoidable, then the subordination of the DIP Liens provided for herein shall be void and of no effect.

10.    Superpriority Claims.  All DIP Obligations shall constitute joint and several allowed superpriority claims (the "Superiority Claims") against each Debtor (without the need to file any proof of claim) pursuant to Section 364(c)(1) of the Bankruptcy Code having priority in right of payment over all other obligations, liabilities and indebtedness of each Debtor, whether now in existence or hereafter incurred by any Debtor, and over any and all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code, and over any and all administrative expenses or other claims arising under Sections 105, 326, 328, 330, 331, 503(a), 503(b), 506(c) (subject to entry of the Final Order approving the grant), 507, 546(c), 552(b) 726, 1113 or 1114 of the Bankruptcy Code.  Such Superpriority Claims shall for purposes of Section 1129(a)(9)(A) of the Bankruptcy Code be considered administrative expenses allowed under Section 503(b) of the Bankruptcy Code and shall be payable from and have recourse to all pre-petition and post-petition property of Debtors and all proceeds thereof, including, without limitation, subject to entry of the Final Order, all Avoidance Actions and proceeds received or recovered in respect of any Avoidance Actions; *provided,*

22

| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
|---|---|
| Case No. | 15-24999 (VFP) |
| Caption of Order: | INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C) AND LOCAL BANKRUPTCY RULE 4001-4 |

*however*, that the Superpriority Claims in favor of the DIP Lender shall in all respects be subject to the Carve-Out (as defined below).

11.    Repayment. The DIP Obligations shall be due and payable, and shall be paid, as and when provided in the DIP Loan Documents and as provided herein, without offset or counterclaim. Without limiting the generality of the foregoing, in no event shall any Debtor be authorized to offset or recoup any amounts owed, or allegedly owed, by the DIP Lender to any Debtor against any of the DIP Obligations without the prior written consent of the DIP Lender and no such consent shall be implied from any action, inaction or acquiescence by the DIP Lender.

12.    Payments Free and Clear. Any and all payments or proceeds remitted to the DIP Lender pursuant to the provisions of this Interim Order or any subsequent order of this Court, shall be received free and clear of any claim, charge, assessment or other liability, including, without limitation, any such claim or charge arising out of or based on, directly or indirectly, Section 506(c) (subject to entry of the Final Order approving the grant) or the "equities of the case" exception of 552(b) of the Bankruptcy Code (subject to entry of the Final Order).

54020/0001-12138229v2
August 11, 2015

(Page 24)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 (VFP) |
| Caption of Order: | INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C) AND LOCAL BANKRUPTCY RULE 4001-4 |

13.    Fees and Expenses of Estate Professionals. Subject to the terms of the DIP Term Sheet and the Budget, for so long as no Event of Default has occurred and is continuing, each Debtor is authorized to use the DIP Loans to pay such compensation and expense reimbursement (collectively, "Professional Fees") of professional persons (including attorneys, financial advisors, accountants, investment bankers, appraisers, and consultants) retained by any Debtor with Court approval or as an ordinary course professional (the "Debtors Professionals") or the Committee with Court approval (the "Committee Professionals," collectively with the Debtors Professionals, the "Professionals"), to the extent that such compensation and expense reimbursement is allowed and approved by the Court, other than with respect to ordinary course professionals of the Debtors (including through any interim compensation procedures approved by the Court); provided, however, that notwithstanding anything herein or in any other order of this Court to the contrary, no proceeds of any DIP Loans or any DIP Collateral shall be used to pay Professional Fees incurred for any Prohibited Purpose (as defined below).

14.    Section 506(c) Claims. Effective upon entry of the Final Order, no costs or expenses of administration shall be imposed upon the DIP Lender or any of the DIP Collateral pursuant to Section 506(c) of the Bankruptcy Code or otherwise without the prior written consent

24

(Page 25)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 (VFP) |
| Caption of Order: | INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C) AND LOCAL BANKRUPTCY RULE 4001-4 |

of the DIP Lender, and no such consent shall be implied from any action, inaction or acquiescence by the DIP Lender.

15.    <u>Carve-Out</u>. Notwithstanding anything in this Interim Order, any DIP Loan Documents, or any other Order of this Court to the contrary, prior to the Full Payment of the DIP Obligations, the DIP Liens and Superpriority Claims in favor of the DIP Lender shall be subject and subordinate in all respects to the payment of the following Carve-Out. As used in this Interim Order, "<u>Carve-Out</u>" means the sum of (i) all fees required to be paid pursuant to 28 U.S.C. § 1930(a)(6) and any fees payable to the Clerk of the Bankruptcy Court that are incurred prior to the Termination Date, with respect to the U.S. Trustee, in such amounts as agreed to by the U.S. Trustee or determined by order of the Court (for the avoidance of doubt, there is no limitation on the obligations of the Debtors and their estates with respect to unpaid fees payable to the U.S. Trustee and Clerk of the Bankruptcy Court pursuant to 28 U.S.C. § 1930), (ii) unpaid fees and expenses of the Debtors Professionals (a) incurred (x) prior to the occurrence of an Event of Default, in an amount not to exceed the amount set forth for such fees in the Budget, or (y) after the occurrence of an Event of Default, an amount equal to any accrued but unpaid fees of the Debtors' Professionals as of the date of the Event of Default in an amount not to exceed the amount set forth for such fees in the Budget through the date of such Event of Default <u>plus</u> an additional amount not to exceed $250,000 (the "<u>Post-Default Fee Cap</u>"), (b) subsequently

25

(Page 26)

Debtors:               SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.               15-24999 (VFP)
Caption of Order:      INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                       (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                       §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                       SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                       PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                       HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                       AND LOCAL BANKRUPTCY RULE 4001-4

---

allowed by the Bankruptcy Court under Sections 328, 330, 331 or 363 of the Bankruptcy Code,

and (c) not otherwise payable from retainers or any professional expense escrow account

established by the Debtors; (iii) unpaid fees and expenses of the Committee Professionals (a) in

an amount not to exceed the amount set forth for such fees in the Budget through the date of an

Event of Default, and (b) subsequently allowed by the Court under Sections 328, 330, 331 or 363

of the Bankruptcy Code; and (iv) unpaid fees and expenses of any healthcare ombudsman

appointed by the Bankruptcy Court allowed by an order of Court in an not to exceed the amount

set forth for such fees in the Budget; provided, however, any amounts not used in a prior week

by a Professional or the healthcare ombudsman may be applied to increase the budgeted fees for

subsequent weeks and the actual fees incurred in a prior week by a Professional or the healthcare

ombudsman that exceed the budgeted amount for that week may be applied against the budgeted

amounts in subsequent weeks.  The Carve-Out for the Debtors Professionals will be reduced

dollar for dollar (x) by all payments made on account of professional fees so that the amount

paid to professionals on account of fees incurred through the date of an Event of Default will

never exceed the Budget through the date of such Event of Default, and (y) by all payments

made after an Event of Default so that the amount paid to professionals after an Event of Default

will never exceed the Post-Default Fee Cap.  The Carve-Out for all other Professionals will be

reduced dollar for dollar by all payments made on account of professional fees so that the

26

(Page 27)

Debtors:           SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.           15-24999 (VFP)
Caption of Order:  INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                   (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                   §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                   SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                   PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                   HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                   AND LOCAL BANKRUPTCY RULE 4001-4

amount paid to professionals on account of fees incurred through the date of an Event of Default
will never exceed the Budget through the date of such Event of Default.

16.    <u>Excluded Professional Fees</u>.  Notwithstanding anything to the contrary in
this Interim Order, neither the Carve-Out, nor the proceeds of the DIP Facility in any respect,
including without limitation any DIP Loans or DIP Collateral, shall be used to pay any
Professional Fees or any other fees or expenses incurred by any Professional in connection with
any of the following (each a "<u>Prohibited Purpose</u>"): (a) objecting to or contesting the validity or
enforceability of this Interim Order, any DIP Obligations or Pre- Petition Debt, *provided* that the
Committee may spend up to $15,000 (the "<u>Investigation Budget</u>") for the fees and expenses
incurred in connection with the investigation of, but not the litigation, objection or any challenge
to, the Pre-Petition Debt or the Pre-Petition Credit Arrangement; (b) asserting or prosecuting any
claim or cause of action against the DIP Lender, other than to enforce the terms of the DIP
Facility or this Interim Order; (c) seeking to modify any of the rights granted under this Interim
Order to the DIP Lender or any Pre-Petition Credit Party; or (d) objecting to, contesting,
delaying, preventing or interfering in any way with the exercise of rights and remedies by the
DIP Lender with respect to any DIP Collateral after the occurrence and during the continuance of
an Event of Default, provided that Debtors may contest or dispute whether an Event of Default
has occurred and shall be entitled to any notice provisions provided in this Interim Order.

