| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | **FILED** JAMES J. WALDRON, **CLERK** |
| Caption in Compliance with D.N.J. LBR 9004-2(c) COLE SCHOTZ P.C. A Professional Corporation Court Plaza North 25 Main Street P.O. Box 800 Hackensack, NJ 07602-0800 Michael D. Sirota, Esq. Gerald H. Gline, Esq. Ryan T. Jareck, Esq. (201) 489-3000 (201) 489-1536 Facsimile *Proposed Attorneys for Saint Michael's Medical Center, Inc., et al., Debtors-in-Possession* | AUG 1 1 2015 U.S. BANKRUPTCY COURT NEWARK, N.J. BY_____DEPUTY  Case No. 15-24999 (VFP)  Judge: Vincent F. Papalia |
| In re:  SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*[1]   Debtors-in-Possession. | Chapter 11 (Joint Administration Pending)  **Hearing Date and Time:** August 11, 2015, at 2:30 p.m. |

## INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2) PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3) SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C. § 363(C)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING OTHER RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through ten (10), is hereby **ORDERED**.

August 11, 2015

/s/ Vincent F. Papalia, U.S.B.J.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal identification number are: Saint Michael's Medical Center, Inc. (6046); Columbus Acquisition Corp. (6342); Saint James Care, Inc. (6230); and University Heights Property Company, Inc. (0162).

54020/0001-11779154v4
August 10, 2015

(Page 2)
Debtor: SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No. 15-24999 (VFP)
Caption of Order: INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2) PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3) SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING OTHER RELATED RELIEF

THIS MATTER having been opened to the Court by Saint Michael's Medical Center, Inc., *et al.,* the within Chapter 11 debtors and debtors-in-possession (the "**Debtors**"), by and through its proposed counsel, Cole Schotz P.C., by way of motion (the "**Motion**")[2] for the entry of an interim order and a final order: (a) authorizing the Debtors to obtain secured postpetition financing (the "**DIP Facility**") from Trinity Health Corporation, an Indiana not-for-profit corporation (the "**DIP Lender**") pursuant to the terms and conditions of that certain Debtor-in-Possession Term Sheet dated as of August 6, 2015 and attached as Exhibit B to the Application (as amended, supplemented, restated or otherwise modified from time to time in accordance therewith, the "**DIP Term Sheet**"), by and among the Debtors, as co-borrowers, and the DIP Lender, as postpetition lender; (b) authorizing the Debtors to execute the DIP Term Sheet and to perform such other acts as may be necessary or desirable in connection therewith; (c) granting the DIP Lender valid, enforceable, non-avoidable, and fully perfected security interests in and liens and mortgages (collectively, the "**DIP Liens**") upon the DIP Collateral (as defined below) in accordance with the terms of the DIP Term Sheet; (d) granting an allowed superpriority administrative expense claim to the DIP Lender (the "**DIP Superpriority Claim**");

---

[2] Unless expressly stated otherwise, all capitalized terms used but not defined in this Order shall have the same meanings ascribed to them in the verified application (the "**Application**") submitted in support of the Motion.

54020/0001-11779154v4
August 10, 2015

(Page 3)
Debtor:              SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.             15-24999 (VFP)
Caption of Order:    INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF
                     CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2)
                     PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-
                     PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3)
                     SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C.
                     § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING
                     OTHER RELATED RELIEF

---

(e) authorizing the Debtors to grant adequate protection to the BONY (as defined below); (f) authorizing the Debtors to use Cash Collateral (as defined below) (together with the DIP Facility, the "**Postpetition Financing Arrangement**"); and (g) scheduling a hearing (the "**Final Hearing**"), pursuant to Rule 4001(c)(2) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 4001-4 of the District of New Jersey Local Bankruptcy Rules (the "**Local Rules**"), to consider entry of the Final Order, *inter alia*, approving and authorizing the Postpetition Financing Arrangement (including, without limitation, the advance of the financing pursuant to the Interim DIP Order) on a final basis pursuant to the DIP Term Sheet; and the Court having considered the Motion and the evidence submitted or proffered at the hearing on the Motion; and the entry of this Order is in accordance with Bankruptcy Rules 2002, 4001(b), (c), and (d), and 9014; and due and proper notice of the Motion, the hearing on the Motion and the proposed use of cash collateral having been given; and it appearing that approval of the relief requested in the Motion is fair and reasonable and in the best interests of the Debtor, their creditors and their estates, and is essential for the continued operation of the Debtor's businesses; and the Court having considered the Debtor's Verified Application in support of the Motion; and all objections, if any, to the entry of this Order having been withdrawn, resolved or overruled by the Court; and upon all pleadings filed with this Court, all proceedings held before

