**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota, Esq.
Gerald H. Gline, Esq.
Ryan T. Jareck, Esq.
(201) 489-3000
(201) 489-1536 Facsimile
*Proposed Attorneys for Saint Michael's*
*Medical Center, Inc., et al., Debtors-in-Possession*

| | |
|---|---|
| In re:<br><br>SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*[1]<br><br>Debtors-in-Possession. | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY HONORABLE VINCENT F. PAPALIA CASE NO. 15-24999 (VFP)<br><br>Chapter 11<br>(Jointly Administered)<br><br>**DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING AMENDMENT TO CONTRACTED PHARMACY SERVICE AGREEMENT WITH CCN AMERICA, LP AND USE OF PROPERTY OF THE DEBTORS' ESTATES OUTSIDE THE ORDINARY COURSE OF BUSINESS UNDER 11 U.S.C. § 363(b)(1)**<br><br>**HEARING DATE AND TIME:**<br>October 6, 2015, at 11:00 a.m. (ET)<br><br>**ORAL ARGUMENT REQUESTED** |

TO: HONORABLE VINCENT F. PAPALIA
    UNITED STATES BANKRUPTCY JUDGE

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal identification number are: Saint Michael's Medical Center, Inc. (6046); Columbus Acquisition Corp. (6342); Saint James Care, Inc. (6230); and University Heights Property Company, Inc. (0162).

54020/0001-12183915v1
August 27, 2015

Saint Michael's Medical Center, Inc., *et al.,* the within Chapter 11 debtors and debtors-in-possession (the "**Debtors**"), by and through their proposed counsel, Cole Schotz P.C., respectfully represent:

## I. INTRODUCTION

1. This motion (the "**Motion**") seeks the entry of an order, attached hereto as **Exhibit A** (the "**Proposed Order**"), (i) approving an amendment dated August 10, 2015 (the "**Amendment**," attached hereto as **Exhibit B**) to the contracted pharmacy service agreement by and between Saint Michael's Medical Center, Inc. (the "**Hospital**") and CCN America, LP, d/b/a Coordinated Care Network ("**CCN America**," and together with the Hospital, collectively, the "**Parties**") dated August 31, 2012 (the "**Agreement**," attached hereto as **Exhibit C**), and (ii) authorizing use of property of the Debtors' estates outside the ordinary course of business pursuant to section 363(b)(1) of title 11 of the United States Code (the "**Bankruptcy Code**"). In support of the Motion, the Debtors respectfully state as follows.

## II. JURISDICTION, VENUE AND STATUTORY PREDICATES

2. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4. The statutory predicate for the relief sought in the Motion is Section 363(b)(1) of the Bankruptcy Code.

## III. BACKGROUND

### A. The Chapter 11 Cases and Overview of the Hospital

5. On August 10, 2015 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors

have remained in possession of their assets and continued management of their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no statutory committee or trustee has been appointed in the Debtors' Chapter 11 cases.

6. A detailed description of the Debtors' businesses and the facts precipitating the filing of the Debtors' Chapter 11 proceedings is set forth in the Declaration of David A. Ricci, the President and Chief Executive Officer of Saint Michael's Medical Center, Inc., in support of the Debtors' various "First Day Motions" (the "**Ricci First Day Declaration**"). Those facts are incorporated herein by reference.

7. As set forth in the Ricci First Day Declaration, established by the Franciscan Sisters of the Poor in 1867, the Hospital is a 357-bed licensed, regional tertiary-care, teaching, and research center in the heart of Newark's business and educational district and is accredited by The Joint Commission. Combining state-of-the-art technology, the latest diagnostic and therapeutic procedures, leading-edge research, and a network of highly qualified physicians, nurses, and allied health professionals, the Hospital provides top-quality health care services delivered with compassionate care.

8. The Hospital is home to the Heart and Vascular Institute, which offers a comprehensive array of innovative cardiac treatments and procedures, and the Regional Cancer Center, which provides patients with state-of-the-art cancer treatment through the seamless integration of medical, surgical, and radiation oncology services. The Hospital has long enjoyed an outstanding reputation as a premier teaching and research institution and remains an international leader in the treatment and study of infectious diseases, such as HIV/AIDS and

3

hepatitis.  The mission of the Debtors is to provide excellence in health care to the communities they serve.

