UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)
COLE SCHOTZ P.C.
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
Michael D. Sirota, Esq.
Gerald H. Gline, Esq.
Ryan T. Jareck, Esq.
(201) 489-3000
(201) 489-1536 Facsimile
*Attorneys for Saint Michael's Medical Center,*
*Inc., et al., Debtors-in-Possession*

In re:

SAINT MICHAEL'S MEDICAL CENTER,
INC., *et al.*[1]

Debtors-in-Possession.

**Order Filed on October 16, 2015
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Case No. 15-24999 (VFP)

Judge: Vincent F. Papalia

Chapter 11
(Jointly Administered)

**Hearing Date and Time:**
October 16, 2015, at 11:00 a.m. (ET)

**FINAL ORDER (1) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL
PURSUANT TO 11 U.S.C. § 363, (2) PROVIDING ADEQUATE PROTECTION TO THE
DEBTORS' PRE-PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, AND
(3) GRANTING OTHER RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through fifteen (15), is hereby
**ORDERED**.

**DATED: October 16, 2015**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal identification number are: Saint Michael's Medical Center, Inc. (6046); Columbus Acquisition Corp. (6342); Saint James Care, Inc. (6230); and University Heights Property Company, Inc. (0162).

(Page 2)

| | |
|---|---|
| Debtor: | SAINT MICHAEL'S MEDICAL CENTER, INC. |
| Case No. | 15-24999 (VFP) |
| Caption of Order: | FINAL ORDER (1) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2) PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, AND (3) GRANTING OTHER RELATED RELIEF |

THIS MATTER having been opened to the Court by Saint Michael's Medical Center, Inc., *et al.,* the within Chapter 11 debtors and debtors-in-possession (the "**Debtors**"), by and through its counsel, Cole Schotz P.C., by way of motion (the "**Motion**")[2] for the entry of an interim order and a final order: (a) authorizing the Debtors to obtain secured postpetition financing (the "**DIP Facility**") from Trinity Health Corporation, an Indiana not-for-profit corporation (the "**DIP Lender**") pursuant to the terms and conditions of that certain Debtor-in-Possession Term Sheet dated as of August 6, 2015 and attached as Exhibit B to the Application (as amended, supplemented, restated or otherwise modified from time to time in accordance therewith, the "**DIP Term Sheet**"), by and among the Debtors, as co-borrowers, and the DIP Lender, as postpetition lender; (b) authorizing the Debtors to execute the DIP Term Sheet and to perform such other acts as may be necessary or desirable in connection therewith; (c) granting the DIP Lender valid, enforceable, non-avoidable, and fully perfected security interests in and liens and mortgages (collectively, the "**DIP Liens**") upon the DIP Collateral in accordance with the terms of the DIP Term Sheet; (d) granting an allowed superpriority administrative expense claim to the DIP Lender; (e) authorizing the Debtors to grant adequate protection to The Bank of New York Mellon ("**BONY**"); (f) authorizing the Debtors to use Cash Collateral (together with

---

[2] Unless expressly stated otherwise, all capitalized terms used but not defined in this Third Interim Cash Collateral Order (as defined below) shall have the same meanings ascribed to them in the verified application (the "**Application**") submitted in support of the Motion.

(Page 3)
Debtor:                 SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.                15-24999 (VFP)
Caption of Order:       FINAL ORDER (1) AUTHORIZING THE DEBTORS' USE OF CASH
                        COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2) PROVIDING
                        ADEQUATE PROTECTION TO THE DEBTORS' PRE-PETITION
                        LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, AND (3)
                        GRANTING OTHER RELATED RELIEF

---

the DIP Facility, the "**Postpetition Financing Arrangement**"); and (g) scheduling a hearing (the

"**Final Hearing**"), pursuant to Rule 4001(c)(2) of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**") and Rule 4001-4 of the District of New Jersey Local Bankruptcy

Rules (the "**Local Rules**"), to consider entry of the Final Order, *inter alia*, approving and

authorizing the Postpetition Financing Arrangement (including, without limitation, the advance

of the financing pursuant to the Interim DIP Order (as defined below)) on a final basis pursuant

to the DIP Term Sheet; and the Court having considered the Motion and the evidence submitted

or proffered at the hearing on the Motion on August 11, 2015; and the Court having entered an

interim order authorizing the Debtors to obtain post-petition financing from the DIP Lender

pursuant to the DIP Term Sheet and granting liens and superpriority claims to the DIP Lender in

connection therewith on August 11, 2015 [Docket No. 32] (the "**Interim DIP Order**"); and the

Court having entered the amended, restated and consented to interim order further authorizing

the Debtors to obtain post-petition financing from the DIP Lender on September 18, 2015

[Docket No. 198] (the "**Amended and Restated Interim DIP Order**"); and the Court having

entered the agreed Order amending the Amended and Restated Interim DIP Order on September