27

fort>5


(Page 28)

Debtors: SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No. 15-24999 (VFP)
Caption of Order: INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C) AND LOCAL BANKRUPTCY RULE 4001-4

17.   Preservation of Rights Granted Under This Interim Order.

a.   Protection from Subsequent Financing Order.  Except as set forth in the DIP Term Sheet, there shall not be entered in any of these Chapter 11 Cases or in any Successor Case any order that authorizes the obtaining of credit or the incurrence of indebtedness by any Debtor (or any trustee or examiner) that is (i) secured by a security interest, mortgage or collateral interest or lien on all or any part of the DIP Collateral that is equal or senior to the DIP Liens or (ii) entitled to priority administrative status that is equal or senior to the Superpriority Claims granted to DIP Lender herein; *provided, however,* that nothing herein shall prevent the entry of an order that specifically provides for, as a condition to the granting of the benefits of clauses (i) or (ii) above, the Full Payment of the DIP Obligations, in the manner required by the DIP Term Sheet, from the proceeds of such credit or indebtedness, and the termination of any funding commitments under the DIP Facility.

b.   Rights Upon Dismissal, Conversion or Consolidation.  If any of the Chapter 11 Cases are dismissed, converted or substantively consolidated with another case, then neither the entry of this Interim Order nor the dismissal, conversion or substantive consolidation of any of the Chapter 11 Cases shall affect the rights or remedies of the DIP Lender under the DIP Loan Documents or the rights or remedies of the DIP Lender under this Interim Order, and all of the respective rights and remedies hereunder and thereunder of the DIP Lender shall

28

(Page 29)

Debtors:          SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.          15-24999 (VFP)
Caption of Order: INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                  (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                  §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                  SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                  PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                  HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                  AND LOCAL BANKRUPTCY RULE 4001-4

remain in full force and effect as if such Chapter 11 Case had not been dismissed, converted, or substantively consolidated. Unless and until the payment in full all DIP Obligations has occurred, it shall constitute an Event of Default if any Debtor seeks, or if there is entered, any order dismissing any of the Chapter 11 Cases without the consent of the DIP Lender. If an order dismissing any of the Chapter 11 Cases is at any time entered, such order shall provide (in accordance with Sections 105 and 349 of the Bankruptcy Code) that (i) the Superpriority Claims and the DIP Liens shall continue in full force and effect and shall maintain their priorities as provided in this Interim Order until payment in full of all DIP Obligations, (ii) such Superpriority Claims and DIP Liens shall, notwithstanding such dismissal, remain binding on all parties in interest, (iii) the other rights granted by this Interim Order shall not be affected, including the rights granted by paragraph 24 of this Interim Order, and (iv) this Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing the claims, liens and security interests referred to in this paragraph and otherwise in this Interim Order.

c.    Survival of Interim Order. The provisions of this Interim Order, and any actions taken pursuant hereto, shall survive the entry of and shall govern with respect to any conflict with any order that may be entered confirming any plan of reorganization or liquidation in any of the Chapter 11 Cases or any Successor Case.

29

54020/0001-12138229v2
August 11, 2015

(Page 30)

Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.            15-24999 (VFP)
Caption of Order:   INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                    (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                    §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                    SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                    PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                    HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                    AND LOCAL BANKRUPTCY RULE 4001-4

---

d.   <u>No Discharge</u>.  None of the DIP Obligations shall be discharged by the entry of any order confirming a plan of reorganization or liquidation in any of these Chapter 11 Cases and, pursuant to Section 1141(d)(4) of the Bankruptcy Code, each Debtor has waived such discharge.

e.   <u>No Marshaling</u>.  Subject to entry of a Final Order, in no event shall the DIP Lender be subject to the equitable doctrine of "marshaling" or any similar doctrine with respect to any DIP Collateral, and in no event shall any DIP Liens be subject to any pre-petition or post-petition lien or security interest that is avoided and preserved for the benefit of any Debtor's estate pursuant to Section 551 of the Bankruptcy Code.

f.   <u>No Requirement to File Claim for DIP Obligations or Pre-Petition Debt</u>.  Notwithstanding anything to the contrary contained in any prior or subsequent order of the Court, including, without limitation, any bar order establishing a deadline for the filing of proofs of claims entitled to administrative expense treatment under Section 503(b) of the Bankruptcy Code, the DIP Lender shall not be required to file any proof of claim with respect to any of the DIP Obligations or the Pre-Petition Debt, all of which shall be due and payable in accordance with the DIP Loan Documents or the Pre-Petition Credit Arrangement, as applicable, without the necessity of filing any such proof of claim; and the failure to file any such proof of claim shall not affect the validity or enforceability of any of the DIP Loan Documents or Pre-Petition Credit

30

54020/0001-12138229v2
August 11, 2015

(Page 31)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 (VFP) |
| Caption of Order: | INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C) AND LOCAL BANKRUPTCY RULE 4001-4 |

Arrangement, or prejudice or otherwise adversely affect any rights, remedies, powers or

privileges of the DIP Lender under any of the DIP Loan Documents, the Pre-Petition Credit

Arrangement or under this Interim Order.

18.    <u>Automatic Perfection of Liens</u>.  The DIP Liens shall be deemed valid,

binding, enforceable and duly perfected upon entry of this Interim Order.  The DIP Lender shall

not be required to file any UCC-1 financing statements, mortgages, deeds of trust, security deeds,

notices of lien or any similar document or take any other action (including taking possession of

any of the DIP Collateral) in order to validate the perfection of any DIP Liens but all of such

filings and other actions are hereby authorized by the Court.  The DIP Lender shall be deemed to

have "control" over all deposit accounts for all purposes of perfection under the Uniform

Commercial Code.  If the DIP Lender shall, in its discretion, choose to file or record any such

mortgages, deeds of trust, security deeds, notices of lien, or UCC-1 financing statements, or take

any other action to evidence the perfection of any part of the DIP Liens, each Debtor and its

respective officers are directed to execute any documents or instruments as the DIP Lender shall

request, and all such documents and instruments shall be deemed to have been filed or recorded

at the time and on the date of entry of this Interim Order.  The DIP Lender may, in its discretion,

file a certified copy of this Interim Order in any filing office in any jurisdiction in which any

Debtor is organized or has or maintains any DIP Collateral or an office, and each filing office is

31

Debtors:              SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.              15-24999 (VFP)
Caption of Order:     INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                      (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                      §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                      SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                      PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                      HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                      AND LOCAL BANKRUPTCY RULE 4001-4

directed to accept such certified copy of this Interim Order for filing and recording. Any

provision of any lease, license, contract or other agreement that requires the consent or approval

of one or more counterparties or requires the payment of any fees or obligations to any

governmental entity, in order for a Debtor to pledge, grant, sell, assign or otherwise transfer any

such interest or the proceeds thereof is hereby found to be (and shall be deemed to be)

inconsistent with the provisions of the Bankruptcy Code and shall have no force and effect with

respect to the transactions granting the DIP Lender a security interest in and lien on such interest,

or the proceeds of any assignment and/or sale thereof by any Debtor, accordance with the terms

of the applicable DIP Loan Documents and this Interim Order.

19.    Reimbursement of Expenses. All reasonable costs and expenses incurred

by the DIP Lender in connection with (a) the negotiation and drafting of any DIP Loan

Documents or any amendments thereto, (b) the preservation, perfection, protection and

enforcement of the DIP Lender's rights hereunder or under any DIP Loan Documents, (c) the

collection of any DIP Obligations, or (d) the monitoring of these Chapter 11 Cases, including,

without limitation, all filing and recording fees and reasonable fees and expenses of attorneys,

accountants, consultants, financial advisors, appraisers and other professionals incurred by the

DIP Lender in connection with any of the foregoing, whether any of the foregoing were incurred

prior to or after the Petition Date, shall form a part of the DIP Obligations owing to such DIP

32

(Page 33)

Debtors:          SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.          15-24999 (VFP)
Caption of Order: INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                  (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                  §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                  SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                  PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                  HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                  AND LOCAL BANKRUPTCY RULE 4001-4

---

Lender.   The DIP Lender shall provide its professionals' invoices, which are subject to reimbursement pursuant to this paragraph to the Debtors and copy the U.S. Trustee and counsel for the Committee. The invoices may be redacted to preserve confidential information and the DIP Lender's privileges including the attorney/client privilege and the attorney work product privilege.

      20.    <u>Amendments to DIP Loan Documents</u>.   The Debtors and DIP Lender are hereby authorized to implement, in accordance with the terms of the applicable DIP Loan Documents and without further order of the Court, any amendments to and modifications of any of such DIP Loan Documents on the following conditions: (a) the amendment or modification is in writing, signed by each Debtor and the DIP Lender, (b) the amendment or modification must not constitute a material change to the terms of such DIP Loan Documents, (c) copies of the amendment or modification must be served upon counsel for the Committee (and, prior to the appointment of a Committee, upon each Debtor's twenty (20) largest unsecured creditors), the U.S. Trustee, and other interested parties specifically requesting such notice, and (d) notice of the amendment must be filed with the Court.   Any amendment or modification that constitutes a material change, to be effective, must be approved by the Court.   For purposes hereof, a "material change" shall mean a change to a DIP Loan Document that operates to shorten the DIP Facility or the maturity of the DIP Obligations, to increase the aggregate amount of the

33

Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.            15-24999 (VFP)
Caption of Order:   INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                    (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                    §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                    SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                    PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                    HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                    AND LOCAL BANKRUPTCY RULE 4001-4

commitments of the DIP Lender under the DIP Facility, to increase the rate of interest other than

as currently provided in or contemplated by the DIP Loan Documents, to add specific Events of

Default, or to enlarge the nature and extent of remedies available to the DIP Lender following

the occurrence of an Event of Default. Without limiting the generality of the foregoing, any

amendment of a DIP Loan Document to postpone or extend any date or deadline therein

(including, without limitation, the expiration of the term of the DIP Facility) shall not constitute

a "material change" and may be effectuated by the Debtors and the DIP Lender without the need

for further approval of the Court.