(Page 4)
Debtor:           SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.          15-24999 (VFP)
Caption of Order: INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2) PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3) SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING OTHER RELATED RELIEF

---

the Court, and the evidence adduced in connection therewith; and after due deliberation and consideration, and for good and sufficient cause appearing for the entry of the within Order, it is hereby found:

**BASED UPON THE RECORD ESTABLISHED AT THE HEARING BY THE DEBTORS, THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.   **Petition Date**. On August 10, 2015 (the "**Petition Date**"), the Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of New Jersey. The Debtors have continued in the management and operation of their business and property as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 cases (the "**Cases**").

B.   **Jurisdiction and Venue**. This Court has jurisdiction, pursuant to 28 U.S.C. §§ 157(b) and 1334, over these proceedings, and over the persons and property affected hereby. Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue for the Cases and proceedings on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

(Page 5)
Debtor:              SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.             15-24999 (VFP)
Caption of Order:    INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF
                     CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2)
                     PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-
                     PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3)
                     SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C.
                     § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING
                     OTHER RELATED RELIEF

C.  **Notice**. Notice of the Motion and the Hearing on the Debtors' use of cash collateral has been served in accordance with Sections 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001(b) and 4001(c), which notice is appropriate in the particular circumstances and sufficient for all purposes under the Bankruptcy Code and the applicable Federal and Local Rules of Bankruptcy Procedure with respect to the relief requested.

D.  **Pre-Petition Secured Debt**. Bank of New York Mellon ("**BONY**"), as Master Trustee, is likely to assert a secured claim in the approximate amount of $227.8 million as of the Petition Date, secured by liens on substantially all the assets of the Debtors.

E.  **Pre-Petition Collateral**. Subject to making a *prima facie* showing, it appears that BONY may have properly perfected liens on: (i) the "Collateral," which includes (a) all receipts, revenues, income and other moneys received by or on behalf of an the Debtors, including, without limitation, contributions, donations and pledges whether in the form of cash, securities, deposit accounts, or other personal property, revenues derived from the operation of the Debtors' facilities, and all rights to receive the same, whether in the form of accounts receivable, contract rights, chattel paper, instruments or other rights, and the proceeds thereof, and any insurance or condemnation proceeds thereon, whether now existing or hereafter coming into existence and whether now owned or held or hereafter acquired by the Debtors (the "**Gross Receipts**");

(Page 6)
Debtor: SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No. 15-24999 (VFP)
Caption of Order: INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2) PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3) SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING OTHER RELATED RELIEF

provided, however, that Gross Receipts shall not include (1) gifts, grants, bequests, donations and contributions heretofore or hereafter made, designated at the time of making thereof by the donor or maker as being for certain specific purposes, and the income therefrom, to the extent required by such designation, and (2) rents, profits or revenues of any nature derived exclusively from property securing non-recourse indebtedness; (b) any and all property of the Debtors, including, without limitation, all accounts, as-extracted collateral, chattel paper, commercial tort claims, deposit accounts, documents, farm products, fixtures, general intangibles, goods (including, without limitation, inventory and equipment), instruments, investment property and letter of credit rights, whether presently owned or hereafter acquired, together with all Proceeds (as defined in the UCC) and products thereof; provided, however, that Collateral shall not include gifts, grants, bequests, donations and contributions heretofore or hereafter made which are designated at the time of the making thereof by the donor or maker as being for certain specified dedicated purposes, and the income therefrom, to the extent required by such designation; (ii) all moneys, securities and investments held in the Revenue Fund, and (iii) all Proceeds (as defined in the UCC) of any and all of the property described in clauses (i) and (ii) (collectively, the "**BONY Collateral**"). To further secure the Debtors' obligations under the Loan Documents, the Debtors granted BONY a mortgage on the Debtors' real property,

(Page 7)
Debtor:             SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.            15-24999 (VFP)
Caption of Order:   INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF
                    CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2)
                    PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-
                    PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3)
                    SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C.
                    § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING
                    OTHER RELATED RELIEF

---

buildings, structures, improvements and fixtures located at 111 Central Avenue, Newark, NJ 07102 (the "**Mortgaged Property**," and together with the BONY Collateral, the "**Prepetition Collateral**") and general intangibles related thereto, (b) all rents and moneys payable in respect of any lease agreements executed by the Debtors with respect thereto, (c) all proceeds of insurance or condemnation awards with respect thereto and (d) warranties or service contracts existing with respect thereto.