      **B.**      <u>**The Debtors' Pre-Petition Agreement with CCN America**</u>

      9.      CCN America is a 340B contracted pharmacy that provides specialty pharmacy and patient medication services to 340B covered entities, including the Hospital pursuant to the Agreement.  The 340B drug pricing program helps provide underserved populations with affordable prescription drugs through qualified community health organizations.  Many 340B covered entities – including the Hospital – elect to dispense 340B drugs to patients through contract pharmacy services, an arrangement in which the 340B covered entity signs a contract with a pharmacy to provide pharmacy services.  This helps facilitate program participation for those covered entities that do not have access to available or appropriate "in-house" pharmacy services, for those covered entities that have access to "in-house" pharmacy services but wish to supplement these services, and covered entities that wish to utilize multiple contract pharmacies to increase patient access to 340B drugs.

      10.      The Parties entered into the Agreement dated August 31, 2012 for an initial three-year term, which was subsequently extended for an additional two-year term through August 31, 2017.  Under the Agreement, on the fifteenth day of each calendar month, CCN America is authorized to initiate an automated clearing house ("**ACH**") payment from the Hospital's pharmacy account for the amounts owed by the Hospital to CCN America for the period through the end of the previous month.  <u>See</u> Agreement, § 10(b).  CCN America is required to submit a monthly accounting of the fees and charges to the Hospital.  <u>See</u> <u>id.</u>

      11.      Post-Petition Date, the Parties engaged in discussions with the goal of providing more certainty to: (i) CCN America concerning the amount and timing of payment under the

4

Agreement; and (ii) the Hospital concerning the provision of services by CCN America under the Agreement, given the Hospital's 340B program is critical to patient care and is a profitable element of the Hospital's operations. The end result of those discussions is the Amendment, which proposes to amend Section 10(b) of the Agreement such that the Hospital will pay CCN America a flat monthly fee in the amount of Two Hundred Twenty-Five Thousand Dollars ($225,000.00) as an advance payment for the period beginning on the tenth (10th) day of that month through the ninth (9th) day of the next calendar month (the "**Monthly Fee**"), which shall be subject to a monthly reconciliation, based on calendar months, as described in Sections 10(c) and 10(e) of the Agreement.

12. If the payment reconciliation shows that CCN America must repay any amount previously advanced as the Monthly Fee in excess of Twenty-Five Thousand Dollars ($25,000.00), such repayment amount shall be subtracted from the next payment due and owing to CCN America from the Hospital. To the extent any such overage amount has been retained by CCN America during the four (4) month period, such retained overage shall be utilized to pay CCN America any amounts due and owing from the Hospital for the period December 1-9, 2015, as part of the monthly reconciliation process as provided for in the Amendment.

13. Pursuant to the Amendment, on or before December 9, 2015, the Parties shall evaluate the payment methodology and mechanism in the Amendment in good faith to mutually determine whether the Parties wish to continue such methodology and shall execute a written amendment to the Agreement to memorialize continuation of such payment methodology. <u>See</u> Amendment, § 10(b)(ii). Should the Parties fail to execute such an amendment extending the payment methodology as described in Section 10(b)(i) of the Amendment, then for payments owed to CCN America beginning December 10, 2015 and on the fifteenth (15th) day of each

calendar month beginning thereafter, CCN America shall initiate a request for ACH payment from the Hospital's pharmacy account for the amounts owed to CCN America for the period though the end of the previous month.  See id.