30, 2015 [Docket No. 238] (the "**Amendment to Amended and Restated Interim DIP Order**,"

and together with the Interim DIP Order and Amended and Restated Interim DIP Order,

collectively, the "**Interim DIP Orders**"); and the Court having entered an interim order

| | |
|---|---|
| (Page 4) | |
| Debtor: | SAINT MICHAEL'S MEDICAL CENTER, INC. |
| Case No. | 15-24999 (VFP) |
| Caption of Order: | FINAL ORDER (1) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2) PROVIDING ADEQUATE PROTECTION TO THE DEBTORS' PRE-PETITION LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, AND (3) GRANTING OTHER RELATED RELIEF |

authorizing the Debtors to use Cash Collateral pursuant to Sections 361 and 363 of title 11 of the

United States Code (the "**Bankruptcy Code**") and provide adequate protection in connection

therewith on August 11, 2015 [Docket No. 33] (the "**Interim Cash Collateral Order**"); and the

Court having entered an interim order further authorizing the Debtors to use Cash Collateral on

September 15, 2015 [Docket No. 179] (the "**Second Interim Cash Collateral Order**"); and the

Court having entered an interim order further authorizing the Debtors to use Cash Collateral on

October 6, 2015 [Docket No. 255] (the "**Third Interim Cash Collateral Order**," and together

with the Interim Cash Collateral Order and Second Interim Cash Collateral Order, collectively,

the "**Interim Cash Collateral Orders**," and together with the Interim DIP Orders, collectively,

the "**Postpetition Financing Orders**"); and the Postpetition Financing Orders having provided

that a Final Hearing on the Motion shall be held on October 16, 2015, at 11:00 a.m. (ET); and the

Court having determined that a final Order authorizing the Debtors' use of Cash Collateral on a

final basis is necessary, appropriate and in the best interests of the Debtors' estates; and upon all

pleadings filed with this Court, all proceedings held before the Court, and the evidence adduced

in connection therewith; and after due deliberation and consideration, and for good and sufficient

cause appearing for the entry of the within Order (the "**Final Order**"), it is hereby found:

(Page 5)
Debtor:              SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.             15-24999 (VFP)
Caption of Order:    FINAL ORDER (1) AUTHORIZING THE DEBTORS' USE OF CASH
                     COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2) PROVIDING
                     ADEQUATE PROTECTION TO THE DEBTORS' PRE-PETITION
                     LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, AND (3)
                     GRANTING OTHER RELATED RELIEF

---

**BASED UPON THE RECORD ESTABLISHED AT THE HEARING BY THE DEBTORS, THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.      **Petition Date**.  On August 10, 2015 (the "**Petition Date**"), the Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of New Jersey.  The Debtors have continued in the management and operation of their business and property as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 cases (the "**Cases**").

B.      **Jurisdiction and Venue**.  This Court has jurisdiction, pursuant to 28 U.S.C. §§ 157(b) and 1334, over these proceedings, and over the persons and property affected hereby. Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (M) and (O).  Venue for the Cases and proceedings on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      **Statutory Committee Appointed**.  On August 20, 2015, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**") in this Chapter 11 case pursuant to 11 U.S.C. § 1102.

D.      **Notice**.  Notice of the Motion and the Final Hearing on the Debtors' use of Cash Collateral has been served in accordance with Sections 102(1) and 363 of the Bankruptcy Code

(Page 6)
Debtor:            SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.           15-24999 (VFP)
Caption of Order:  FINAL ORDER (1) AUTHORIZING THE DEBTORS' USE OF CASH
                   COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2) PROVIDING
                   ADEQUATE PROTECTION TO THE DEBTORS' PRE-PETITION
                   LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, AND (3)
                   GRANTING OTHER RELATED RELIEF

---

and Bankruptcy Rules 2002, 4001(b) and 4001(c), which notice is appropriate in the particular

circumstances and sufficient for all purposes under the Bankruptcy Code and the applicable

Bankruptcy Rules and Local Rules with respect to the relief requested.

      **E.**    **Pre-Petition Secured Debt**.  BONY, as Master Trustee, is likely to assert a

secured claim in the approximate amount of $227.8 million as of the Petition Date, secured by

liens on substantially all the Debtors' assets.