      21.    <u>Events of Default; Remedies.</u>

      a.    <u>Events of Default</u>. As used herein, the term "Event of Default"

means the occurrence of any of the following:

    i.    The occurrence of any "Event of Default" in the DIP Loan Documents.

    ii.    Any report, certificate or other document delivered to the DIP Lender pursuant to the DIP Term Sheet, the Interim Order or the Final Order shall have been incorrect in any material respect when so made or deemed made;

    iii.    The failure of the Debtors to comply in all material respects with any covenant, agreement or terms and conditions of the Interim Order, the Final Order or the DIP Term Sheet;

    iv.    Any Debtor is enjoined, restrained or in any way prevented by the order of any court or any governmental authority from

34

(Page 35)

Debtors:                SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.                15-24999 (VFP)
Caption of Order:       INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                        (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                        §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                        SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                        PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                        HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                        AND LOCAL BANKRUPTCY RULE 4001-4

---

conducting all or any material part of its business for more than three (3) consecutive days;

v.   Any Debtor fails to have all certificates, accreditations and licenses reasonably necessary to conduct its business;

vi.   Any debtor fails to maintain all current material payor contracts and all agreements with health insurers, health maintenance organizations, preferred provider organizations, managed care organizations or other entity that is licensed by a state for the provision or arrangement of health insurance, health benefits or health care services;

vii.   The loss by any Debtor of the right to receive Medicare or Medicaid reimbursement, any material adverse effect upon such reimbursements or any material change in coverage for services or material change in payment rates;

viii.   Any investigations, survey, review, audit or change of law, rule or regulation which could reasonably be expected to have a material adverse effect upon any Debtor's Medicare or Medicaid reimbursement;

ix.   The surcharge, recoupment or setoff of accounts receivable of any Debtor (or the Debtors collectively) exceeding $750,000 on a cumulative post-petition basis;

x.   Any material damage to, or loss, theft or destruction of, any DIP Collateral, whether or not insured, or any strike, lockout, labor dispute, embargo, condemnation, act of God or public enemy, or other casualty (whether or not insured) which causes, for more than three (3) consecutive days, the cessation or substantial curtailment of revenue producing activities at any facility of any Debtor, if any such event or circumstance could reasonably be expected to have a Material Adverse Effect;

35

(Page 36)

Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.            15-24999 (VFP)
Caption of Order:   INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                    (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                    §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                    SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                    PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                    HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                    AND LOCAL BANKRUPTCY RULE 4001-4

xi.     (i) the Bankruptcy Court shall enter an order reversing, amending, supplementing, staying, vacating or otherwise amending, supplementing or modifying the Interim Order or the Final Order, (ii) the Interim Order or Final Order, as applicable, shall cease to create valid and perfected liens on the DIP Collateral in favor of the DIP Lender, or (iii) any provision of the Interim Order or the Final Order shall cease to be valid and binding and in full force and effect, all without the express written consent of the DIP Lender;

xii.    The conversion of any of the Chapter 11 Cases to a case under Chapter 7 of the Bankruptcy Code;

xiii.   The appointment of a trustee for any Debtor;

xiv.    The dismissal of any of the Chapter 11 Cases; provided that the DIP Lender has not consented in writing to such dismissal;

xv.     The entry of any order which provides relief from the automatic stay otherwise imposed pursuant to Bankruptcy Code § 362 that permits any creditor to (i) realize upon, or to exercise any right or remedy with respect to, any material portion of the DIP Collateral, or (ii) to terminate any permit, license or similar agreement, where in either case the exercise of such right or remedy or such realization or termination would be reasonably likely to have a Material Adverse Effect;

xvi.    Subject to the allowance and payment of any amounts due under the Carve-Out, the filing of any application by any Debtor without the express written consent of the Lender for the approval of a super-priority claim in the Chapter 11 Cases which is *pari passu* with or senior to the priority of the claims of the DIP Lender, or there shall arise or be granted and/or allowed any such *pari passu* or senior super-priority claim under the Bankruptcy Code;

xvii.   The discharge by any Debtor of any prepetition indebtedness without the written consent of the Lender except as authorized

36

(Page 37)

Debtors:                SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.                15-24999 (VFP)
Caption of Order:       INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                        (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                        §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                        SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                        PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                        HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                        AND LOCAL BANKRUPTCY RULE 4001-4

---

by the Bankruptcy Court in those certain orders issued by the Bankruptcy Court in connection with the "first day hearings" (collectively, the "First Day Orders") provided that such First Day Orders are in form and substance acceptable to Lender;

xviii.    The filing of any motion by any Debtor seeking the entry of any order in the bankruptcy cases: (a) permitting working capital or other financing (other than (i) purchase money security financing and equipment leases not to exceed $250,000 in the aggregate on a cumulative post-petition basis, (ii) ordinary course trade debt, or (iii) unsecured debt) for the Debtors from any person other than the Lender (unless the proceeds of such financing are to be used to pay in full in cash all obligations arising under this Term Sheet, the Interim Order and the Final Order); (b) granting a lien on, or security interest in, any of the Collateral (other than a purchase money security interest not to exceed $250,000 in the aggregate on a cumulative post-petition basis), other than with respect to this Term Sheet (unless such liens are granted in connection with a financing, the proceeds of which are to be applied to the payment in full in cash of all obligations arising under this Term Sheet, the Interim Order and the Final Order, and other than liens granted as adequate protection for preexisting liens and security interests on the Debtors' assets, which adequate protection liens are junior in priority to the DIP Liens); (c) except as permitted by this Term Sheet, the Interim Order or the Final Order, (i) permitting the use, sale or lease of any of the Collateral pursuant to Bankruptcy Code § 363(c) outside of the ordinary course of business without the prior written consent of the Lender, or (ii) seeking an order in the bankruptcy cases charging any of the Collateral under section 506(c) of the Bankruptcy Code against the Lender; or (d) dismissing the Bankruptcy Cases, unless the Lender has sought or consented in writing to such relief;

xix.     The filing of a motion or other pleading by any Debtor seeking the entry of an order confirming a plan of reorganization (and/or approving a disclosure statement related thereto) that does not require payment in full in cash of all obligations owing under the

37

(Page 38)

Debtors:                SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.                15-24999 (VFP)
Caption of Order:       INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                        (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                        §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                        SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                        PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                        HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                        AND LOCAL BANKRUPTCY RULE 4001-4

---

DIP Facility, this Interim Order of the Final Order on the consummation date of such plan of reorganization, and as to which Lender has not consented in writing;

xx.     The filing of any pleading by any Debtor challenging the validity, priority, perfection or enforceability of the DIP Term Sheet, the Interim Order or the Final Order or the obligations hereunder, or any lien granted pursuant to the DIP Term Sheet, the Interim Order or the Final Order is determined to be null and void, invalid or unenforceable by the Bankruptcy Court or another court of competent jurisdiction in any action commenced or asserted by any other party in interest in the bankruptcy cases;

xxi.    If a sale of substantially all of the assets of the Debtor is not consummated on or before December 31, 2015.

b.      <u>Default Remedies</u>.  Upon the occurrence of any Event of Default, which is not subsequently cured or waived and from and after the fifth business day after the DIP Lender's delivery of written notice to counsel for the Debtors, the Committee, if appointed and The United States Trustee (the "<u>Enforcement Date</u>") of DIP Lender's intention to exercise its default-related rights and remedies (an "<u>Enforcement Notice</u>"), (x) the commitment shall terminate, except for the obligation to fund the Post-Default Fee Cap, (y) the automatic stay pursuant to § 362 of the Code will be further modified so as to permit the DIP Lender, without further application or motion to, or order from, the Bankruptcy Court, to foreclose or otherwise enforce its security interests in or liens on any or all of the DIP Collateral and/or to exercise any other default-related rights and remedies under the DIP Loan Documents or applicable law, and

38

Debtors:                SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.                15-24999 (VFP)
Caption of Order:       INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                        (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                        §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                        SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                        PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                        HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                        AND LOCAL BANKRUPTCY RULE 4001-4

---

(z) neither §105 of the Code nor any other provision of the Bankruptcy Code or applicable law shall be utilized to prohibit the DIP Lender from exercising or enforcing such default-related rights and remedies, regardless of any change in circumstances (whether or not foreseeable). If any of the Debtors, the Committee or any other person or entity challenges the occurrence of any Event of Default, any such objector's remedies shall be and hereby are limited to requesting a hearing before this Bankruptcy Court at any time on or prior to the Enforcement Date (i) solely for the purpose of obtaining a judicial determination that no uncured Event of Default has occurred, and (ii) based on any such judicial determination, seeking to enjoin the DIP Lender from exercising any default-related rights and remedies. In any such hearing, the sole issue before the Court shall be whether an Event of Default has occurred and has not been timely cured, and the Debtors, the Committee and any other party that is permitted to intervene or be heard at such hearing shall be precluded from raising or litigating any other issue, defense, claim or counterclaim (including, without limitation, any defense or claim based on adequate protection).

c.    If the DIP Lender is entitled, and has elected in accordance with the provisions hereof, to enforce its liens or security interests or exercise any other default-related remedies, the Debtors shall cooperate with the DIP Lender in connection with such enforcement action by, among other things, (i) providing access to any Debtor's premises to