F.    **Cash Collateral**. "Cash Collateral" as defined by Section 363(a) of the Bankruptcy Code includes post-petition proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in Section 552(b) of the Bankruptcy Code and as the term "proceeds" is described in subject to a security interest as provided in Section 522(b) of the Bankruptcy Code and as the term "proceeds" is described in UCC Section 9-306.

G.    **Necessity and Best Interest**. The Debtors do not have sufficient unencumbered cash or other assets with which to continue to operate their businesses in Chapter 11. The Debtors require immediate authority to use Cash Collateral to continue their business operations without interruption toward the objective of selling the Debtors' assets under Section 363 of the

(Page 8)
Debtor: SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No. 15-24999 (VFP)
Caption of Order: INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2) PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3) SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING OTHER RELATED RELIEF

---

Bankruptcy Code. The Debtors' use of Cash Collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estate pending a final hearing. The amount of Cash Collateral authorized to be used pending a final hearing or entry of a final Order is not to exceed the amounts reflected in the Debtor's 13-week summary cash flow Budget, attached as Exhibit C to the Application.

H.    **Purposes**. The Debtors must be authorized to use the Cash Collateral of BONY to meet their ordinary cash needs for the payment of actual expenses of the Debtors necessary to: (a) maintain and preserve their assets, and (b) continue operation of their business, as reflected in the Budget through the date of the final hearing.

NOW, THEREFORE, on the Motion of the Debtors and on the record before the Court with respect to the Motion, and good and sufficient cause appearing therefor,

**IT IS ORDERED that:**

(a)    Use of Cash Collateral. The Debtor is authorized to use the cash collateral of BONY in accordance with the Budget up to the aggregate amount of $19,442,114 through and including September 20, 2015, for the following purposes:

(i)    maintenance and preservation of their assets; and

(Page 9)
Debtor:            SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.           15-24999 (VFP)
Caption of Order:  INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF
                   CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2)
                   PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-
                   PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3)
                   SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C.
                   § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING
                   OTHER RELATED RELIEF

---

(ii) the continued operation of their businesses, including but not limited to, payroll and payroll taxes, employee benefits and expenses, utilities, patient care/pharmacy, taxes, insurance costs, trade payables, other ordinary course operating expenses and professional fees.

(b) <u>Adequate Protection</u>. Solely to the extent of, and in an aggregate amount equal to, any diminution in value of BONY's respective interests in the Prepetition Collateral, from and after the Petition Date, calculated in accordance with Section 506(a) of the Bankruptcy Code, whether or not resulting from, among other things, the use, sale or lease by the Debtors, depreciation, physical deterioration, or other decline in value, of the Prepetition Collateral, and the imposition or enforcement of the automatic stay of Section 362(a) of the Bankruptcy Code, or otherwise (collectively, "**Diminution in Value**"), BONY shall receive post-petition adequate protection and/or replacement liens (the "**BONY Adequate Protection Liens**") in an amount equal to any Diminution in Value suffered by BONY but only to the extent that the BONY Adequate Protection Liens are granted in the Prepetition Collateral of the same type and nature and to the same extent as held by BONY immediately prior to the Petition Date. Except as otherwise set forth herein, the DIP Liens (but expressly excluding the DIP Liens on the Parking Lot which shall be first priority liens) shall be subject and subordinate to the BONY Adequate

54020/0001-11779154v4
August 10, 2015

(Page 10)
Debtor: SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No. 15-24999 (VFP)
Caption of Order: INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2) PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3) SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING OTHER RELATED RELIEF

---

Protection Liens; provided, however, that to extent that any of the BONY Adequate Protection Liens are granted in any DIP Collateral of a different type or nature or to a different extent than that of the Prepetition Collateral, then such adequate protection liens shall be junior and subordinate to the DIP Lender's DIP Liens in such DIP Collateral. To the extent that the adequate protection provided for herein fails to protect BONY against any Diminution in Value, BONY hereby is granted a superpriority administrative expense claim as provided for in Section 507(b) of the Bankruptcy Code. In the event of any conflict between the terms of this Interim Order and the Interim Order approving the DIP Facility (the "**Interim DIP Order**"), the terms of the Interim DIP Order shall control.