## IV.  RELIEF REQUESTED AND BASIS THEREFOR

14. The Debtors respectfully request entry of the Proposed Order, attached hereto as **Exhibit A**, approving the Amendment and authorizing the use of property of the Debtors' estates outside the ordinary course of business under Section 363(b)(1) of the Bankruptcy Code.[2]

15. Section 363(b)(1) of the Bankruptcy Code provides in pertinent part that "[t]he [debtor-in-possession], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate[.]"  See 11 U.S.C. § 363(b)(1).  In the Third Circuit, the disposition and use of estate property pursuant to Section 363(b) of the Bankruptcy Code is governed by the business judgment rule.  In re Martin, 91 F.3d 389, 395 (3d Cir. 1996) (noting that under normal circumstances, courts defer to a trustee's judgment concerning use of property under Section 363(b) when there is legitimate business justification); In re Montgomery Ward Holding, Corp., 242 B.R. 142, 153 (D. Del. 1999); In re Delaware and Hudson Ry. Co., 124 B.R. 169, 176 (D. Del. 1991) (noting that the Third Circuit has adopted the "sound business judgment" test for the use of property under § 363).

16. A debtor has the burden of establishing that a valid business purpose exists for the use of estate property in a manner that is not in the ordinary course of business.  See In re Lionel Corp., 722 F.2d 1063, 1071 (2d Cir. 1983); In re Montgomery Ward Holding, Corp., 242 B.R. 142, 154 (D. Del. 1999).  However, once a debtor articulates a valid business justification, it is

---

[2] For the avoidance of doubt, the Debtors are not seeking at this time to assume, reject or assume/assign the Agreement and/or Amendment under Section 365(a) of the Bankruptcy Code.  The Debtors reserve all their rights in that regard.

presumed that "in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company." In re Integrated Resources, Inc., 147 B.R. 650, 656 (S.D.NY 1992) (quoting Smith v. Van Gorkom, 488 A2d 858,872 (Del. 1985)).  The business judgment rule therefore shields a debtor's management from judicial second-guessing, and mandates that a court approve a debtor's business decision unless that decision is the product of bad faith or gross abuse of discretion.  See id.; see also Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc., 756 F.2d 1043, 1047 (4th Cir. 1985), cert. denied, 475 U.S. 1057 (1986).

17.     The Debtors submit that there is a sound business justification for allowing the Debtors to enter into the Amendment and alter the fee arrangement among the Parties.  In particular, absent the relief sought herein, it is unlikely that CCN America will be in a position to continue providing services under the Agreement, which is critical to the Hospital's provision of patient care.  Moreover, as set forth above, the Hospital's 340B program is a profitable element of the Hospital's operations.  Therefore, the prolongation of the Agreement will allow the Debtors to maximize the value of their estates for the benefit of all stakeholders and provide critical patient care to the greater Newark community.  See In re Lionel Corp., 722 F.2d at 1071 (establishing that a valid business purpose exists for the use of estate property).

18.     For these reasons, the Debtors respectfully request that the Court enter the Proposed Order approving the Motion.

### V.  NOTICE, NO PRIOR REQUEST AND WAIVER OF BRIEF

19.     Notice of this Motion has been provided by electronic transmission, telecopy, hand delivery or overnight mail to: (i) the Office of the United States Trustee (Attn: Fran Steele, Esq.), One Newark Center, Suite 2100, Newark, NJ  07102; (ii) proposed counsel to the Official

7

Committee of Unsecured Creditors (Attn: Andrew Sherman, Esq.), Sills, Cummis & Gross P.C., One Riverfront Plaza, Newark, NJ 07102, and (iii) counsel to CCN American (Attn: A. Lee Hogewood III, Esq.), K&L Gates, LLP, 4350 Lassiter at North Hills Avenue, Suite 300, Raleigh, North Carolina 27619.  In light of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

20. No prior request for the relief sought herein has been made to this or to any other court.

21. Because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors respectfully request that the Court waive the requirement of D.N.J. LBR 9013-2 that all motions be accompanied by a separate memorandum of law.

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the Motion and such other relief as the Court deems just and appropriate under the circumstances.

                    **COLE SCHOTZ P.C.**
*Proposed Attorneys for Saint Michael's*
*Medical Center, Inc., et al., Debtors-in-Possession*

By: */s/ Ryan T. Jareck*
      Michael D. Sirota, Esq.
      Gerald H. Gline, Esq.
      Ryan T. Jareck, Esq.

DATED: August 27, 2015