      **F.**    **Pre-Petition Collateral**.  Subject to BONY making a *prima facie* showing and

subject to the reservation of rights set forth in decretal paragraph (d) below, it appears that

BONY may have properly perfected liens on: (i) the "Collateral," which includes (a) all receipts,

revenues, income and other moneys received by or on behalf of an the Debtors, including,

without limitation, contributions, donations and pledges whether in the form of cash, securities,

deposit accounts, or other personal property, revenues derived from the operation of the Debtors'

facilities, and all rights to receive the same, whether in the form of accounts receivable, contract

rights, chattel paper, instruments or other rights, and the proceeds thereof, and any insurance or

condemnation proceeds thereon, whether now existing or hereafter coming into existence and

whether now owned or held or hereafter acquired by the Debtors (the "**Gross Receipts**");

provided, however, that Gross Receipts shall not include (1) gifts, grants, bequests, donations

and contributions heretofore or hereafter made, designated at the time of making thereof by the

(Page 7)
Debtor:             SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.            15-24999 (VFP)
Caption of Order:   FINAL ORDER (1) AUTHORIZING THE DEBTORS' USE OF CASH
                    COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2) PROVIDING
                    ADEQUATE PROTECTION TO THE DEBTORS' PRE-PETITION
                    LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, AND (3)
                    GRANTING OTHER RELATED RELIEF

donor or maker as being for certain specific purposes, and the income therefrom, to the extent

required by such designation, and (2) rents, profits or revenues of any nature derived exclusively

from property securing non-recourse indebtedness; (b) any and all property of the Debtors,

including, without limitation, all accounts, as-extracted collateral, chattel paper, commercial tort

claims, deposit accounts, documents, farm products, fixtures, general intangibles, goods

(including, without limitation, inventory and equipment), instruments, investment property and

letter of credit rights, whether presently owned or hereafter acquired, together with all Proceeds

(as defined in the UCC) and products thereof; provided, however, that Collateral shall not

include gifts, grants, bequests, donations and contributions heretofore or hereafter made which

are designated at the time of the making thereof by the donor or maker as being for certain

specified dedicated purposes, and the income therefrom, to the extent required by such

designation; (ii) all moneys, securities and investments held in the Revenue Fund, and (iii) all

Proceeds (as defined in the UCC) of any and all of the property described in clauses (i) and (ii)

(collectively, the "**BONY Collateral**").  To further secure the Debtors' obligations under the

Loan Documents, the Debtors granted BONY a mortgage on the Debtors' real property,

buildings, structures, improvements and fixtures located at 111 Central Avenue, Newark, NJ

07102 (the "**Mortgaged Property**," and together with the BONY Collateral, the "**Prepetition

Collateral**") and general intangibles related thereto, (b) all rents and moneys payable in respect

(Page 8)
Debtor:                    SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.                   15-24999 (VFP)
Caption of Order:          FINAL ORDER (1) AUTHORIZING THE DEBTORS' USE OF CASH
                           COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2) PROVIDING
                           ADEQUATE PROTECTION TO THE DEBTORS' PRE-PETITION
                           LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, AND (3)
                           GRANTING OTHER RELATED RELIEF

of any lease agreements executed by the Debtors with respect thereto, (c) all proceeds of

insurance or condemnation awards with respect thereto and (d) warranties or service contracts

existing with respect thereto.

G.      **Cash Collateral**.  "Cash Collateral" as defined by Section 363(a) of the

Bankruptcy Code includes post-petition proceeds, products, offspring, rents, or profits of

property and the fees, charges, accounts or other payments for the use or occupancy of rooms

and other public facilities in hotels, motels, or other lodging properties subject to a security

interest as provided in Section 552(b) of the Bankruptcy Code and as the term "proceeds" is

described in UCC Section 9-306.

H.      **Necessity and Best Interest**.  The Debtors do not have sufficient unencumbered

cash or other assets with which to continue to operate their businesses in Chapter 11.  The

Debtors require authority to use Cash Collateral to continue their business operations without

interruption toward the objective of selling the Debtors' assets under Section 363 of the

Bankruptcy Code.  The Debtors' use of Cash Collateral to the extent and on the terms and

conditions set forth herein is necessary to avoid immediate and irreparable harm to the estates.

The relief requested in the Motion is, therefore, of the utmost significance and importance to the

preservation and maintenance of the Debtors' assets and the going concern value of the Debtors.

The amount of Cash Collateral authorized to be used is not to exceed the amounts reflected in the

(Page 9)
Debtor:                 SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.                15-24999 (VFP)
Caption of Order:       FINAL ORDER (1) AUTHORIZING THE DEBTORS' USE OF CASH
                        COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2) PROVIDING
                        ADEQUATE PROTECTION TO THE DEBTORS' PRE-PETITION
                        LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, AND (3)
                        GRANTING OTHER RELATED RELIEF

---

Debtors' 13-week summary cash flow budget attached to this Final Order as Exhibit A (the

"**Budget**").

    **I.**    **Purposes**.  The Debtors must be authorized to use the Cash Collateral of BONY

to meet their ordinary cash needs for the payment of actual expenses of the Debtors necessary to:

(a) maintain and preserve their assets, and (b) continue operation of their business during this

Chapter 11 case.