54020/0001-12138229v2
August 11, 2015

(Page 40)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 (VFP) |
| Caption of Order: | INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C) AND LOCAL BANKRUPTCY RULE 4001-4 |

representatives of the DIP Lender (including any collateral liquidator or consultant retained by the DIP Lender), (ii) providing the DIP Lender and its representatives access to the Debtors' books and records and any information or documents requested by the DIP Lender or its representatives, (iii) performing all other obligations set forth in the DIP Loan Documents, and (iv) taking reasonable steps to safeguard and protect the DIP Collateral until the DIP Lender can make adequate provision to protect and safeguard the DIP Collateral, and Debtors and the Committee shall not otherwise interfere or actively encourage others to interfere with the DIP Lender's enforcement of its rights. In addition, at any time after the DIP Lender is entitled to relief from the automatic stay, and has elected in accordance with the provisions hereof, to enforce its liens or security interests or exercise any other default-related remedies, the Debtors shall, at the written request of the DIP Lender, use commercially reasonable efforts to sell or otherwise dispose of any or all of the DIP Collateral on terms and conditions acceptable to DIP Lender, and in connection therewith to file the appropriate Section 363 motions and obtain approval of the Court for each such sale or other disposition, and shall turn over the proceeds of such sale(s) or other disposition(s) to the DIP Lender for application to outstanding obligations owed under the DIP Facility. Nothing contained herein shall limit the DIP Lender's rights to request the Bankruptcy Court to grant such remedies it deems appropriate including but not limited to the appointment of a trustee or examiner in these Chapter 11 Cases. In addition, upon

40

(Page 41)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 (VFP) |
| Caption of Order: | INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C) AND LOCAL BANKRUPTCY RULE 4001-4 |

the occurrence of an Event of Default, the Debtors' exclusivity pursuant to § 1121 of the Code shall terminate as to the DIP Lender, who shall thereafter share exclusivity with the Debtors.

        d.    <u>Rights Cumulative</u>.  The rights, remedies, powers and privileges conferred upon the DIP Lender pursuant to this Interim Order shall be in addition to and cumulative with those contained in the applicable DIP Loan Documents or under applicable law.

        22.   <u>Loan Administration</u>.

        a.    <u>Continuation of Pre-Petition Procedures</u>.  To the extent that the Bankruptcy Court enters an Order authorizing the Debtors' continued use of their cash management system, all pre-petition cash management practices and procedures of the Debtors, including any lockbox and/or blocked depository bank account arrangements, shall continue without interruption after the commencement of the Chapter 11 Cases and shall be deemed effective for the benefit of the DIP Lender in a manner consistent with the DIP Loan Documents.

        b.    <u>Inspection Rights</u>.  Representatives of the DIP Lender shall be authorized, with prior notice to Debtors, to visit the business premises of any Debtor and its subsidiaries to (i) inspect any DIP Collateral, (ii) inspect and make copies of any books and records of any Debtor, and (iii) verify or obtain supporting details concerning the financial information to be provided by any Debtor hereunder or under any of the DIP Loan Documents, and the Debtors shall facilitate the exercise of such inspection rights.

54020/0001-12138229v2
August 11, 2015

Debtors:                    SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.                  15-24999 (VFP)
Caption of Order:    INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
(I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
§§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
AND LOCAL BANKRUPTCY RULE 4001-4

---

c.    <u>DIP Lender's Right to Retain Professionals</u>.  The DIP Lender shall be authorized to retain attorneys (including local counsel in the United States), appraisers, consultants, auditors, field examiners and financial advisors, at Debtors' expense, which attorneys, appraisers, consultants, auditors, field examiners and financial advisors shall be afforded reasonable access to the DIP Collateral and each Debtor's business premises and records, during normal business hours, for purposes of monitoring the businesses of Debtors, verifying each Debtor's compliance with the terms of the DIP Loan Documents and this Interim Order, and analyzing or appraising all or any part of the Collateral.  All such amounts payable to or incurred under this clause (c) shall be payable in accordance with paragraph 19 above.

23.    Modification of Automatic Stay.  The automatic stay provisions of Section 362 of the Bankruptcy Code are hereby modified and lifted to the extent necessary to implement the provisions of this Interim Order and the DIP Loan Documents, to file or record any UCC-1 financing statements, mortgages, deeds of trust, security deeds and other instruments and documents evidencing or validating the perfection of the DIP Liens and to enforce the DIP Liens (subject to paragraph 21 of this Interim Order) as and to the extent authorized by this Interim Order.

24.    Effect of Stipulations on Third Parties; Deadline for Challenges.

42

(Page 43)

Debtors:                SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.                15-24999 (VFP)
Caption of Order:       INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                        (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                        §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                        SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                        PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                        HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                        AND LOCAL BANKRUPTCY RULE 4001-4

---

a.      Each Debtor's admissions, stipulations, agreements and releases contained in this Interim Order, including, without limitation, those contained in paragraph 5 of this Interim Order, shall be binding upon such Debtor and any successor thereto (including, without limitation any Chapter 7 trustee or Chapter 11 trustee or examiner appointed or elected for such Debtor) under all circumstances and for all purposes.

b.      Each Debtor's admissions, stipulations, agreements and releases contained in this Interim Order, including, without limitation, those contained in paragraph 5 of this Interim Order, shall be binding upon all other parties in interest (including, without limitation, any Committee) under all circumstances and for all purposes unless (i) the Committee or another party in interest (subject in all respects to any agreement or applicable law that may limit or affect such entity's right or ability to do so) having requisite standing has timely and properly filed an adversary proceeding or contested matter by no later than the Challenge Deadline (A) objecting to or challenging the amount, validity, perfection, enforceability priority or extent of the Pre-Petition Debt, or (B) otherwise asserting any defenses, claims, causes of action, counterclaims or offsets against Trinity or its respective agents, affiliates, subsidiaries, directors, officers, representatives, attorneys or advisors, and (ii) the Court rules in favor of the plaintiff in any such timely and properly filed adversary proceeding or contested matter. As used herein, the term "Challenge Deadline" means the date that is the later of (i) in the case of a party

43

Debtors:          SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.          15-24999 (VFP)
Caption of Order: INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                  (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                  §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                  SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                  PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                  HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                  AND LOCAL BANKRUPTCY RULE 4001-4

---

in interest with requisite standing other than the Committee, including a trustee appointed under

chapter 7 or chapter 11 of the Bankruptcy Code, 75 days from entry of this Interim Order, (ii) in

the case of any Committee, 60 days after the filing of notice of appointment of a Committee (and

subject to the Investigation Budget), (iii) any such later date agreed to in writing by the DIP

Lender, in its sole discretion, and (iv) any such later date ordered by the Bankruptcy Court for

the cause shown after notice and an opportunity to be heard, provided that such order is entered

before the expiration of any applicable period as set forth in clauses (i) through (iii) of this

sentence.  For the avoidance of doubt, if the Challenge Deadline has not expired before the date

of conversion of the Debtors' bankruptcy cases to ones under chapter 7 of the Bankruptcy Code,

the remaining period prior to expiration of the Challenge Deadline shall be available to any

Chapter 7 trustee appointed or elected in a Successor Case.

        c.      If no such adversary proceeding or contested matter is timely and

properly filed as of the applicable Challenge Deadline against Trinity or the Court does not rule

in favor of the plaintiff in any such proceeding, then in these Chapter 11 Cases and in any

Successor Case, each Debtor's admissions, stipulations, agreements and releases contained in

this Interim Order, including, without limitation, those contained in Paragraph 5 of this Interim

Order, shall be binding on all parties in interest.  If any such adversary proceeding or contested

matter is properly filed by the applicable Challenge Deadline, each Debtor's admissions,

54020/0001-12138229v2
August 11, 2015

(Page 45)

Debtors:           SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.           15-24999 (VFP)
Caption of Order:  INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                   (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                   §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                   SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                   PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                   HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                   AND LOCAL BANKRUPTCY RULE 4001-4

stipulations, agreements and releases contained in this Interim Order, including, without limitation, those contained in Paragraph 5 of this Interim Order, shall nonetheless remain binding and preclusive on such party, except to the extent that such admissions, stipulations, agreements and releases were expressly challenged in such adversary proceeding or contested matter and the party bringing such challenge prevails on the merits. Nothing contained in this Interim Order shall vest or confer any person or entity, including any Committee, standing or authority to pursue or commence any such adversary proceeding or contested matter.

25.    <u>Debtors' Waivers</u>. At all times during the Chapter 11 Cases, and whether or not an Event of Default has occurred, the Debtors irrevocably waive any right that they may have to seek authority (i) until the Full Payment of the DIP Obligations, to obtain post-petition loans or other financial accommodations pursuant to Section 364(c) or (d) of the Bankruptcy Code, other than from the DIP Lender on the terms and conditions set forth herein (unless the proceeds of such financing are to be used to pay in full in cash the DIP Obligations); and (ii) to propose or support a plan of reorganization or liquidation that does not provide for the indefeasible payment in full and satisfaction of all DIP Obligations.

26.    <u>Service of Interim Order</u>. Promptly after the entry of this Interim Order, Debtors shall mail, by first class mail, a copy of this Interim Order, the Motion (and all exhibits attached to the Motion), and a notice of the Final Hearing to (without duplication), counsel for

45

54020/0001-12138229v2
August 11, 2015

Debtors:                SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.                15-24999 (VFP)
Caption of Order:       INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                        (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                        §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                        SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                        PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                        HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                        AND LOCAL BANKRUPTCY RULE 4001-4

the DIP Lender, the U.S. Trustee, counsel for the Committee (or, if the Committee has not been

formed and selected counsel as of the entry of this Interim Order, then the twenty (20) largest

unsecured creditors of each Debtor), the Internal Revenue Service, all parties who have filed

requests for notices under Rule 2002 of the Bankruptcy Rules prior to the time of such service,

all parties known by a Debtor to hold or assert a lien on any assets of a Debtor, the New Jersey

Health Care Facilities Financing Authority, and Bank of New York Mellon, as Master Trustee,

and shall file a certificate of service regarding same with the Clerk of the Court. Such service

shall constitute good and sufficient notice of the Final Hearing and the relief sought by the

Debtors pursuant to the proposed Final Order.