(c)     Deemed Perfected. The BONY Adequate Protection Liens granted herein are automatically deemed perfected upon entry of this Order without the necessity of BONY taking possession, filing financing statements, mortgages or other documents. Although not required, upon request by BONY, the Debtors shall execute and deliver to BONY any and all UCC Financing Statements, UCC Continuation Statements, Certificates of Title or other instruments or documents considered by BONY to be necessary in order to perfect the BONY Adequate Protection Liens granted by this Order, and BONY is authorized to receive, file and

54020/0001-11779154v4
August 10, 2015

(Page 11)
Debtor:            SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.           15-24999 (VFP)
Caption of Order:  INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF
                   CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2)
                   PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-
                   PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3)
                   SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C.
                   § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING
                   OTHER RELATED RELIEF

---

record the foregoing at BONY's own expense, which actions shall not be deemed a violation of the automatic stay.

(d)   **Reservation of Rights.** Nothing herein shall constitute a finding that BONY has a valid lien on the Cash Collateral or any of the other assets of the Debtors. The Debtors reserve all their rights concerning the validity, extent, and priority of any of the alleged liens of BONY. In the event BONY's alleged lien or liens on Cash Collateral are determined to be invalid or not perfected, then the adequate protection provided hereunder to BONY and the subordination of any of the DIP Liens to the BONY Adequate Protection Liens shall be null and void and of no force and effect.

(e)   **Reporting.** The Debtors shall provide BONY with copies of their monthly United States Trustee operating reports. Upon appointment of an official committee of unsecured creditors ("**Committee**"), if any, the Debtors shall submit a copy of the monthly operating reports to counsel to the Committee (if counsel has been appointed), and until counsel is retained, to the Chairman of said Committee.

(f)   **Creditor's Rights of Inspection and Audit.** Upon reasonable notice by BONY, the Debtors shall permit BONY and any of its agents reasonable access to the Debtors' records, place of business and to collateral during normal business hours to verify the existence,

(Page 12)
Debtor:            SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.           15-24999 (VFP)
Caption of Order:  INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF
                   CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2)
                   PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-
                   PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3)
                   SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C.
                   § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING
                   OTHER RELATED RELIEF

---

condition and location of collateral in which BONY holds a security interest and to audit the Debtors' cash receipts and disbursements.

(g) <u>Interlocutory Order and No Modification of Creditor's Adequate Protection</u>. This is an interlocutory order. Nothing contained herein shall be deemed or construed to: (a) limit BONY to the relief granted herein; (b) bar BONY from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the Debtors and other parties-in-interest entitled to notice of same; or (c) require BONY to make any loans or advances to the Debtors. The Order may be modified for cause shown by the Debtors, BONY or any other party-in-interest on due notice. No such modification, however, shall deprive BONY of its interest in the property (pre-petition and post-petition) of the Debtors to the extent valid.

(h) <u>Default Hearing</u>. In the event the Debtors default under or violate this Order, BONY may request a hearing within fourteen (14) days (or if immediate and irreparable injury, loss or damage may occur, an emergency hearing within forty-eight (48) hours).

## **FINAL HEARING**

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN that any creditor or other interested party having any objection to the Debtors' use of BONY's Cash Collateral on a

54020/0001-11779154v4
August 10, 2015

(Page 13)
Debtor:            SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.          15-24999 (VFP)
Caption of Order: INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF
                  CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2)
                  PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-
                  PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3)
                  SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C.
                  § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING
                  OTHER RELATED RELIEF

---

final basis shall file with the Clerk of this Court and serve upon counsel for the Debtors, counsel to BONY, and the Office of the United States Trustee on or before 4:00 p.m. on the 4th day of September, 2015, a written objection and shall appear to advocate said objection at a Final Hearing to be held at 2:30 p.m. on the 11th day of September, 2015 in Courtroom 3A of the United States Bankruptcy Court, Martin Luther King, Jr. Federal Building, 50 Walnut Street, Newark, New Jersey. If no objections are filed and advocated at such hearing, then this Order shall continue in full force and effect and shall be deemed a Final Order without further notice or hearing in accordance with Fed. R. Bankr. P. 4001(d)(3).