    NOW, THEREFORE, on the Motion of the Debtors and on the record before the Court

with respect to the Motion, and good and sufficient cause appearing therefor,

    **IT IS ORDERED that:**

    (a)    Use of Cash Collateral.  The Debtors are authorized to use the Cash

Collateral of BONY in accordance with the Budget for the following purposes:

    (i)    maintenance and preservation of their assets; and

    (ii)    the continued operation of their businesses, including but not

limited to, payroll and payroll taxes, employee benefits and expenses, utilities, patient

care/pharmacy, taxes, insurance costs, trade payables, other ordinary course operating expenses

and professional fees.

    (b)    Adequate Protection.  Solely to the extent of, and in an aggregate amount

equal to, any diminution in value of BONY's respective interests in the Prepetition Collateral,

(Page 10)
Debtor:                SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.               15-24999 (VFP)
Caption of Order:      FINAL ORDER (1) AUTHORIZING THE DEBTORS' USE OF CASH
                       COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2) PROVIDING
                       ADEQUATE PROTECTION TO THE DEBTORS' PRE-PETITION
                       LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, AND (3)
                       GRANTING OTHER RELATED RELIEF

from and after the Petition Date, calculated in accordance with Section 506(a) of the Bankruptcy

Code, whether or not resulting from, among other things, the use, sale or lease by the Debtors,

depreciation, physical deterioration, or other decline in value, of the Prepetition Collateral, and

the imposition or enforcement of the automatic stay of Section 362(a) of the Bankruptcy Code,

or otherwise (collectively, "**Diminution in Value**"), BONY shall receive post-petition adequate

protection and/or replacement liens (the "**BONY Adequate Protection Liens**") in an amount

equal to any Diminution in Value suffered by BONY but only to the extent that the BONY

Adequate Protection Liens are granted in the Prepetition Collateral of the same type and nature

and to the same extent as held by BONY immediately prior to the Petition Date.  Except as

otherwise set forth herein, the DIP Liens (but expressly excluding the DIP Liens on the Parking

Lot which shall be first priority liens) shall be subject and subordinate to the BONY Adequate

Protection Liens; provided, however, that to extent that any of the BONY Adequate Protection

Liens are granted in any DIP Collateral of a different type or nature or to a different extent than

that of the Prepetition Collateral, then such adequate protection liens shall be junior and

subordinate to the DIP Lender's DIP Liens in such DIP Collateral.  To the extent that the

adequate protection provided for herein fails to protect BONY against any Diminution in Value,

BONY hereby is granted a superpriority administrative expense claim as provided for in Section

507(b) of the Bankruptcy Code.  In the event of any conflict between the terms of this Final

(Page 11)
Debtor:            SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.           15-24999 (VFP)
Caption of Order:  FINAL ORDER (1) AUTHORIZING THE DEBTORS' USE OF CASH
                   COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2) PROVIDING
                   ADEQUATE PROTECTION TO THE DEBTORS' PRE-PETITION
                   LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, AND (3)
                   GRANTING OTHER RELATED RELIEF

Order and/or the Interim Cash Collateral Orders, on the one hand, and the Interim DIP Orders

and the final Order approving the Debtors' proposed DIP financing on a final basis (the "**Final**

**DIP Order**"), on the other hand, the Interim DIP Orders and the Final DIP Order shall control.

For the avoidance of doubt, if the Committee exercises the Committee Option (as defined in the

Final DIP Order) and the DIP Lender waives all of its claims arising from or related to any and

all of the DIP Obligations, then the subordination set forth above with respect to the DIP Liens

and BONY Adequate Protection Liens shall be null and void and of no force or effect.

     (c)    Deemed Perfected.  The BONY Adequate Protection Liens granted herein

are automatically deemed perfected upon entry of this Final Order without the necessity of

BONY taking possession, filing financing statements, mortgages or other documents.  Although

not required, upon request by BONY, the Debtors shall execute and deliver to BONY any and all

UCC Financing Statements, UCC Continuation Statements, Certificates of Title or other

instruments or documents considered by BONY to be necessary in order to perfect the BONY

Adequate Protection Liens granted by this Order, and BONY is authorized to receive, file and

record the foregoing at BONY's own expense, which actions shall not be deemed a violation of

the automatic stay.