27.    No Deemed Control. In determining to make any DIP Loan under the DIP

Facility, or in exercising any rights or remedies as and when permitted pursuant to this Interim

Order, any Final Order or the DIP Loan Documents, the DIP Lender shall not be deemed to be in

control of any Debtor or its operations or to be acting as a "responsible person," "managing

agent" or "owner or operator" (as such terms are defined in the United States Comprehensive

Environmental Response, Compensation and Liability Act, 29 U.S.C. §§ 9601, *et seq.*, as

amended, or any similar state or federal statute) with respect to the operation or management of

such Debtor.

46

(Page 47)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 (VFP) |
| Caption of Order: | INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C) AND LOCAL BANKRUPTCY RULE 4001-4 |

28.    Exculpation.  Nothing in this Interim Order, the DIP Loan Documents, or any other document related to the DIP Facility shall in any way be construed or interpreted to impose upon the DIP Lender any liability for any claims arising from the pre-petition or post-petition activities of any Debtor in the operation of its business or in connection with its restructuring efforts.   So long as the DIP Lender complies with its obligations under the applicable DIP Loan Documents and its obligations, if any, under this Interim Order and applicable law (i) the DIP Lender shall not, in any way or manner, be liable or responsible for (A) the safekeeping of the Collateral, (B) any loss or damage thereto occurring or arising in any manner or fashion from any cause, (C) any diminution in the value thereof, or (D) any act or default of any carrier, servicer, bailee, custodian, forwarding agency or other person or entity; and (ii) all risk of loss, damage or destruction of the DIP Collateral shall be borne by the Debtors.

29.    Binding Effect; Successors and Assigns.  The provisions of the DIP Loan Documents and this Interim Order, including all findings herein (subject to paragraph 24 of this Interim Order) shall be binding upon all parties in interest in these Chapter 11 Cases, including, without limitation, the DIP Lender and Debtors and their respective successors and assigns (including any Chapter 11 trustee hereafter appointed for the estate of any Debtor, any Chapter 7 trustee appointed or elected in a Successor Case, any examiner appointed pursuant to Section

47

(Page 48)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 (VFP) |
| Caption of Order: | INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C) AND LOCAL BANKRUPTCY RULE 4001-4 |

1104 of the Bankruptcy Code, or any other fiduciary appointed as a legal representative of any

Debtor or with respect to the property of the estate of any Debtor), and shall inure to the benefit

of the DIP Lender and its respective successors and assigns. In no event shall the DIP Lender

have any obligation to make DIP Loans to, or permit the use of the DIP Collateral (including

Cash Collateral) by, any Chapter 7 trustee, Chapter 11 trustee or similar responsible person

appointed or elected for the estate of any Debtor.

30.    <u>Final Hearing</u>.  The Final Hearing to consider entry of the Final Order

shall be held at __2__ : __30__ *p*.m., prevailing Eastern time on September 11, 2015, at Courtroom

__3A__, United States Bankruptcy Court, Martin Luther King, Jr. Federal Building, 50 Walnut

Street, Newark, New Jersey 07102.  The Final Hearing may be adjourned or postponed without

further notice except as may be announced in open Court or posted on the Court's docket.  If any

or all of the provisions of this Interim Order are modified, vacated or stayed as the result of any

Objection (as defined below) timely filed and asserted at the Final Hearing, then, without

limiting the provisions of paragraph 24 hereof, any DIP Obligations incurred prior to the

effective date of such modification, vacation or stay shall be governed in all respects by the

original provisions of this Interim Order, and the DIP Lender shall be entitled to the protections

afforded under Section 364(e) of the Bankruptcy Code and to all the rights, remedies, privileges,

54020/0001-12138229v2
August 11, 2015

(Page 49)

Debtors:                SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.                15-24999 (VFP)
Caption of Order:       INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO
                        (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C.
                        §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                        SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                        PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL
                        HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C)
                        AND LOCAL BANKRUPTCY RULE 4001-4

---

and benefits, including, without limitation, the DIP Liens and Superiority Claims granted herein

and pursuant to the DIP Loan Documents with respect to all such DIP Obligations.

    31.    <u>Objection Deadline</u>.  If any party in interest shall have an objection to any

of the provisions of this Interim Order, any provisions of the DIP Loan Documents, or any

provisions of the proposed Final Order (collectively, an "<u>Objection</u>"), such party may assert such

Objection at the Final Hearing, if a written statement setting forth the basis for such Objection is

filed with the Court and concurrently served so as to be received on or before ___4_:00 p.m.,

prevailing Eastern time on September 4, 2015, by the following: (a) the Office of the United

States Trustee; (b) counsel for the Debtors, Michael D. Sirota, Cole Schotz P.C., 25 Main Street,

Hackensack, New Jersey 07601, msirota@coleschotz.com; and (c) counsel for the DIP Lender,

William H. Schorling, Buchanan Ingersoll & Rooney, PC, Two Liberty Place, 50 S. 16th Street,

Suite 3200, Philadelphia, PA 19102, william.schorling@bipc.com.  If an objecting party shall

fail to appear at the Final Hearing and assert the basis for such Objection before the Court, such

Objection may be deemed to have been waived and abandoned by such objecting party.

    32.    <u>Effectiveness; Enforceability</u>.  This Interim Order shall constitute findings

of fact and conclusions of law and shall take effect and be fully enforceable *nunc pro tunc* to the

Petition Date immediately upon entry hereof.  Notwithstanding Bankruptcy Rules 4001(a)(3),

6006(d), 7062, or 9014 of the Bankruptcy Rules or any other Bankruptcy Rule, or Rule 62(a) of

49

を除去

(Page 50)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 (VFP) |
| Caption of Order: | INTERIM ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C) AND LOCAL BANKRUPTCY RULE 4001-4 |

the Federal Rules of Civil Procedure, this Interim Order shall be valid, take full effect, and be enforceable immediately upon entry hereof; there shall be no stay of execution or effectiveness of this Interim Order; and any stay of the effectiveness of this Interim Order that might otherwise apply is hereby waived for cause shown.  In the event of any conflict between the terms of this Interim Order and any of the DIP Loan Documents, the terms of this Interim Order shall control.

33.    <u>Retention of Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction to enforce the provisions of this Interim Order, and this retention of jurisdiction shall survive the confirmation and consummation of any Chapter 11 plan for any Debtor notwithstanding the terms or provisions of any such Chapter 11 plan or any order confirming any such Chapter 11 plan.

54020/0001-12138229v2
August 11, 2015

# Exhibit A

**Summary of Terms and Conditions**
**For DIP Credit Facility**
**August 7, 2015**

| | |
|---|---|
| <u>Debtors/Borrowers:</u> | Saint Michael's Medical Center, Inc.; Columbus Acquisition Corp.; Saint James Care, Inc.; and University Heights Property Company, Inc. (collectively, the "**Debtors**"). |
| <u>Lender:</u> | Trinity Health Corporation ("**Lender**"). |
| <u>Revolving Loan Facility</u>: | Debtor-In-Possession Revolving Credit Facility (the "**DIP Loan**") up to $15,000,000.00 (the "**Commitment**"). |
| <u>Initial Availability</u>: | Upon entry of an interim financing order (the "**Interim Order**") by the Court under Bankruptcy Code § 364(c) (in form and substance agreeable to the Lender), $5,000,000.00 of the Commitment shall be made available by the Lender to the Debtors pursuant to the Budget (as defined below) (the "**Initial Commitment Date**") and this Term Sheet. |
| <u>Final Availability</u>: | Upon entry of a final financing order (the "**Final Order**") by the Court under Bankruptcy Code§ 364(c) (in form and substance agreeable to the Lender), the balance of the Commitment shall be made available by the Lender to the Debtors pursuant to the Budget (the "**Final Commitment Date**") and this Term Sheet. |
| <u>Closing Date</u>: | Closing of the DIP Loan with respect to the Initial Commitment Date shall occur as soon as practicable after the entry of the Interim Order, but no later than two (2) business days after entry of such order (the "**Final Closing Date**"). |
| <u>Amortization:</u> | All DIP Loan Principal will be due on the Due Date (as defined below). |
| <u>Interest Rate:</u> | 6% per annum ("**Interest**"). Interest will be calculated on actual days earned over 360 day calendar basis. If the DIP Loan is not fully repaid at the Due Date or upon an Event of Default (as defined below), the interest rate becomes 8% per annum ("**Default Interest**"). Interest shall accrue and become payable on the Due Date. |
| <u>Use of Proceeds:</u> | Proceeds of the DIP Loan shall be utilized as follows: (i) general working capital and operational expenses; (ii) administration of the bankruptcy case (in each case of (i) and (ii), in accordance with a weekly cash flow budget prepared by the Debtors in form and substance acceptable to the Lender on a line by line basis |

(the "**Budget**"); and (iii) costs, expenses, closing payments, and all other payment amounts contemplated herein.