## NOTICE

IT IS FURTHER ORDERED that the Debtors serve a copy of this Order and Notice by first class mail, within one (1) business day from the date hereof, on: (i) the Office of the United States Trustee (Attn: Mitchell B. Hausman Esq.), One Newark Center, Suite 2100, Newark, NJ 07102; (ii) the United States Securities and Exchange Commission; (iii) the New Jersey Health Care Facilities Financing Authority (Attn: Mr. Mark Hopkins, Executive Director), Station Plaza Building #4, 22 S. Clinton Ave., Trenton, NJ 08609-1212; (iv) counsel to the Bank of New York Mellon, as indenture trustee, McManimon & Scotland, L.L.C., One Riverfront Plaza – 4th Floor, Newark, NJ 07102-5408; (v) the Internal Revenue Service, Insolvency Section; (vi) the Internal

54020/0001-11779154v4
August 10, 2015

(Page 14)
Debtor: SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No. 15-24999 (VFP)
Caption of Order: INTERIM ORDER (1) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2) PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, (3) SCHEDULING A FINAL HEARING PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001, AND (4) GRANTING OTHER RELATED RELIEF

Revenue Service, Department of Treasury; (vii) the New Jersey Department of Treasury; (viii) the New Jersey Department of Health (Attn: Mr. William Conroy, Deputy Commissioner), 369 S. Warren St., Trenton, NJ 08608; (ix) the Office of the Attorney General of the State of New Jersey; (x) the Office of the United States Attorney (Attn: Anthony J. LaBruna, Assistant U.S. Attorney), 970 Broad Street, Suite 700, Newark, NJ 07102; (xi) counsel to Trinity Health Corporation, Buchanan Ingersoll & Rooney PC (Attn: William H. Schorling, Esq.), Two Liberty Place, 50 S. 16th Street, Suite 3200, Philadelphia, PA 19102-2555; (xi) the Debtors' twenty (20) largest unsecured creditors; and (xii) all other known parties asserting a lien against the Debtors' assets. The Debtors shall thereafter file with the Clerk a Certificate of Service of said mailing.

United States Bankruptcy Court
District of New Jersey

In re:  
Saint Michael's Medical Center, Inc  
    Debtor

Case No. 15-24999-VFP  
Chapter 11

## CERTIFICATE OF NOTICE

District/off: 0312-2        User: ndossant        Page 1 of 1        Date Rcvd: Aug 11, 2015  
                     Form ID: pdf903      Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 13, 2015.  
db         +Saint Michael's Medical Center, Inc.,    111 Central Avenue,    Newark, NJ 07102-1909

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                      TOTAL: 0

       ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 13, 2015                                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 11, 2015 at the address(es) listed below:  
         Joseph L. Schwartz    on behalf of Creditor    JNESO, District Council 1 IUOE-AFL-CIO jschwartz@riker.com  
         Kenneth A. Rosen    on behalf of Interested Party    Barnabas Health krosen@lowenstein.com  
         Lawrence P. Maher    on behalf of Creditor    New Jersey Health Care Facilities Financing Authority lmaher@greenbaumlaw.com  
         Michael D. Sirota    on behalf of Plaintiff    Saint Michael's Medical Center, Inc., et al. msirota@coleschotz.com  
         Michael D. Sirota    on behalf of Debtor    Saint Michael's Medical Center, Inc. msirota@coleschotz.com  
         Mitchell Malzberg    on behalf of Creditor    District 1199J, National Union of Hospital & Health Care Employees, AFSCME and District 1199J NJ Benefit & Pension Funds mmalzberg@mjmalzberglaw.com, dlapham@mjmalzberglaw.com  
         Nola R. Bencze    on behalf of Creditor    Trinity Health System nola.bencze@bipc.com, jessica.trout@bipc.com;heidi.smiegocki@bipc.com  
         Ryan T. Jareck    on behalf of Debtor    Saint Michael's Medical Center, Inc. rjareck@coleschotz.com, fpisano@coleschotz.com  
         Warren J. Martin, Jr.    on behalf of Creditor    Resource Data Management, Inc. wjmartin@pbnlaw.com, mdlaskowski@pbnlaw.com;sakelly@pbnlaw.com;lkkabse@pbnlaw.com;mpdermatis@pbnlaw.com;rasegall@pbnlaw.com;SDGuven@pbnlaw.com  
                                                                                              TOTAL: 9