     (d)    Reservation of Rights.  Nothing herein shall constitute a finding that

BONY has a valid lien on the Cash Collateral or any of the other assets of the Debtors.  The

(Page 12)
Debtor:                  SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.                 15-24999 (VFP)
Caption of Order:        FINAL ORDER (1) AUTHORIZING THE DEBTORS' USE OF CASH
                         COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2) PROVIDING
                         ADEQUATE PROTECTION TO THE DEBTORS' PRE-PETITION
                         LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, AND (3)
                         GRANTING OTHER RELATED RELIEF

---

Debtors and the Committee reserve all their rights concerning the validity, extent, priority and/or

avoidability of any of the alleged liens of BONY.  In the event BONY's alleged lien or liens on

Cash Collateral are determined to be invalid or not perfected, then the adequate protection

provided hereunder to BONY and the subordination of any of the DIP Liens to the BONY

Adequate Protection Liens shall be null and void and of no force and effect.  Notwithstanding

anything to the contrary, nothing herein shall be deemed an admission, estoppel, waiver,

modification or limitation of, or have any adverse or prejudicial effect on, the Committee's

rights, claims, defenses and/or objections with respect to the Post-Petition Financing

Arrangement, including, without limitation, any issues relating to the Budget, the DIP Facility or

the DIP Lender.

(e)      Reporting.  The Debtors shall provide BONY and the Committee's

counsel with copies of their monthly United States Trustee operating reports.

(f)      Creditor's Rights of Inspection and Audit.  Upon reasonable notice by

BONY, the Debtors shall permit BONY and any of its agents reasonable access to the Debtors'

records, place of business and to collateral during normal business hours to verify the existence,

condition and location of collateral in which BONY holds a security interest and to audit the

Debtors' cash receipts and disbursements.

(Page 13)
Debtor:                  SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.                 15-24999 (VFP)
Caption of Order:        FINAL ORDER (1) AUTHORIZING THE DEBTORS' USE OF CASH
                         COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2) PROVIDING
                         ADEQUATE PROTECTION TO THE DEBTORS' PRE-PETITION
                         LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, AND (3)
                         GRANTING OTHER RELATED RELIEF

---

(g)    No Obligation to Make Loans.  Nothing contained herein shall be deemed or construed to require BONY to make any loans or advances to the Debtors.

(h)    Default Hearing.  In the event the Debtors default under or violate this Final Order, BONY may request a hearing within fourteen (14) days (or if immediate and irreparable injury, loss or damage may occur, an emergency hearing within forty-eight (48) hours).

(i)    Objections to Entry of Final Order Overruled.  All objections to the Motion or to entry of this Final Order, to the extent not withdrawn or resolved, are hereby overruled.

## NOTICE

IT IS FURTHER ORDERED that the Debtors serve a copy of this Final Order by first class mail, within one (1) business day from the date hereof, on: (i) the Office of the United States Trustee (Attn: Fran Steele, Esq.), One Newark Center, Suite 2100, Newark, NJ 07102; (ii) the United States Securities and Exchange Commission; (iii) the New Jersey Health Care Facilities Financing Authority (Attn: Mr. Mark Hopkins, Executive Director), Station Plaza Building #4, 22 S. Clinton Ave., Trenton, NJ 08609-1212; (iv) counsel to the Bank of New York Mellon, as indenture trustee, Emmet, Marvin & Martin, LLP (Attn:  Thomas A. Pitta, Esq.), 120 Broadway 32nd Floor, New York, NY 10271; (v) the Internal Revenue Service, Insolvency

(Page 14)
Debtor:              SAINT MICHAEL'S MEDICAL CENTER, INC.
Case No.             15-24999 (VFP)
Caption of Order:    FINAL ORDER (1) AUTHORIZING THE DEBTORS' USE OF CASH
                     COLLATERAL PURSUANT TO 11 U.S.C. § 363, (2) PROVIDING
                     ADEQUATE PROTECTION TO THE DEBTORS' PRE-PETITION
                     LENDER PURSUANT TO 11 U.S.C. §§ 361 AND 363, AND (3)
                     GRANTING OTHER RELATED RELIEF

---

Section; (vi) the Internal Revenue Service, Department of Treasury; (vii) the New Jersey

Department of Treasury; (viii) the New Jersey Department of Health (Attn: Mr. William Conroy,

Deputy Commissioner), 369 S. Warren St., Trenton, NJ 08608; (ix) the Office of the Attorney

General of the State of New Jersey; (x) the Office of the United States Attorney (Attn: Anthony

J. LaBruna, Assistant U.S. Attorney), 970 Broad Street, Suite 700, Newark, NJ 07102; (xi)

counsel to Trinity Health Corporation, Buchanan Ingersoll & Rooney PC (Attn: William H.

Schorling, Esq.), Two Liberty Place, 50 S. 16th Street, Suite 3200, Philadelphia, PA 19102-

2555; (xi) counsel to the Committee, Sills Cummis & Gross P.C. (Attn: Andrew Sherman, Esq.),

One Riverfront Plaza, Newark, NJ 07102; and (xii) all other known parties asserting a lien

against the Debtors' assets.  The Debtors shall thereafter file with the Clerk a Certificate of

Service of said mailing.