The DIP Loan shall be subject to the Budget in all respects and shall be in the form of advances on an as needed basis for (i) payments made by the Lender to vendors and third-party service providers of the Debtors on account of services rendered or goods provided to the Debtors pursuant to which the Lender is entitled to reimbursement from the Debtors; and/or (ii) advances of credit by the Lender to the Debtors on account of services rendered or goods provided to the Debtors under its certain shared services arrangements among the Lender and the Debtors pursuant to which the Lender is entitled to reimbursement from the Debtors; and/or (iii) loans to pay Bankruptcy Professionals (as defined below).

Neither the proceeds of the DIP Loan nor the Carve-Out (as defined below) shall be utilized (i) to attack the validity, priority or enforceability of any of the liens or security interests of the Lender, (ii) to research, review, analyze or investigate with respect to or in connection with any litigation, claim, objection or cause of action of any kind or nature whatsoever against the Lender (whether or not arising from or related to pre-petition or post-petition liens, security interests, acts, omissions or other conduct); provided, however, that any official committee of unsecured creditors may use up to $15,000.00 in proceeds of the DIP Loan or Carve-Out to investigate but not pursue any potential claim against the Lender, or (iii) to file, prosecute or otherwise pursue any litigation, claim, objection or cause of action of any kind or nature whatsoever against the Lender (whether or not arising from or related to post-petition liens, security interests, acts. omissions or other conduct).

**Term**:    The term of the DIP Facility shall commence on the Final Closing Date and shall end on the Due Date (as defined below).

Any and all then outstanding principal amount of the DIP Loan (the "**DIP Loan Principal**") plus any unpaid accrued Interest or Default Interest (as the case may be) plus any Costs and Expenses (as defined below) and other amounts due under the DIP Loan, this Term Sheet, the Interim Order and the Final Order (each, a "**DIP Loan Obligation**" and collectively, the "**DIP Loan Obligations**") shall become due and payable in full in cash upon the earlier of the following (the "**Due Date**"): (i) April 1, 2016; (ii) the substantial consummation (as defined in Bankruptcy Code § 1101) of a confirmed plan of reorganization; (iii) conversion of any of the bankruptcy cases to a case under Chapter 7 of the Bankruptcy Code; (iv) appointment of a trustee for any of the Debtors; (v) dismissal of any of the bankruptcy cases; (vi) forty-five (45) days after the entry of the Interim Order if the Final Order has not been entered prior to the

2

expiration of such forty-five (45) day period; (vii) the date on which the Court enters a final order approving a post-petition financing between the Debtors and another lender(s) or investor(s) (as the case may be) (other than the Lender); (viii) consummation of a sale of substantially all of the Debtors' assets under Bankruptcy Code § 363; and (ix) five (5) business days after the Lender notifies the Debtors and their counsel in writing of an Event of Default which is not subsequently cured or waived by the end of such notice period. The Lender may extend the Due Date in its sole discretion.

**Collateral:**

The DIP Loan shall be secured by: (i) a first priority mortgage lien on certain real property surrounded by James Street, Boyden Street, Orange Street and M.L. King Blvd., with the following lot and block information: lots 1, 2, 10, 11, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 in block 2857 and lots 10, 12, 14, 15, 16, 23, 43 and 50 in block 2858 (the "**Parking Lot**"); and (ii) a perfected lien on any and all current and future assets of the Debtors of any nature or type whatsoever, including, without limitation, real estate, cash, accounts, accounts receivable, goods, instruments, deposit accounts, investment accounts, investment property (including, without limitation, ownership interests in corporations, partnerships and limited liability companies), inventory, general intangibles, payment intangibles, healthcare receivables, vehicles, customer lists, trademarks, copyrights, brands, know-how and other intellectual property, minerals, mineral rights, plant and equipment, patents, trade secrets, tax assets, real property and/or leasehold rights, personal property, any causes of action under the Bankruptcy Code or applicable non-bankruptcy law, including causes of action and recoveries pursuant to Chapter 5 of the Bankruptcy Code, all other tangible and intangible assets, and any and all proceeds of the foregoing (collectively, the "**Operating Assets**" and together with the Parking Lot, the "**Collateral**").

The lien priority of the DIP Loan shall be as follows: (x) as to the Parking Lot, a first priority perfected lien and security interest in favor of the Lender; (y) as to the Operating Assets that are not subject to a valid, enforceable and properly perfected preexisting lien and security interest, the Lender shall have a first priority perfected security interest and lien in such Operating Assets; and (y) as to the Operating Assets that are subject to a valid, enforceable and duly perfected preexisting lien and security interest, a second priority perfected security interest and lien junior only to the pre-petition liens and security interests in such Operating Assets (including post-petition replacement and/or adequate protection liens granted to Bank of New York Mellon (the "**Trustee**") as Master Trustee with respect to those certain New Jersey Health Care Facilities Financing Authority State Contract Bonds Series 2008A Bonds issued on July 31,

3

2008 on account of the diminution in value of its pre-petition first priority collateral but only to the extent that such adequate protection liens attach to the same collateral as held by the Trustee pre-petition).

**Priority:**

The DIP Loan shall be authorized and approved by the Court pursuant to Bankruptcy Code § 364(c)(1) to be incurred as, and shall constitute, claims with a priority over all administrative expenses of the kind specified in Bankruptcy Code §§ 503(b) or 507(b) (the "**DIP Superpriority Claim**"), subject and subordinate only to the Carve-Out. The security interests and liens in the Collateral securing the DIP Loan shall also be authorized and approved by the Court pursuant to Bankruptcy Code §§ 364(c)(2) and (3), to constitute a lien on and in the Collateral ranking prior to all other claims and liens of the Debtors, except for and subject to (x) valid, enforceable and duly perfected preexisting liens and security interests on the Operating Assets, and (y) the Carve-Out (as defined below) (the "**DIP Liens**"). The DIP Liens shall not be subject to challenge and shall attach and become valid, enforceable and perfected without the requirement of any further action by the Lender.

**Carve-Out:**

Except as otherwise provided below and above, the administrative expense claims (including the DIP Superpriority Claim), adequate protection liens and/or claims and the DIP Liens hereunder shall in all cases be subject and subordinate only to the Carve-Out. "**Carve-Out**" means any (i) unpaid fees of the Clerk of the Court and the U.S. Trustee pursuant to 28 U.S.C.§ 1930; (ii) unpaid fees and expenses of the professionals of the Debtors or other estate professional retained by an order of the Court pursuant to Section 327, 328 or 363 of the Bankruptcy Code (the "**Bankruptcy Professionals**") (a) incurred (x) prior to the occurrence of an Event of Default, in an amount not to exceed the amount set forth for such fees in the Budget, or (y) after the occurrence of an Event of Default, an amount equal to any accrued but unpaid fees of the Professionals as of the date of the Event of Default in an amount not to exceed the amount set forth for such fees in the Budget through the date of such Event of Default *plus* an additional amount not to exceed $250,000.00 (the "**Post-Default Fee Cap**"), (b) subsequently allowed by the Court under Sections 328, 330, 331 or 363 of the Bankruptcy Code, and (c) not otherwise payable from retainers or any professional expense escrow account established by the Debtors; (iii) unpaid fees and expenses of any official committee of unsecured creditors or committee professional retained by an order of the Court pursuant to Section 327, 328, 363 or 1103(a) of the Bankruptcy Code (the "**Committee Professionals**", together with the Debtor Professionals, the "**Professionals**") (a) in an amount not to exceed the amount set forth for such fees in the Budget through the date of an Event of Default, and (b) subsequently allowed by the Court under Sections 328, 330, 331

4

or 363 of the Bankruptcy Code; and the (iv) unpaid fees and expenses of any healthcare ombudsman appointed by the Court allowed by an order of Court in an amount not to exceed the amount set forth for such fees in the Budget; provided, however, any amounts not used in a prior week by a Professional or the healthcare ombudsman may be applied to increase the budgeted fees for subsequent weeks and the actual fees incurred in a prior week by a Professional or the healthcare ombudsman that exceed the budgeted amount for that week may be applied against the budgeted amounts in subsequent weeks. The Carve-Out for the Bankruptcy Professionals will be reduced dollar for dollar (x) by all payments made on account of professional fees so that the amount paid to professionals on account of fees incurred through the date of an Event of Default will never exceed the Budget through the date of such Event of Default and (y) by all payments made after an Event of Default so that the amount paid to professionals after an Event of Default will never exceed the Post-Default Fee Cap. The Carve-Out for all other Professionals will be reduced dollar for dollar by all the payments made on account of professional fees so that the amount paid to such other professionals on account of fees incurred through the date of an Event of Default will never exceed the Budget through the date of such Event of Default.

**506(c) Waiver**:

The Debtors (and any successors thereto or any representatives thereof, including any trustees or professionals appointed in the bankruptcy cases or any successor cases) agree not to assert any rights, benefits or causes of action under Section 506(c) of the Bankruptcy Code as they may relate to or be asserted against the Lender, the DIP Liens, or the Collateral, subject only to and effective upon entry of the Final Order.