# Exhibit A

**Saint Michael's Medical Center**
**Liquidity Projection**
**2nd DIP Budget**

| | week 1 Projected 09/27/15 | week 2 Projected 10/04/15 | week 3 Projected 10/11/15 | week 4 Projected 10/18/15 | week 5 Projected 10/25/15 | week 6 Projected 11/01/15 | week 7 Projected 11/08/15 | week 8 Projected 11/15/15 | week 9 Projected 11/22/15 | week 10 Projected 11/29/15 | week 11 Projected 12/06/15 | week 12 Projected 12/13/15 | week 13 Projected 12/20/15 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Receipts** | | | | | | | | | | | | | |
| DAILY DEPOSITS (040) | 922,503 | 922,503 | 922,503 | 830,253 | 830,253 | 830,253 | 738,002 | 738,002 | 738,002 | 728,002 | 830,253 | 830,253 | 830,253 |
| Bank Transfer (040) | | 200,000 | | | | 100,000 | 750,000 | 750,000 | 750,000 | 750,000 | 750,000 | 750,000 | 750,000 |
| Foundation unrestricted funds support (040) | | | | 1,600,000 | | | 61,333 | | 61,333 | 61,333 | 162,749 | | 162,749 |
| DAILY DEPOSITS (244) | 2,663,829 | 3,006,366 | 1,014,166 | 2,904,949 | 2,121,649 | 2,904,949 | | 2,053,533 | | 3,262,433 | 2,154,949 | 2,154,949 | 300,000 |
| TRANSFER from 340B account | | | | | | | | | | | | | |
| **Total Receipts** | 3,586,332 | 4,128,869 | 1,936,669 | 5,335,202 | 2,951,902 | 3,835,202 | 1,549,335 | 3,841,535 | 1,549,335 | 4,750,435 | 1,843,002 | 3,735,202 | 2,043,002 |
| **Disbursements** | | | | | | | | | | | | | |
| Bond Payments (040) | 128,779 | 128,779 | 128,779 | 128,779 | 128,779 | 128,779 | 128,779 | 128,779 | 128,779 | 128,779 | 128,779 | 128,779 | 128,779 |
| Med Realty (040) | 6,461 | 6,461 | 6,461 | 6,461 | 6,461 | 6,461 | 6,461 | 6,461 | 6,461 | 6,461 | 6,461 | 6,461 | 6,461 |
| EIT Payments (040) | 21,902 | 21,902 | 21,902 | 21,902 | 21,902 | 21,902 | 21,902 | 21,902 | 21,902 | 21,902 | 21,902 | 21,902 | 21,902 |
| Senior Health Outreach (040) | | | | | | | | | | | | | |
| Practice Operating Expenses (040) | 243,843 | 243,843 | 243,843 | 243,843 | 243,843 | 243,843 | 243,843 | 243,843 | 243,843 | 243,843 | 243,843 | 243,843 | 243,843 |
| Unemployment Contribution (040) | 246,664 | 246,664 | 246,664 | 246,664 | 246,664 | 246,664 | 246,664 | 246,664 | 246,664 | 246,664 | 246,664 | 246,664 | 246,664 |
| Wage Indemnification (040) | 2,102 | 2,102 | 2,102 | 2,102 | 2,102 | 2,102 | 2,102 | 2,102 | 2,102 | 2,102 | 2,102 | 2,102 | 2,102 |
| Clinical Professional Services (040) | 5,069 | 5,069 | 5,069 | 5,069 | 5,069 | 5,069 | 5,069 | 5,069 | 5,069 | 5,069 | 5,069 | 5,069 | 5,069 |
| Other (040) | 11,668 | 11,668 | 11,668 | 11,668 | 11,668 | 11,668 | 11,668 | 11,668 | 11,668 | 11,668 | 11,668 | 11,668 | 11,668 |
| Utility Deposit (040) | 6,502 | 6,502 | 6,502 | 6,502 | 6,502 | 6,502 | 6,502 | 6,502 | 6,502 | 6,502 | 6,502 | 6,502 | 6,502 |
| Accounts payable (244) | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 |
| Payroll (244) | 39,244 | 120,000 | | | | | | | | | | | |
| Payroll Taxes (244) | 1,802 | 1,802 | 1,802 | 1,802 | 1,802 | 1,802 | 1,802 | 1,802 | 1,802 | 1,802 | 1,802 | 1,802 | 1,802 |
| Prepaid Payroll (244) | 1,188 | 1,188 | 1,188 | 1,188 | 1,188 | 1,188 | 1,188 | 1,188 | 1,188 | 1,188 | 1,188 | 1,188 | 1,188 |
| Shared Services (244) | 2,003,188 | 1,593,835 | 1,593,835 | 1,593,835 | 1,593,835 | 1,593,835 | 1,593,835 | 1,593,835 | 1,593,835 | 1,593,835 | 1,593,835 | 1,593,835 | 1,593,835 |