**Cost and Expenses**:

The Lender shall be entitled to add to the balance due under the DIP Loan, all reasonable costs incurred in connection with the DIP Loan, and the DIP Loan Obligations, including, without limitation, reasonable legal fees, advisor fees, consultant fees, costs and expenses, collateral valuations, appraisals, surveys, field examinations, third party diligence, lien searches, filing fees, and all other out-of-pocket costs and expenses in any way related to the DIP Loan and/or the DIP Loan Obligations and the enforcement and collection thereof (collectively, the "**Costs and Expenses**"). In the event that the DIP Loan is not consummated, the Lender shall have the right to seek reimbursement of all reasonable Costs and Expenses incurred with respect thereto as an administrative expense of the Debtors' estates pursuant to Bankruptcy Code § 503(b), and the Debtors hereby acknowledge and agree that such amount shall constitute an administrative expense of the Debtors' estates. The DIP Lender shall provide its professionals' invoices, which are subject to reimbursement pursuant to this paragraph to the Debtors and copy the U.S. Trustee and counsel for the Committee. The invoices may be

redacted to preserve confidential information and the DIP Lender's privileges including the attorney/client privilege and the attorney work product privilege.

**Representations and Warranties:**

The Debtors makes usual and customary representations and warranties for transactions of this nature at the closing and at the time of each extension of credit, including, without limitation, good standing of the Debtors; no consent or approval is required other than the Interim Order and the Final Order; due authorization, execution and delivery of this Term Sheet or any other documents associated with the DIP Loan; no violation of any material agreements entered into or assumed after the commencement of the bankruptcy cases; no violation of law as a result of the execution of the documents associated with the DIP Loan; no liens on the assets of the Debtors except for valid, perfected and non-avoidable liens and security interests in existence as of the commencement of the bankruptcy cases and certain other liens permitted by the Lender; compliance with applicable laws and regulations; no material change in business; no unstayed litigation that is reasonably likely to have a Material Adverse Effect (as defined below) on the Debtors; no information furnished by the Debtors to the Lender or the Court contains any material misstatement of fact or omits to state a material fact necessary to make the statements therein not materially misleading; taxes paid to the extent required by law and all material tax returns filed.

"Material Adverse Effect" shall mean: a material adverse effect on (a) the condition (financial or otherwise), results of operations, assets, business or properties or prospects of the Debtors taken as a whole, (b) the Debtors' ability, taken as a whole, to duly and punctually pay or perform in its post-petition obligations, (c) the value of the Collateral, (d) Lender's liens on the Collateral or the priority of any such Lien, or (e) the practical realization of the benefits of Lender's rights and remedies under this Term Sheet, the Interim Order or the Final Order.

**Covenants:**

The Debtors shall comply with all of the following covenants:

1.     The Debtors shall promptly provide the Lender with updates of any material developments in connection with the Debtors' reorganization efforts under the bankruptcy cases, whether in connection with an asset sale, plan of reorganization or otherwise;

2.     The Debtors shall provide Lender with an initial 90-day Budget on or before the Final Closing Date. Thereafter, on or before Thursday of each week for each subsequent week, the Debtors shall deliver a weekly budget to actual variance analysis (in form and substance acceptable to the Lender) of the Debtors'

cash flow (receipts and disbursements) to the Budget. After the 6th week of the initial and subsequent Budgets, the Debtors will provide a new 13-week Budget for approval by the Lender. The Debtors will also provide weekly census/admissions data and monthly financial reporting;

3.      The Debtors shall not pay any expenses which are not contained in the Budget without the approval of the Lender. The Debtors shall operate their business in accordance with the Budget. The Debtors' compliance with this covenant shall be measured on aggregate disbursements on a rolling five (5) week cumulative basis. Commencing from and after the completion of the fifth week for which the DIP Loan is available to the Debtors, the Debtors shall submit to the Lender on a weekly basis a variance report comparing actual expenditures to the Budget for the immediately preceding five (5) week period. The Debtors' actual expenditures for each five (5) week period shall not exceed the Budget plus a permitted variance of up to 15% in the aggregate for such period (the "**Permitted Variance**") (provided that the Permitted Variance shall not apply to amounts budgeted for fees of Professionals). Expenses not paid in prior weeks may be carried over in subsequent weeks in the Budget. During the initial five (5) week period prior to commencement of compliance testing as set forth above, the Debtor shall not make any disbursements which exceed the amounts set forth in the accounts payable line-item on the Budget (subject to a permitted variance up to 15% in the aggregate for each week plus any unspent amounts from prior weeks may be carried over in subsequent weeks accounts-payable budget).

4.      Notwithstanding the deemed perfection of the Lender's liens and security interests in the Collateral, the Debtors shall (i) execute and deliver to the Lender any and all instruments, mortgages or other documents deemed necessary or desirable by the Lender to further evidence or perfect the Lender's liens and security interests in the Collateral (ii) stipulate and agree in the Interim Order and Final Order to modify the automatic stay to permit the Lender to file and/or record any such documents delivered by the Lender hereunder.

5.      Without the prior written consent of the Lender, the Debtors shall not seek or consent to occur any of the following:

        a.      Any modification, stay, vacation or amendment to the Interim Order or the Final Order to which the Lender has not consented in writing;

        b.      A priority claim or administrative expense or unsecured claim against any of the Debtors (now existing or hereafter arising of any kind or nature whatsoever, including without limitation, any administrative expense of the kind

7

specified in Bankruptcy Code § 105, 326, 328, 330, 331, 364(c) 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 726 or 1114) equal or superior to the priority claim of the Lender in respect of the obligations hereunder, except with respect to the Carve-Out;

c.    Any lien on any Collateral having a priority equal or superior to the lien securing the obligations hereunder, other than with respect to the Carve-Out;

d.    Any order which authorizes the payment of any indebtedness incurred prior to the petition date other than first day orders acceptable to Lender;

e.    Any order seeking authority to take any action that is prohibited by the terms of this Term Sheet, the Interim Order or the Final Order or refrain from taking any action that is required to be taken by the terms of this Term Sheet, the Interim Order or the Final Order; and

f.    Any other action that would result in a Material Adverse Effect without the prior written consent of the Lender.

**Events of Default**:    Each of the following shall constitute an "**Event of Default**," unless otherwise waived by the Lender in its sole discretion:

1.    Any report, certificate or other document delivered to the Lender pursuant to this Term Sheet, the Interim Order or the Final Order shall have been incorrect in any material respect when so made or deemed made;

2.    The failure of the Debtors to comply in all material respects with any covenant, agreement or terms and conditions of the Interim Order, the Final Order and this Term Sheet;

3.    Any Debtor is enjoined, restrained or in any way prevented by the order of any court or any governmental authority from conducting all or any material part of its business for more than three (3) consecutive days;

4.    Any Debtor fails to have all certificates, accreditations and licenses reasonably necessary to conduct its business;

5.    Any Debtor fails to maintain all current material payor contracts and all agreements with health insurers, health maintenance organizations, preferred provider organizations, managed care organizations or other entity that is licensed by a state for the provision or arrangement of health insurance, health benefits or health care services;

6.      The loss by any Debtor of the right to receive Medicare or Medicaid reimbursement, any Material Adverse Effect upon such reimbursements or any material change in coverage for services or material change in payment rates;

7.      Any investigation, survey, review, audit or change of law, rule or regulation which could be reasonably expected to have a Material Adverse Effect upon any Debtor's Medicare or Medicaid reimbursement;

8.      The surcharge, recoupment or setoff of accounts receivable of any Debtor (or the Debtors collectively) exceeding $750,000.00 on a cumulative post-petition basis;

9.      Any material damage to, or loss, theft or destruction of, any Collateral, whether or not insured, or any strike, lockout, labor dispute, embargo, condemnation, act of God or public enemy, or other casualty (whether or not insured) which causes, for more than three (3) consecutive days, the cessation or substantial curtailment of revenue producing activities at any facility of the Debtors, if any such event or circumstance could reasonably be expected to have a Material Adverse Effect;

10.      (i) the Bankruptcy Court shall enter an order reversing, amending, supplementing, staying, vacating or otherwise amending, supplementing or modifying the Interim Order or the Final Order, (ii) the Interim Order or Final Order, as applicable, shall cease to create valid and perfected liens on the Collateral in favor of the Lender, or (iii) any provision of the Interim Order or the Final Order shall cease to be valid and binding and in full force and effect, all without the express written consent of the Lender;

11.      The conversion of any of the bankruptcy cases to a case under Chapter 7 of the Bankruptcy Code;

12.      The appointment of a trustee for any Debtor;

13.      The dismissal of any of the bankruptcy cases; provided that the Lender has not consented in writing to such dismissal;

14.      The entry of any order which provides relief from the automatic stay otherwise imposed pursuant to Bankruptcy Code § 362 that permits any creditor to (i) realize upon, or to exercise any right or remedy with respect to, any material portion of the Collateral, or (ii) to terminate any permit, license or similar agreement, where in either case the exercise of such right or remedy or such realization or termination would be reasonably likely to have a Material Adverse Effect;

9

15.    Subject to the allowance and payment of any amounts due under the Carve-Out, the filing of any application by the Debtors without the express written consent of the Lender for the approval of a super-priority claim in the bankruptcy cases which is *pari passu* with or senior to the priority of the claims of the Lender, or there shall arise or be granted and/or allowed any such *pari passu* or senior super-priority claim under the Bankruptcy Code;

16.    The discharge by any Debtor of any prepetition indebtedness without the written consent of the Lender except as authorized by the Bankruptcy Court in those certain orders issued by the Bankruptcy Court in connection with the "first day hearings" (collectively, the "First Day Orders") provided that such First Day Orders are in form and substance acceptable to Lender;