| Medical Life Benefits (244) | 2,901,188 | 3,110,188 | 3,110,188 | 3,110,188 | 3,110,188 | 3,110,188 | 3,110,188 | 3,110,188 | 3,110,188 | 3,110,188 | 3,110,188 | 3,110,188 | 3,110,188 |
| Check (244) | | | | (146,157) | | | | | | | | | |
| Physician Billing (244) | | | | 2,430,253 | 830,253 | | | | | | | | |
| Autopay Card Services (244) | | | 225,133 | 225,133 | 675,000 | 675,000 | 1,425,000 | 1,425,000 | 1,425,000 | 1,425,000 | 1,425,000 | 1,425,000 | 1,425,000 |
| Financing (244) | 1,500,000 | 1,500,000 | 1,250,000 | 1,250,000 | 675,000 | 675,000 | 61,333 | 2,053,533 | 61,333 | 262,749 | 2,154,949 | 2,154,949 | 750,000 |
| Mercy Health (244) | 3,004,366 | 2,904,949 | 2,904,949 | 2,904,949 | 2,121,649 | 5,115,814 | 4,953,504 | 4,991,193 | 4,828,882 | 4,666,572 | 4,596,511 | 4,526,451 | 4,526,451 |
| Corporate Analysis Charge (244) | | | | | | 382,314 | | | | | | | |
| Credits/Fees/Returns (244) | | | | | 186,893 | 663,796 | 663,794 | 663,796 | 663,796 | 663,796 | 662,982 | 1,660,371 | 562,384 |
| CAPEX from AP Shared (244) | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 |
| Other wage adjustment (244) | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 |
| Restructuring (244) | | | | | | | | | | | | | |
| **Total Disbursements** | 4,665,562 | 6,371,466 | 2,375,436 | 4,895,625 | 3,208,855 | 6,358,289 | 2,375,440 | 5,585,629 | 2,375,442 | 5,485,631 | 2,375,444 | 5,485,633 | 2,375,446 |
| **Net Cash Flow** | (1,079,230) | (2,242,598) | (438,767) | 439,577 | (256,953) | (2,523,087) | (826,105) | (1,744,094) | (826,107) | (735,196) | (532,442) | (1,750,431) | (332,444) |
| | | | | | | | | | | | | | |
| Beginning Balance (Operating Account 040) | 5,147,644 | 5,815,859 | 5,815,859 | 4,893,049 | 4,340,239 | 5,235,119 | 5,115,814 | 4,953,504 | 4,991,193 | 4,828,882 | 4,666,572 | 4,596,511 | 4,526,451 |
| Total Receipts | 922,503 | 922,503 | 922,503 | 922,503 | 830,253 | 830,253 | 738,002 | 738,002 | 738,002 | 728,002 | 830,253 | 830,253 | 830,253 |
| Total Disbursements | 254,688 | 922,503 | 1,250,000 | 675,000 | 675,000 | 1,250,000 | 1,488,002 | 1,788,002 | 1,488,002 | 1,488,002 | 1,580,253 | 1,580,253 | 225,133 |
| Bank Transfers | 1,500,000 | 1,500,000 | 1,250,000 | 1,250,000 | 1,250,000 | 675,000 | 1,425,000 | 1,425,000 | 1,425,000 | 1,425,000 | 1,425,000 | 1,425,000 | 1,425,000 |
| Ending 040 Balance | 5,815,859 | 4,893,049 | 4,340,239 | 5,295,179 | 5,225,119 | 5,115,814 | 4,953,504 | 4,991,193 | 4,828,882 | 4,666,572 | 4,596,511 | 4,526,451 | 4,756,390 |
| | | | | | | | | | | | | | |
| Beginning 244 Balance | 3,206,366 | 3,206,366 | 1,014,166 | 2,904,949 | 2,121,649 | 5,115,814 | 2,053,533 | 61,333 | 2,053,533 | 262,433 | 2,154,949 | 2,154,949 | 750,000 |
| Total 244 Receipts | 2,663,829 | 1,500,000 | 1,250,000 | 2,904,949 | 675,000 | 675,000 | 1,425,000 | 1,425,000 | 1,425,000 | 1,425,000 | 1,425,000 | 1,425,000 | 1,425,000 |
| Total Transfers | 1,075,146 | | | | | | | | | | | | |
| Bank Transfers | 6,026,153 | 6,093,722 | 2,383,542 | 2,150,123 | 5,260,316 | 5,260,316 | 5,260,129 | 5,260,129 | 5,260,129 | | | | |
| Total 244 Disbursements | | 114,043 | 114,043 | (415,071) | 6,093,722 | (2,413,782) | (663,794) | (1,781,784) | (663,796) | (572,886) | (663,796) | (1,660,371) | (562,384) |