17.    The filing of any motion by any Debtor seeking the entry of any order in the bankruptcy cases: (a) permitting working capital or other financing (other than (i) purchase money security financing and equipment leases not to exceed $250,000 in the aggregate on a cumulative post-petition basis, (ii) ordinary course trade debt, or (iii) unsecured debt) for the Debtors from any person other than the Lender (unless the proceeds of such financing are to be used to pay in full in cash all obligations arising under this Term Sheet, the Interim Order and the Final Order); (b) granting a lien on, or security interest in, any of the Collateral (other than a purchase money security interest not to exceed $250,000 in the aggregate on a cumulative post-petition basis), other than with respect to this Term Sheet (unless such liens are granted in connection with a financing, the proceeds of which are to be applied to the payment in full in cash of all obligations arising under this Term Sheet, the Interim Order and the Final Order, and other than liens granted as adequate protection for preexisting liens and security interests on the Debtors' assets, which adequate protection liens are junior in priority to the DIP Liens); (c) except as permitted by this Term Sheet, the Interim Order or the Final Order, (i) permitting the use, sale or lease of any of the Collateral pursuant to Bankruptcy Code § 363(c) outside of the ordinary course of business without the prior written consent of the Lender, or (ii) seeking an order in the bankruptcy cases charging any of the Collateral under section 506(c) of the Bankruptcy Code against the Lender; or (d) dismissing the Bankruptcy Cases, unless the Lender has sought or consented in writing to such relief;

18.    The filing of a motion or other pleading by any Debtor seeking the entry of an order confirming a plan of reorganization (and/or approving a disclosure statement related thereto) that does not require payment in full in cash of all obligations under this Term Sheet, the Interim Order and the Final Order on the

consummation date of such plan of reorganization, and as to which Lender has not consented in writing;

19.      The filing of any pleading by any Debtor challenging the validity, priority, perfection or enforceability of this Term Sheet, the Interim Order or the Final Order or the obligations hereunder, or any lien granted pursuant to this Term Sheet, the Interim Order or the Final Order is determined to be null and void, invalid or unenforceable by the Court or another court of competent jurisdiction in any action commenced or asserted by any other party in interest in the bankruptcy cases; and

20.      If a sale of substantially all of the assets of the Debtors is not consummated on or before December 31, 2015.

**Default Remedies**:                 Upon five (5) business days' written notice to the Debtors and their counsel of an Event of Default, which is not subsequently cured or waived during such notice period:

1.      The commitment shall terminate, except for the obligation to fund the Post-Default Fee Cap, the DIP Loan shall mature and any and all DIP Loan Obligations shall become due and payable in full in cash.

2.      The Lender shall have standing to move for an order to cause the Debtors to engage in a process to liquidate its assets pursuant to Bankruptcy Code § 363; and

3.      The automatic stay shall terminate without further application or motion to, or order from, the Court, to allow the Lender to foreclose or otherwise enforce its security interests and liens on any or all of the Collateral or to exercise any other remedies available to the Lender under applicable law; neither Section 105 or any other Section of the Bankruptcy Code shall be utilized to prohibit the Lender from exercising or enforcing its rights and remedies upon an Event of Default regardless of any change in circumstances (whether or not foreseeable). If any of the Debtors, an official committee of unsecured creditors or any other person challenged the occurrence of an Event of Default, any such objector's remedies shall be limited to requesting a hearing before the Court (i) solely for the purpose of obtaining a judicial determination that no Event of Default has occurred, and (ii) based on any such judicial determination, seeking to enjoin the Lender from exercising its rights and remedies. In any such hearing, the sole issue for determination shall be whether an Event of Default has occurred and the Debtors, any official committee of unsecured creditors or any other party that is permitted to intervene or be heard at such hearing shall be precluded from raising or litigating any other issue, defense,

11

claims or counterclaim (including, without limitation, any defense or claim based on adequate protection).

**Waivers and Amendments**:    The Lender shall have the right in the exercise of its sole discretion to waive any Event of Default, default or other violation by any Debtor under this Term Sheet, any documents entered into in connection herewith, the Interim Order or the Final Order. No waiver shall be effective absent a written agreement which has been executed by the Lender and each Debtor. Amendments to this Term Sheet shall be governed by Paragraph 20 of the Interim Order and Final Order.

**Conditions Precedent**:    This Term Sheet is subject to, amongst other items, (i) the Entry of the Interim Order and Final Order by the Court, authorizing borrowing pursuant to this Term Sheet each in form and substance acceptable to the Lender and its counsel and (ii) the Court shall have entered an order in form and substance acceptable to the Lender permitting the Debtors to continue their pre-petition cash management system.

Among other things, the Interim Order shall contain the following:

*Lender Release*: Subject to the rights of the official committee of unsecured creditors, creditors or other party in interest as provided below, the Debtors shall execute a release (the "**Lender Release**") in favor of the Lender and each of its respective employees, affiliates, attorneys, accountants, agents, advisors from any and all causes of action, suits and damages relating to matters prior to the petition date, whether known or unknown, including, without limitation, causes of action arising under Chapter 5 of the Bankruptcy Code (collectively, the "**Lender Release Claims**").

*Allowed Lender Claim*: The Debtors shall stipulate and agree to an allowed general unsecured claim in favor of the DIP Lender in an amount equal to $135,000,000, free from any offset, counterclaim or defense (the "**Stipulated Lender Pre-Petition Claim**"). Notwithstanding the foregoing, any official committee of unsecured creditors or other party in interest may file an objection to the Stipulated Lender Pre-Petition Claim or prosecute or otherwise pursue any Lender Released Claims on or before the later of: (i) seventy-five (75) days after the entry of the Interim Order approving the DIP Loan; and (ii) sixty (60) days from the formation of the official committee of unsecured creditors (each of (i) and (ii), the "**Challenge Period**"). Upon expiration of the Challenge Period, (x) the Stipulated Pre-Petition Claim shall be deemed allowed, binding upon and shall not be subject to objection, challenge or attack by any creditor, the official committee of unsecured creditors or any party-in-interest including, without limitation, any subsequently

12

appointed trustee and (y) the Lender Release shall be binding upon the official committee of unsecured creditors, all creditors and parties-in-interest.

[SIGNATURES TO FOLLOW]

[SIGNATURE PAGE TO DIP LOAN TERM SHEET]

<u>DEBTORS</u>:

**SAINT MICHAEL'S MEDICAL CENTER, INC.**

By: _____
Its: _____

**COLUMBUS ACQUISITION CORP.**

By: _____
Its: _____

**SAINT JAMES CARE, INC.**

By: _____
Its: _____

**UNIVERSITY HEIGHTS PROPERTY COMPANY, INC.**

By: _____
Its: _____

<u>DIP LENDER</u>:

**TRINITY HEALTH CORPORATION**

By: _____
Its: _____

13

[SIGNATURE PAGE TO DIP LOAN TERM SHEET]

**DEBTORS:**

**SAINT MICHAEL'S MEDICAL CENTER, INC.**

By:_____
Its:_____


**COLUMBUS ACQUISITION CORP.**

By:_____
Its:_____


**SAINT JAMES CARE, INC.**

By:_____
Its:_____


**UNIVERSITY HEIGHTS PROPERTY COMPANY, INC.**

By:_____
Its:_____


**DIP LENDER:**

**TRINITY HEALTH CORPORATION**

By:_____
Its: EVP & CFO

13

United States Bankruptcy Court
District of New Jersey

In re:
Saint Michael's Medical Center, Inc                                          Case No. 15-24999-VFP
                Debtor                                                       Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0312-2          User: ndossant          Page 1 of 1          Date Rcvd: Aug 11, 2015
                              Form ID: pdf903         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 13, 2015.
db             +Saint Michael's Medical Center, Inc.,   111 Central Avenue,   Newark, NJ 07102-1909

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                     TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 13, 2015                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 11, 2015 at the address(es) listed below:
          Joseph L. Schwartz    on behalf of Creditor    JNESO, District Council 1 IUOE-AFL-CIO
            jschwartz@riker.com
          Kenneth A. Rosen    on behalf of Interested Party    Barnabas Health krosen@lowenstein.com
          Lawrence P. Maher    on behalf of Creditor    New Jersey Health Care Facilities Financing Authority
            lmaher@greenbaumlaw.com
          Michael D. Sirota    on behalf of Plaintiff    Saint Michael's Medical Center, Inc., et al.
            msirota@coleschotz.com
          Michael D. Sirota    on behalf of Debtor    Saint Michael's Medical Center, Inc.
            msirota@coleschotz.com
          Mitchell Malzberg    on behalf of Creditor    District 1199J, National Union of Hospital & Health
            Care Employees, AFSCME and District 1199J NJ Benefit & Pension Funds mmalzberg@mjmalzberglaw.com,
            dlapham@mjmalzberglaw.com
          Nola R. Bencze    on behalf of Creditor    Trinity Health System nola.bencze@bipc.com,
            jessica.trout@bipc.com;heidi.smiegocki@bipc.com
          Ryan T. Jareck    on behalf of Debtor    Saint Michael's Medical Center, Inc.
            rjareck@coleschotz.com,  fpisano@coleschotz.com
          Warren J. Martin, Jr.    on behalf of Creditor    Resource Data Management, Inc.
            wjmartin@pbnlaw.com,
            mdlaskowski@pbnlaw.com;sakelly@pbnlaw.com;lkkabse@pbnlaw.com;mpdermatis@pbnlaw.com;rasegall@pbnla
            w.com;SDGuven@pbnlaw.com
                                                                                          TOTAL: 9