| 244 Change in Cash | (1,747,646) | (1,315,788) | 114,043 | (515,363) | (186,893) | (2,413,782) | (663,794) | (1,781,784) | (663,796) | (572,886) | (663,796) | (1,660,371) | (562,384) |
| | | | | | | | | | | | | | |
| Post Petition Professional Fees incurred | 226,000 | 191,000 | 226,000 | 256,000 | 172,000 | 172,000 | 172,000 | 172,000 | 172,000 | 172,000 | 172,000 | 172,000 | 172,000 |
| Professional Fees paid from DIP (Cash Transfer) | | | 888,646 | 300,000 | 300,000 | | | | | | 156,000 | | |
| DIP Borrowings/Repayments | 1,747,646 | 1,319,788 | (114,043) | 515,363 | 186,893 | 2,413,782 | 663,794 | 1,781,784 | 663,796 | 572,886 | 663,796 | 1,660,371 | 562,384 |
| Weekly DIP Borrowings/Repayments | | 638 | 1,801 | 1,896 | 2,146 | 4,931 | 6,540 | 8,596 | 9,362 | 10,023 | 10,736 | 618,382 | 13,971 |
| DIP Interest (accrued) | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| Beginning DIP Balance | | (766,803) | 553,623 | 1,319,788 | 1,865,785 | 2,113,516 | 4,284,538 | 5,685,272 | 7,475,651 | 8,148,809 | 8,731,718 | 9,360,835 | 12,177,939 |
| Borrowings/Repayments | (766,803) | 1,319,526 | 1,319,526 | 575,364 | 515,363 | 216,893 | 663,794 | 1,781,784 | 663,796 | 582,909 | 618,382 | 2,803,133 | 562,384 |
| Ending DIP Balance | (766,803) | 553,623 | 1,319,788 | 1,865,785 | 2,113,516 | 4,284,538 | 5,685,272 | 7,475,651 | 8,148,809 | 8,731,718 | 9,360,835 | 12,177,939 | 12,754,942 |
| Professional Fee Carve Out Reserve | (2,514,440) | (2,514,440) | 300,000 | 300,000 | 600,000 | 1,400,734 | 1,400,734 | 671,158 | 663,796 | 572,886 | 463,382 | 562,384 | 562,384 |
| Adjusted DIP Balance (including Reserve) | 1,747,646 | 1,319,788 | 515,363 | 216,893 | 2,413,782 | 1,781,764 | 1,781,784 | 663,796 | 572,886 | 618,382 | 2,801,133 | 1,122,761 | 1,122,761 |
| Availability ($15.0 million facility) | 14,315,592 | 12,804,157 | 12,690,909 | 11,947,650 | 11,502,611 | 8,912,897 | 6,110,184 | 5,266,026 | 3,868,000 | 13,132,000 | 13,027,344 | 13,805,345 | 13,805,345 |
| | | | | | | | | | | | | | |
| Operating Cash | 5,815,859 | 4,893,049 | 4,340,239 | 5,295,179 | 5,225,119 | 5,115,814 | 4,953,504 | 4,991,193 | 4,828,882 | 4,666,572 | 4,596,511 | 4,526,451 | 4,756,390 |
| Non Operating Account Cash Balance (Estimate) | 12,923,159 | 12,923,159 | 12,923,159 | 12,923,159 | 12,923,159 | 11,423,159 | 10,673,159 | 10,673,159 | 9,923,159 | 9,173,159 | 8,423,159 | 8,423,159 | 8,423,159 |
| Base Change in Accounts Receivable | | (2,467,947) | | (2,933,333) | (1,333,333) | | | | | (500,000) | | | |
| Estimated ICD-10 Impact | | | | | | | | | | | | | |
| Estimated Accounts Receivable including Credit Balance | 19,883,552 | 17,425,605 | 17,425,605 | 17,425,605 | 16,092,272 | 16,842,272 | 17,592,272 | 18,342,272 | 19,092,272 | 19,092,272 | 20,092,272 | 20,842,272 | 20,842,272 |
| Change in Other Receivables | | 1,322,929 | | | 750,000 | 750,000 | 750,000 | 750,000 | 750,000 | 750,000 | 750,000 | 750,000 | 750,000 |
| Estimated Other Receivables | 2,921,095 | 4,244,024 | 4,244,024 | 4,244,024 | 4,244,024 | 4,244,024 | 4,244,024 | 4,244,024 | 4,244,024 | 4,244,024 | 4,244,024 | 4,244,024 | 4,766,390 |
| Estimated Total Cash + Net Accounts Receivable | 41,543,665 | 39,485,837 | 39,887,967 | 38,333,027 | 38,375,269 | 38,375,269 | 38,250,968 | 38,342,217 | 37,526,026 | 37,526,026 | 37,355,966 | 37,285,906 | 37,515,845 |

Temporary Cash Held by DIP Lender

SMMC 2nd DIP Budget