UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota, Esq.
Gerald H. Gline, Esq.
Ryan T. Jareck, Esq.
(201) 489-3000
(201) 489-1536 Facsimile
*Attorneys for Saint Michael's*
*Medical Center, Inc., et al., Debtors-in-Possession*

| | |
|---|---|
| In re:<br><br>SAINT MICHAEL'S MEDICAL CENTER,<br>INC., *et al.*[1]<br><br>Debtors-in-Possession. | Case No.: 15-24999-VFP<br><br>(Jointly Administered) |

**FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF**

This matter is before the Court on the Motion (the "Motion") of Saint Michael's

Medical Center, Inc. ("SMMC"), Columbus Acquisition Corp. ("CAC"), Saint James Care, Inc.

("SJC") and University Heights Property Company, Inc. ("UHPC," together with SMMC, CAC

and SJC, collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases"),

requesting entry of an interim order (the "Interim Order") and a final order (the "Final Order")

pursuant to Sections 105, 362, 364(c)(1), 364(c)(2), 364(c)(3) and 364(e) of the United States

Code (as amended, the "Bankruptcy Code") and Rules 2002, 4001, and 9014 of the Federal

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal identification number are: Saint Michael's Medical Center, Inc. (6046); Columbus Acquisition Corp. (6342); Saint James Care, Inc. (6230); and University Heights Property Company, Inc. (0162).

2754942 v6    October 16, 2015

*So Ordered:*
*Vincent F Papalia, U.S.B.J.*

(Page 2)

Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.            15-24999
Caption of Order:   FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                    OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                    105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                    SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                    PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                    RELIEF

---

Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and Rule 4001-4 of the

Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for

the District of New Jersey (as amended, the "Local Bankruptcy Rules"):

(1)     authorizing Debtors to obtain post-petition financing from Trinity Health

Corporation ("Trinity" or the "DIP Lender"), consisting of (x) a secured revolving credit facility

in the principal amount of up to $15,000,000 (the "DIP Facility") to be used to fund cash flow

shortfalls, general working capital and liquidity purposes including the payment of professional

fees and administrative expenses as described herein and in that certain *DIP Loan Term Sheet*, by

and among the DIP Lender, as Lender, and the Debtors, as Borrowers (substantially in the form

attached as Exhibit B to the Motion, together with all schedules, exhibits and annexes thereto,

and as any time amended, the "DIP Term Sheet"),[2] of which amount $5,000,000 was made

available on an interim basis;

(2)     authorizing the Debtors to execute and enter into the DIP Term Sheet

(together with all documents, certificates, instruments entered into in connection therewith,

collectively, the "DIP Loan Documents") and to perform all such other and further acts as may

be required in connection with the DIP Loan Documents;

---

[2] All capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to them in the
DIP Term Sheet.

2754942 v6

(Page 3)

Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.            15-24999
Caption of Order:   FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                    OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                    105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                    SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                    PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                    RELIEF

---

(3)    authorizing the Debtors to use proceeds of the DIP Facility solely as expressly permitted in the DIP Loan Documents and in accordance with the Interim Order and the Final Order;

(4)    granting automatically perfected (i) first priority security interests in and liens on all of the DIP Collateral (as defined below) on which there are no valid, enforceable and properly perfected preexisting liens, and (ii) non-priming security interests in and liens on all of the DIP Collateral upon which there are valid, enforceable and properly perfected preexisting liens, to the DIP Lender to the extent provided herein, and granting superpriority administrative expense status to the DIP Obligations (as defined below);

(5)    vacating and modifying the automatic stay pursuant to Section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of the Interim Order, the Final Order and the DIP Loan Documents;

(6)    subject only to and effective upon entry of the Final Order, waiving the Debtors' ability to surcharge against collateral pursuant to Section 506(c) of the Bankruptcy Code;

3

2754942 v6

(Page 4)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

---

(7)     subject only to and effective upon entry of the Final Order, granting liens to the DIP Lender on the proceeds of the Debtors' claims and causes of action arising under chapter 5 of the Bankruptcy Code;

(8)     scheduling a final hearing (the "Final Hearing") to consider entry of the Final Order, and in connection therewith, giving and prescribing the manner of notice of the Final Hearing on the Motion; and

(9)     granting the Debtors such other and further relief as is just and proper.

On August 11, 2015, this Court entered an Interim Order Authorizing Debtors in Possession to (I) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 362 and 363, and 364, (II) Grant Liens and Superpriority Claims to Postpetition Lenders Pursuant to 11 U.S.C. § 364; and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(B) and (C) and Local Bankruptcy Rule 4001-4 (the "Initial Interim DIP Order") [Docket No. 32].

Subsequent to the entry of the Initial Interim DIP Order, the Debtors, the DIP Lender and the Official Committee of Unsecured Creditors (the "Committee") agreed to amend, restate and replace and supercede the Initial Interim DIP Order.   On September 18, 2015 the Court entered an Amended and Restated Consented to Interim Order Authorizing Debtors in Possession to (I) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 362 and 363, and

4

2754942 v6

(Page 5)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

---

364, (II) Grant Liens and Superpriority Claims to Postpetition Lenders Pursuant to 11 U.S.C. § 364; and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(B) and (C) and Local Bankruptcy Rule 4001-4 [Docket No. 198] (the "Amended and Restated Interim DIP Order").

Subsequently, the Debtors, the DIP Lender and the Committee agreed to the entry of an Order amending the Amended and Restated Interim DIP Order (the "Second Amended Interim DIP Order"). The Court entered the Second Amended Interim DIP Order on September 30, 2015 [Docket No. 238] (together with the Initial Interim DIP Order and the Amended and Restated Interim DIP Order, the "Interim Orders").

On October 7, 2015, the Honorable John K. Sherwood conducted a mediation among the Debtors, Trinity and the Committee to attempt a consensual resolution of the Committee's objections to the entry of the Final Order (the "Mediation").

Based upon the Court's review of the Motion, the exhibits attached thereto, the *Declaration of David Ricci In Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), all matters brought to the Court's attention at the interim hearing and the final hearing held on October 16, 2015 pursuant to Bankruptcy Rules 4001(b)(2) and (c)(2), the

5

(Page 6)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

---

results of the Mediation, and the consent of the DIP Lender, the Committee and the Debtors to the entry of the Final Order on the terms set forth herein:

**IT IS HEREBY FOUND, DETERMINED, AND ADJUDGED, that:**[3]

1. <u>Disposition</u>. The Motion is hereby GRANTED, as and to the extent provided herein. Any and all objections to the relief requested in the Motion, to the extent not otherwise withdrawn, waived, or resolved by consent at or before the Final Hearing, and all reservations of rights included therein, are hereby OVERRULED and DENIED.

2. <u>Jurisdiction; Core Proceeding</u>. This Court has jurisdiction over these Chapter 11 Cases, this Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. <u>Service of Motion, Interim Orders and Notice of Final Hearing</u>. The Debtors have caused to be served copies of the Motion (together with the annexed copies of the proposed DIP Loan Documents and Budget (defined below) annexed thereto), the Interim Orders, the notice of the Final Hearing and a copy of this Final Order by electronic mail,

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

2754942 v6

(Page 7)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

---

telecopy transmission, hand delivery, overnight courier or first class United States mail upon the Office of the United States Trustee (the "U.S. Trustee"), the Committee, each of the Debtors' twenty (20) largest unsecured creditors, the Internal Revenue Service, the United States Securities and Exchange Commission, the Office of the United States Attorney for the District of New Jersey, the New Jersey Health Care Facilities Financing Authority, Bank of New York Mellon, as Master Trustee, all parties who have filed requests prior to the date of service for notices under Rule 2002 of the Bankruptcy Rules, and all parties known by any Debtor to hold or assert a lien on any asset of a Debtor. The foregoing notices are appropriate, due and sufficient under the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, including, without limitation, Sections 102(1) and 364 of the Bankruptcy Code and Bankruptcy Rule 4001(b), (c) and (d), and that no further notice of the relief sought at the Interim Hearing and the relief granted herein is necessary or required.

4.    Petition Date. On August 10, 2015 (the "Petition Date"), each of Debtors filed with the Court its respective voluntary petition for relief under chapter 11 of the Bankruptcy Code, and each is continuing to manage its properties and to operate its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner

7

2754942 v6

(Page 8)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

---

has been appointed for any Debtor herein.    On August 18, 2015, the U.S. Trustee formed the

Committee.

     5.    <u>Debtors' Stipulations</u>.  Without prejudice to the rights of any other party

(but subject to the limitations thereon contained in paragraph 24 below), each Debtor admits,

stipulates, acknowledges and agrees as follows:

     a.    <u>Pre-Petition Obligations</u>.  Prior to the Petition Date, Trinity made

certain unsecured credit accommodations available to the Debtors (the "<u>Pre-Petition Credit</u>

<u>Arrangement</u>") consisting of, *inter alia,* (i) direct payments to third-party vendors and service

providers on behalf of goods supplied and services performed for the Debtors for which the

Debtors are obligated to reimburse Trinity; (ii) advances of credit on account of certain shared

services arrangements among the Debtors, Trinity and certain of their affiliates for which the

Debtors are obligated to reimburse Trinity; and (iii) payments of wages and certain employee

benefits on behalf of the Debtors for which the Debtors are obligated to reimburse Trinity.

     b.    <u>Pre-Petition Obligations</u>.  As of the Petition Date, the Debtors,

jointly and severally, were justly and lawfully indebted and liable under the Pre-Petition Credit

Arrangement for unsecured credit obligations outstanding principal amount of at least

$135,000,000.00 (the "<u>Pre-Petition Loans</u>," and together with all other obligations of the Debtors

8

(Page 9)

Debtors:          SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.:         15-24999
Caption of Order: FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                  OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                  105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                  SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                  PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                  RELIEF

---

in respect of indemnities, guaranties and other payment assurances given by Debtors, collectively

referred to herein as the "Pre-Petition Debt"). Each Debtor acknowledges and stipulates that: (i)

the Pre-Petition Debt is due and owing to Trinity without any defense, offset, recoupment or

counterclaim of any kind; (ii) the Pre-Petition Debt constitutes the legal, valid and binding

obligation of each Debtor, enforceable in accordance with its terms; (iii) and none of the Pre-

Petition Debt or any payments made to Trinity or applied to the obligations owing under the Pre-

Petition Credit Arrangement prior to the Petition Date is subject to avoidance, subordination, re-

characterization, recovery, attack, offset, counterclaim, defense or Claim (as defined in the

Bankruptcy Code) of any kind pursuant to the Bankruptcy Code or applicable non-bankruptcy

law.

        c.    <u>Releases</u>.  Subject to paragraph 24 below, the Debtors hereby

absolutely, unconditionally and irrevocably waive, discharge and release the Trinity Parties (as

defined in Section 24 herein) of and from any and all "Claims" (as defined in the Bankruptcy

Code), counterclaims, actions, debts, accounts, causes of action (including, without limitation,

causes of action in the nature of "lender liability"), defenses or setoff rights that any of them may

have against the Trinity Parties which arise out of or in any manner relate to the Pre-Petition

Credit Arrangement or any acts, inaction, or transactions thereunder, whether known or

9

(Page 10)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

unknown, disputed or undisputed, at law or in equity, including, without limitation, (i) any re-characterization, subordination, avoidance or other claim arising under or pursuant to section 105 or chapter 5 of the Bankruptcy Code or under any other similar provisions of applicable state law, federal law or municipal law; (ii) any right or basis to challenge or object to the amount, validity or enforceability of the applicable Pre-Petition Debt or any payments made on account of the applicable Pre-Petition Debt; and (iii) any claims and causes of action under sections 502(d), 544, 545, 547, 548, 549, 550 or 553 of the Bankruptcy Code and any other avoidance actions under the Bankruptcy Code and the proceeds thereof and property received thereby whether by judgment, settlement, or otherwise (the "Avoidance Actions").

        d.    Need for Financing. An immediate and ongoing need exists for the Debtors to obtain the DIP Facility in order to permit, among other things, the orderly continuation of the operation of their business, to maintain business relationships with vendors, suppliers and customers, to pay payroll obligations, and to satisfy other working capital and operational needs so as to maximize the value of their respective businesses and assets as debtors in possession under chapter 11 of the Bankruptcy Code. The Debtors do not have sufficient available resources of working capital to operate their businesses in the ordinary course or to pay Administrative Expenses without post-petition financing. The Debtors' ability to maintain

2754942 v6

(Page 11)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

---

business relationships with vendors and customers, to pay employees, and otherwise to fund operations is essential to Debtors' viability and to the preservation of the going concern value of their businesses pending a sale of their assets.

      6.    <u>Findings Regarding the DIP Facility</u>.

      a.    <u>Good Cause</u>.  Good cause has been shown for the entry of this Final Order and authorization for the Debtors to incur the DIP Obligations pursuant to the DIP Term Sheet as hereinafter provided.  Each Debtor's need for financing of the type afforded by the DIP Term Sheet and the use of Cash Collateral is immediate and critical.  Entry of this Final Order will preserve the assets of each Debtor's estate and its value and is in the best interests of Debtors, their creditors and their estates.  The terms of the proposed financing are fair and reasonable, reflect each Debtor's exercise of business judgment, and are supported by reasonably equivalent value and fair consideration.

      b.    <u>Proposed DIP Facility</u>.  The Debtors have requested that the DIP Lender establish the DIP Facility pursuant to which the Debtors may obtain credit accommodations, advances on an as needed basis and loans from time to time (the "<u>DIP Loans</u>," and collectively with all related obligations of the Debtors under the DIP Loan Documents, the "<u>DIP Obligations</u>"), all in accordance with and subject to the terms of the DIP Loan Documents,

11

(Page 12)

Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.            15-24999
Caption of Order:   FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                    OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                    105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                    SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                    PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                    RELIEF

---

with all DIP Obligations being secured by a security interest in and lien upon all of each

Debtor's pre-petition and post-petition real and personal property, including, without limitation,

all of each Debtor's cash, accounts, inventory, healthcare receivables, investment accounts,

equipment, fixtures, general intangibles, documents, instruments, chattel paper, deposit accounts,

letter-of-credit rights, commercial tort claims, investment property, intellectual property, real

property and leasehold interests, contract rights, and books and records relating to any assets of

such Debtor and all proceeds (including, without limitation, insurance proceeds) of the

foregoing, whether such assets were in existence on the Petition Date or were thereafter created,

acquired or arising and wherever located (all such real (including the Parking Lot) and personal

property, and the proceeds thereof, being collectively hereinafter referred to as the "DIP

Collateral").

        c.      Notwithstanding anything to the contrary, the DIP Collateral shall

exclude Avoidance Actions or any other causes of actions of the Debtors or their estates, but

shall include the proceeds therefrom (net of reasonable professional fees and costs).

        d.      For the avoidance of doubt, the priority of the DIP Lender's

security interests in the DIP Collateral shall be subject to any valid, perfected, enforceable and

unavoidable liens existing as to such DIP Collateral on the Petition Date, and to any valid,

12

(Page 13)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

---

perfected and unavoidable interests in such DIP Collateral arising out of liens arising subsequent to the Petition Date as permitted by section 546(b) of the Bankruptcy Code. The DIP Lender is willing to establish the DIP Facility upon the terms and conditions set forth herein and in the DIP Term Sheet, substantially in the form attached hereto as Exhibit A.

        e.    <u>No Credit Available on More Favorable Terms</u>.  Despite diligent efforts, the Debtors have been unable to obtain financing on more favorable terms from sources other than DIP Lender under the DIP Loan Documents and are unable to obtain adequate unsecured credit allowable under Section 503(b)(1) of the Bankruptcy Code as an administrative expense.  Debtors are also unable to obtain secured credit allowable under Sections 364(c)(1), 364(c)(2) and 364(c)(3) of the Bankruptcy Code without the Superpriority Claims (as defined in paragraph 10 below) under the terms and conditions set forth in this Final Order and in the DIP Loan Documents.

        f.    <u>Budget</u>.  The Debtors have prepared and annexed to the Motion as Exhibit C thereto a budget (as at any time amended or supplemented with the written consent of the DIP Lender, the "<u>Budget</u>") which sets forth, among other things, the projected cash receipts and disbursements for the periods covered thereby and which the Debtors believe in good faith to be realistic and achievable.  An updated version of the Budget is attached hereto as Exhibit B.

2754942 v6

(Page 14)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No.: | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

---

The DIP Lender is relying upon the Budget in entering into the DIP Term Sheet. The Debtors shall provide the DIP Lender and counsel for any official committee of unsecured creditors appointed in the Chapter 11 Cases (the "Committee") with an updated 13-week Budget every eight (8) weeks, subject to the requirements of this Final Order and the DIP Term Sheet, which shall be subject to the approval of the DIP Lender, which shall not be unreasonably withheld. Commencing on August 20, 2015 and continuing on each Thursday thereafter, the Debtors shall deliver to the DIP Lender and the Committee (i) a comparison of actual to budgeted results of operations for the preceding week, and (ii) a report of all income and expense variance on a line-item basis for the preceding week. All references restricting the use of DIP Loan proceeds to payment of amounts set forth in the Budget shall mean the most recent approved Budget, subject to the Permitted Variance. Any amendments to the DIP Budget must be consistent with the terms of the DIP Term Sheet and this Final Order, and served upon counsel for the Committee and the U.S. Trustee.

       g.    <u>Certain Conditions to DIP Facility</u>. The DIP Lender's willingness to make DIP Loans pursuant to the DIP Loan Documents is conditioned upon, among other things, (i) the Debtors obtaining Court approval of the DIP Term Sheet and all DIP Obligations of the Debtors and all rights and remedies of the DIP Lender thereunder; (ii) the DIP Lender

14

(Page 15)

Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.            15-24999
Caption of Order:   FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                    OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                    105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                    SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                    PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                    RELIEF

---

receiving, as security for the prompt payment of all DIP Obligations, a security interest in and

lien upon the DIP Collateral, and (iii) that such security interests and liens have the priorities

hereinafter set forth.

      h.    <u>Interim Hearing</u>.  Pursuant to Bankruptcy Rules 4001(b)(2) and

(c)(2) and Local Bankruptcy Rule 4001-4, the Court held the Interim Hearing and authorized the

Debtors to use Cash Collateral and obtain DIP Loans during the period from the date of entry of

the first Interim Order through the date of the Final Hearing pursuant to Bankruptcy Rules

4001(b)(2) and (c)(2) (the "<u>Interim Period</u>"), for purposes specified in the Budget.

      i.    <u>Finding of Good Faith</u>.  Based upon the record presented at the

Interim Hearing and the Final Hearing, the DIP Facility was negotiated in good faith and at

arm's-length between the Debtors, on the one hand, and the DIP Lender, on the other hand.  All

of the DIP Obligations including, without limitation, all DIP Loans made pursuant to the DIP

Term Sheet and all other liabilities and obligations of any Debtors under this Final Order owing

to the DIP Lender shall be deemed to have been extended by DIP Lender in "good faith," as such

term is used in Section 364(e) of the Bankruptcy Code, and in express reliance upon the

protections offered by Section 364(e) of the Bankruptcy Code.  The DIP Lender shall be entitled

15

2754942 v6

(Page 16)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

---

to the full protection of Section 364(e) of the Bankruptcy Code in the event that this Final Order or any provision hereof is vacated, reversed or modified, on appeal or otherwise.

j.    Immediate Entry.  The Debtors requested immediate entry of the Interim Orders pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2) and the Local Rules. Absent granting the interim relief sought by the Motion, each Debtor's estate would have been immediately and irreparably harmed pending the Final Hearing.  The Debtors' consummation of the DIP Facility in accordance with the terms of the Interim Orders, the Final Order and the DIP Loan Documents is in the best interest of each Debtor's estate and is consistent with each Debtor's exercise of its fiduciary duties.   Under the circumstances, the notice given by the Debtors of the Motion, the Interim Hearing, the Final Hearing, the Interim Orders and this Final Order constitutes due and sufficient notice thereof and complies with Bankruptcy Rules 4001(b) and (c) and the Local Rules.  No further notice of the relief sought or the entry of the Interim Orders or this Final Order is necessary or required.

7.    Final Authorization of Financing; Use of Proceeds.

a.    The Court hereby authorizes and approves the Debtors' execution and delivery of the DIP Term Sheet in substantially the form annexed hereto as Exhibit A.  (with

16

2754942 v6

(Page 17)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

---

such changes, if any, as are otherwise authorized to be made as amendments to the DIP Loan Documents in accordance with this Final Order) and all DIP Loan Documents.

b.    So long as no Event of Default has occurred and subject to the terms and conditions of the DIP Loan Documents, the Debtors are hereby authorized to incur indebtedness and borrow the DIP Loans up to an aggregate principal amount outstanding at any time equal to $15,000,000. The Debtors are further authorized, in each case, as to DIP Loans made under the DIP Facility, together with applicable interest, protective advances, expenses, fees and other charges payable in connection with such DIP Loans, to incur any and all liabilities and obligations under the DIP Loan Documents and to pay all principal, interest, fees, expenses and other obligations provided for under the DIP Loan Documents. The Debtors may use the DIP Loans to (i) make disbursements specified in the Budget and in amounts not to exceed the Permitted Variance, (ii) to pay other expenses that are required or authorized to be paid under the DIP Term Sheet, and (iv) to pay the Carve-Out (as defined below).

c.    The DIP Lender shall have no obligation or responsibility to monitor any Debtor's use of the DIP Loans, and the DIP Lender may rely upon each Debtor's representations that the amount of DIP Loans requested at any time, and the use thereof, are in

17

2754942 v6

(Page 18)

Debtors:          SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.          15-24999
Caption of Order: FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                  OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                  105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                  SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                  PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                  RELIEF

---

accordance with the requirements of this Final Order, the DIP Loan Documents, and Bankruptcy Rule 4001(c)(2).

      d.    No proceeds of any DIP Loan shall be used to (i) make any payment in settlement or satisfaction of any pre-petition claim or administrative claim, unless such payment is in compliance with the Budget, permitted under the DIP Loan Documents, and with respect to a pre-petition claim, separately approved by the Court upon notice to, and no formal objection having timely filed with the Court from the DIP Lender or any other party in interest; (ii) except as expressly provided or permitted hereunder or in the DIP Loan Documents, to make any distributions not in compliance with the Budget, or as otherwise approved by the DIP Lender; or (iii) to make any payment otherwise prohibited by this Final Order.

      e.    Trinity, the Debtors and the Committee shall cooperate in analyzing any post-petition payments made on account of the Debtors' pre-petition obligations to Trinity. Trinity shall account for and return or credit to the Debtors all such unauthorized post-petition payments, which shall not be part of the DIP Loans. All communications to Trinity shall be made through Trinity counsel.

      8.    <u>Execution, Delivery and Performance of DIP Loan Documents</u>. The DIP Loan Documents may be executed and delivered on behalf of each Debtor by any officer,

2754942 v6

(Page 19)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

---

director, or agent of such Debtor, who by signing shall be deemed to represent himself or herself to be duly authorized and empowered to execute the DIP Loan Documents for and on behalf of such Debtor. The DIP Lender shall be authorized to rely upon any such person's execution and delivery of any of the DIP Loan Documents as having been done with all requisite power and authority so to do, and the execution and delivery of any of the DIP Loan Documents or amendments thereto by any such person on behalf of such Debtor shall be conclusively presumed to have been duly authorized by all necessary corporate, limited liability company, or other entity action (as applicable) of such Debtor. Upon execution and delivery thereof, each of the DIP Loan Documents (to the extent not inconsistent with the terms of this Final Order) shall constitute valid and binding obligations of each Debtor, enforceable against each Debtor in accordance with their terms for all purposes during these Chapter 11 Cases, and any subsequently converted case of such Debtor under Chapter 7 of the Bankruptcy Code (each, a "Successor Case"). Subject to paragraph 24 of this Final Order, no obligation, payment, transfer or grant of security under the DIP Loan Documents or this Final Order shall be stayed, restrained, voidable, avoidable or recoverable under the Bankruptcy Code or under any applicable non-bankruptcy law (including, without limitation, under Sections 502(d), 544, 548 or 549 of the Bankruptcy Code or under any applicable state Uniform Fraudulent Transfer Act,

19

2754942 v6

(Page 20)

Debtors:              SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.              15-24999
Caption of Order:     FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                      OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                      105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                      SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                      PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                      RELIEF

---

Uniform Fraudulent Conveyance Act or similar statute or common law), or subject to any defense, reduction, setoff, recoupment or counterclaim. In furtherance of the provisions of this paragraph 8 of this Final Order, each Debtor is authorized and directed to (i) do and perform all acts, (ii) make, execute and deliver all instruments and documents (including, without limitation, security agreements, pledge agreements, mortgages, deeds of trust, deeds to secure debt, financing statements, amendments, waivers, consents, other modifications, and intellectual property filings); and (iii) pay all fees, costs and expenses, in each case as may be necessary or, in the opinion of the DIP Lender, desirable to give effect to any of the terms and conditions of the DIP Loan Documents, to validate the perfection of the DIP Liens (as defined below), or as may otherwise be required or contemplated by the DIP Loan Documents.

9.    DIP Liens. As security for the Debtors' payment and performance of all DIP Obligations the DIP Lender shall have and shall be granted valid, binding, enforceable, non-avoidable and automatically and properly perfected security interests in and liens upon all of the DIP Collateral, subject to the provisions in paragraph 9(d) of this Final Order (collectively, the "DIP Liens") and in the priorities set forth herein. Subject to the provisions of paragraph 24 hereof and the Carve-Out, the DIP Liens shall be:

| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
|---|---|
| Case No.: | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

a.    <u>Unencumbered Property Other Than The Parking Lot</u>.  Pursuant to Section 364(c)(2) of the Bankruptcy Code, valid, binding, continuing, enforceable, fully perfected, first priority senior liens on, and security interests in, all DIP Collateral that is not otherwise subject to valid, perfected, enforceable and unavoidable liens on the Petition Date, or to any valid, perfected and unavoidable interests in such property arising out of liens arising subsequent to the Petition Date as permitted by section 546(b) of the Bankruptcy Code.

b.    <u>The Parking Lot</u>.  Pursuant to Section 364(c)(2) of the Bankruptcy Code, the DIP Lender has and is granted a valid, binding, continuing, enforceable, fully perfected, first priority senior lien on the Parking Lot.

c.    <u>Liens Junior to Certain Other Liens</u>.  Pursuant to Section 364(c)(3) of the Bankruptcy Code, valid, binding, continuing, enforceable, fully perfected, first priority senior liens on, and security interests in, all DIP Collateral junior only to valid, binding, perfected and unavoidable interests of any other parties arising out of liens, if any, on such property existing immediately prior to the Petition Date, or to any valid, perfected and unavoidable interests in such property arising out of liens arising subsequent to the Petition Date as permitted by section 546(b) of the Bankruptcy Code.

(Page 22)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

---

d.    <u>Liens Senior to Certain Other Liens</u>.  The DIP Liens shall not be (i) subject or subordinate to (A) any lien or security interest in the Parking Lot and in any other property that is avoided and preserved for the benefit of any Debtor or its estate under Section 551 of the Bankruptcy Code (B) any lien or security interest of any lessor or landlord under agreement or applicable state law, (C) any liens or security interests granted by any Debtor to other persons or entities or otherwise arising after the Petition Date, including, without limitation, any liens or security interests granted in favor of any federal, state, municipal or other governmental unit, commission, board or court for any liability of the Debtors, unless applicable law provides otherwise, or (D) any intercompany or affiliate liens or security interests of Debtors; (ii) subordinated to or made *pari passu* with any other lien or security interest under Section 363 or 364 of the Bankruptcy Code or otherwise; or (iii) subject to Sections 510, 549 or 550 of the Bankruptcy Code.  In no event shall any person or entity who pays (or, through the extension of credit to any Debtor, causes to be paid) any of the DIP Obligations be subrogated, in whole or in part, to any rights, remedies, claims, privileges, liens or security interests granted to or in favor of, or conferred upon, the DIP Lender by the terms of any DIP Loan Documents or

22

(Page 23)

Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.            15-24999
Caption of Order:   FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                    OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                    105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                    SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                    PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                    RELIEF

---

this Final Order unless such person or entity contemporaneously causes the Full Payment of the DIP Obligations.[4]

        e.     <u>Subordinate to Adequate Protection Liens in favor of Trustee</u>.  In addition to the subordination provided in subparagraph (c) above, the DIP Liens (but expressly excluding the DIP Lien on the Parking Lot which shall be a first priority lien) shall be subject and subordinate to any post-petition adequate protection and/or replacement liens (the "<u>Trustee's Adequate Protection Liens</u>"), which may be granted to The Bank of New York Mellon Trust Company (the "<u>Trustee</u>"), as Master Trustee with respect to those certain New Jersey Health Care Facilities Financing Authority State Contract Bonds Series 2008A Bonds issued on July 31, 2008 in an amount equal to any Collateral Diminution (as defined below) suffered by the Trustee but only to the extent that the Trustee's Adequate Protection Liens are granted in collateral of the same type and nature and to the same extent as held by the Trustee immediately prior to the Petition Date (the "<u>Trustee's Pre-Petition Collateral</u>").  To the extent that any of the Trustee's Adequate Protection Liens are granted in any DIP Collateral of a different type or nature or to a different extent than that of the Trustee's Pre-Petition Collateral, then such adequate protection liens shall be junior and subordinate to the DIP Lender's liens in such DIP Collateral.

---

[4]     As used herein, the term "Full Payment," as applied to the DIP Obligations shall mean full and final payment of such indebtedness in cash, the cash collateralization of any contingent obligations, termination of any commitments to lend under the DIP Loan Documents and termination of the DIP Facility.

2754942 v6

(Page 24)

Debtors:              SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.              15-24999
Caption of Order:     FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                      OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                      105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                      SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                      PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                      RELIEF

---

"Collateral Diminution" shall mean an amount equal to (and limited to) the aggregate diminution

in value of any of the Trustee's Pre-Petition Collateral (including Cash Collateral as such term is

defined in Section 363(a) of the Bankruptcy Code) from and after the Petition Date for any

reason provided for in the Bankruptcy Code, including, without limitation, any such diminution

resulting from the use of Cash Collateral, the depreciation, sale, loss or use by any Debtor (or

any other decline in value) of such pre-petition collateral. In the event that any of the liens or

security interests asserted by the Trustee, including liens or interests asserted by the Trustee on

Cash Collateral, are held to be invalid, unenforceable, unperfected or avoidable, then the

subordination of the DIP Liens provided for herein shall be void and of no effect.

      10.    Superpriority Claims. All DIP Obligations shall constitute joint and

several allowed superpriority claims (the "Superiority Claims") against each Debtor (without the

need to file any proof of claim) pursuant to Section 364(c)(1) of the Bankruptcy Code having

priority in right of payment over all other obligations, liabilities and indebtedness of each

Debtor, whether now in existence or hereafter incurred by any Debtor, and over any and all

administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy

Code, and over any and all administrative expenses or other claims arising under Sections 105,

326, 328, 330, 331, 503(a), 503(b), 506(c), 507, 546(c), 552(b) 726, 1113 or 1114 of the

2754942 v6

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

---

Bankruptcy Code. Such Superpriority Claims shall for purposes of Section 1129(a)(9)(A) of the Bankruptcy Code be considered administrative expenses allowed under Section 503(b) of the Bankruptcy Code and shall be payable from and have recourse to all pre-petition and post-petition property of Debtors and all proceeds thereof, including, without limitation, proceeds (net of reasonable professional fees and costs) received or recovered in respect of any Avoidance Actions; *provided, however,* that the Superpriority Claims in favor of the DIP Lender shall in all respects be subject to the Carve-Out (as defined below).

11.    Repayment. Subject to the exercise of the Committee Option (as defined below), the DIP Obligations shall be due and payable, and shall be paid, as and when provided in the DIP Loan Documents and as provided herein, without offset or counterclaim. Without limiting the generality of the foregoing, in no event shall any Debtor be authorized to offset or recoup any amounts owed, or allegedly owed, by the DIP Lender to any Debtor against any of the DIP Obligations without the prior written consent of the DIP Lender and no such consent shall be implied from any action, inaction or acquiescence by the DIP Lender.

12.    Payments Free and Clear. Any and all payments or proceeds remitted to the DIP Lender pursuant to the provisions of this Final Order or any subsequent order of this

(Page 26)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

Court, shall be received free and clear of any claim, charge, assessment or other liability, including, without limitation, any such claim or charge arising out of or based on, directly or indirectly, Section 506(c) or the "equities of the case" exception of 552(b) of the Bankruptcy Code.

13.    <u>Fees and Expenses of Estate Professionals</u>.  Subject to the terms of the DIP Term Sheet and the Budget, for so long as no Event of Default has occurred and is continuing, each Debtor is authorized to use the DIP Loans to pay such compensation and expense reimbursement (collectively, "<u>Professional Fees</u>") of professional persons (including attorneys, financial advisors, accountants, investment bankers, appraisers, and consultants) retained by any Debtor with Court approval or as an ordinary course professional (the "<u>Debtors Professionals</u>") or the Committee with Court approval (the "<u>Committee Professionals</u>," collectively with the Debtors Professionals, the "<u>Professionals</u>"), to the extent that such compensation and expense reimbursement is allowed and approved by the Court, other than with respect to ordinary course professionals of the Debtors (including through any interim compensation procedures approved by the Court); <u>provided, however</u>, that notwithstanding anything herein or in any other order of this Court to the contrary, no proceeds of any DIP Loans

(Page 27)

Debtors:             SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.             15-24999
Caption of Order:    FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                     OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                     105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                     SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                     PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                     RELIEF

---

or any DIP Collateral shall be used to pay Professional Fees incurred for any Prohibited Purpose (as defined below).

14.  Section 506(c) Claims.  No costs or expenses of administration shall be imposed upon the DIP Lender or any of the DIP Collateral pursuant to Section 506(c) of the Bankruptcy Code or otherwise without the prior written consent of the DIP Lender, and no such consent shall be implied from any action, inaction or acquiescence by the DIP Lender.

15.  Carve-Out.  Notwithstanding anything in this Final Order, any DIP Loan Documents, or any other Order of this Court to the contrary, prior to the Full Payment of the DIP Obligations, the DIP Liens and Superpriority Claims in favor of the DIP Lender shall be subject and subordinate in all respects to the payment of the following Carve-Out. As used in this Final Order, "Carve-Out" means the sum of (i) all fees required to be paid pursuant to 28 U.S.C. § 1930(a)(6) and any fees payable to the Clerk of the Bankruptcy Court that are incurred prior to the Termination Date, with respect to the U.S. Trustee, in such amounts as agreed to by the U.S. Trustee or determined by order of the Court (for the avoidance of doubt, there is no limitation on the obligations of the Debtors and their estates with respect to unpaid fees payable to the U.S. Trustee and Clerk of the Bankruptcy Court pursuant to 28 U.S.C. § 1930), (ii) unpaid fees and expenses of the Debtors Professionals and the Committee's Professionals (a) incurred (x) prior to

27

(Page 28)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

---

the occurrence of an Event of Default, in an amount not to exceed the amount set forth for such fees in the Budget, or (y) after the occurrence of an Event of Default, an amount equal to any accrued but unpaid fees of the Debtors' Professionals and the Committee's Professionals as of the date of the Event of Default in an amount not to exceed the amount set forth for such fees in the Budget through the date of such Event of Default plus an additional amount not to exceed $175,000 for the Debtors' Professionals and $75,000 to the Committee's Professionals (the "Post-Default Fee Cap"), (b) subsequently allowed by the Bankruptcy Court under Sections 328, 330, 331 or 363 of the Bankruptcy Code, and (c) not otherwise payable from retainers or any professional expense escrow account established by the Debtors; and (iii) unpaid fees and expenses of any healthcare ombudsman appointed by the Bankruptcy Court allowed by an order of Court in an not to exceed the amount set forth for such fees in the Budget; provided, however, any amounts not used in a prior week by any Professional may be applied to increase the budgeted fees for subsequent weeks and the actual fees incurred in a prior week by a Professional that exceed the budgeted amount for that week may be applied against the budgeted amounts in subsequent weeks.    The Carve-Out for the Debtors' Professionals and the Committee's Professionals will be reduced dollar for dollar (x) by all payments made on account of professional fees so that the amount paid to professionals on account of fees incurred through

28

Debtors:          SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.          15-24999
Caption of Order: FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                  OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                  105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                  SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                  PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                  RELIEF

the date of an Event of Default will never exceed the Budget through the date of such Event of

Default, and (y) by all payments made after an Event of Default so that the amount paid to

professionals after an Event of Default will never exceed the Post-Default Fee Cap.  The Carve-

Out for all other Professionals will be reduced dollar for dollar by all payments made on account

of professional fees so that the amount paid to professionals on account of fees incurred through

the date of an Event of Default will never exceed the Budget through the date of such Event of

Default.

    16.    Excluded Professional Fees.  Notwithstanding anything to the contrary in

this Final Order, neither the Carve-Out, nor the proceeds of the DIP Facility in any respect,

including without limitation any DIP Loans or DIP Collateral, shall be used to pay any

Professional Fees or any other fees or expenses incurred by any Professional in connection with

any of the following (each a "Prohibited Purpose"): (a) objecting to or contesting the validity or

enforceability of this Final Order, any DIP Obligations or Pre- Petition Debt, *provided* that the

Committee may spend up to $75,000 (the "Investigation Budget") for the fees and expenses

incurred in connection with the investigation of, but not the litigation, objection or any challenge

to, the Pre-Petition Debt or the Pre-Petition Credit Arrangement; (b) asserting or prosecuting any

claim or cause of action against the DIP Lender, other than to enforce the terms of the DIP

(Page 30)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

---

Facility or this Final Order; (c) seeking to modify any of the rights granted under this Final Order to the DIP Lender or any Pre-Petition Credit Party; or (d) objecting to, contesting, delaying, preventing or interfering in any way with the exercise of rights and remedies by the DIP Lender after the occurrence and during the continuance of an Event of Default with respect to the DIP Collateral, provided that Debtors or the Committee may contest or dispute whether an Event of Default has occurred and shall be entitled to any notice provisions provided in this Final Order.

17. <u>Preservation of Rights Granted Under This Final Order</u>.

a. <u>Protection from Subsequent Financing Order</u>. Except as set forth in the DIP Term Sheet, there shall not be entered in any of these Chapter 11 Cases or in any Successor Case any order that authorizes the obtaining of credit or the incurrence of indebtedness by any Debtor (or any trustee or examiner) that is (i) secured by a security interest, mortgage or collateral interest or lien on all or any part of the property of the Debtors or (ii) entitled to priority administrative status that is equal or senior to the Superpriority Claims granted to DIP Lender herein; *provided, however,* that nothing herein shall prevent the entry of an order that specifically provides for, as a condition to the granting of the benefits of clauses (i) or (ii) above, the Full Payment of the DIP Obligations from the proceeds of such credit or indebtedness, and the termination of any funding commitments under the DIP Facility.

30

2754942 v6

(Page 31)

Debtors:          SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.          15-24999
Caption of Order: FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                  OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                  105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                  SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                  PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                  RELIEF

 

 

        b.    <u>Rights Upon Dismissal, Conversion or Consolidation</u>.  If any of the

Chapter 11 Cases are dismissed, converted or substantively consolidated with another case, then

neither the entry of this Final Order nor the dismissal, conversion or substantive consolidation of

any of the Chapter 11 Cases shall affect the rights or remedies of the DIP Lender under the DIP

Loan Documents or the rights or remedies of the DIP Lender under this Final Order, and all of

the respective rights and remedies hereunder and thereunder of the DIP Lender shall remain in

full force and effect as if such Chapter 11 Case had not been dismissed, converted, or

substantively consolidated.  Unless and until the payment in full all DIP Obligations has

occurred, it shall constitute an Event of Default if any Debtor seeks, or if there is entered, any

order dismissing any of the Chapter 11 Cases without the consent of the DIP Lender.  If an order

dismissing any of the Chapter 11 Cases is at any time entered, such order shall provide (in

accordance with Sections 105 and 349 of the Bankruptcy Code) that (i) the Superpriority Claims

and the DIP Liens shall continue in full force and effect and shall maintain their priorities as

provided in this Final Order until payment in full of all DIP Obligations, (ii) such Superpriority

Claims and DIP Liens shall, notwithstanding such dismissal, remain binding on all parties in

interest, (iii) the other rights granted by this Final Order shall not be affected, including the rights

granted by paragraph 24 of this Final Order, and (iv) this Court shall retain jurisdiction,

(Page 32)

| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
|---|---|
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

---

notwithstanding such dismissal, for the purposes of enforcing the claims, liens and security interests referred to in this paragraph and otherwise in this Final Order.

        c.    <u>Survival of the Final Order</u>.  The provisions of this Final Order, and any actions taken pursuant hereto, shall survive the entry of and shall govern with respect to any conflict with any order that may be entered confirming any plan of reorganization or liquidation in any of the Chapter 11 Cases or any Successor Case.

        d.    <u>No Discharge</u>.  None of the DIP Obligations shall be discharged by the entry of any order confirming a plan of reorganization or liquidation in any of these Chapter 11 Cases and, pursuant to Section 1141(d)(4) of the Bankruptcy Code, each Debtor has waived such discharge, unless such plan provides for Full Payment of such DIP Obligations in cash on the effective date.

        e.    <u>No Marshaling</u>.  In no event shall the DIP Lender be subject to the equitable doctrine of "marshaling" or any similar doctrine with respect to any DIP Collateral, and in no event shall any DIP Liens be subject to any pre-petition or post-petition lien or security interest that is avoided and preserved for the benefit of any Debtor's estate pursuant to Section 551 of the Bankruptcy Code.

2754942 v6

(Page 33)

Debtors:          SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.          15-24999
Caption of Order: FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                  OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                  105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                  SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                  PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                  RELIEF

---

f.     No Requirement to File Claim for DIP Obligations or Pre-Petition

Debt.  Notwithstanding anything to the contrary contained in any prior or subsequent order of the

Court, including, without limitation, any bar order establishing a deadline for the filing of proofs

of claim entitled to administrative expense treatment under Section 503(b) of the Bankruptcy

Code, the DIP Lender shall not be required to file any proof of claim with respect to any of the

DIP Obligations or the Pre-Petition Debt and the failure to file any such proof of claim shall not

affect the (i) validity or enforceability of any of the DIP Loan Documents or Pre-Petition Credit

Arrangement, (ii) the allowance, enforceability of validity of the Pre-Petition Debt or the DIP

Obligations or (iii) prejudice or otherwise adversely affect any rights, remedies, powers or

privileges of the DIP Lender under any of the DIP Loan Documents, the Pre-Petition Credit

Arrangement or under this Final Order.

18.     Automatic Perfection of Liens.  The DIP Liens shall be deemed valid,

binding, enforceable and duly perfected upon entry of this Final Order.  The DIP Lender shall

not be required to file any UCC-1 financing statements, mortgages, deeds of trust, security deeds,

notices of lien or any similar document or take any other action (including taking possession of

any of the DIP Collateral) in order to validate the perfection of any DIP Liens but all of such

filings and other actions are hereby authorized by the Court.  The DIP Lender shall be deemed to

33

2754942 v6

(Page 34)

Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.            15-24999
Caption of Order:   FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                    OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                    105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                    SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                    PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                    RELIEF

---

have "control" over all deposit accounts for all purposes of perfection under the Uniform

Commercial Code. If the DIP Lender shall, in its discretion, choose to file or record any such

mortgages, deeds of trust, security deeds, notices of lien, or UCC-1 financing statements, or take

any other action to evidence the perfection of any part of the DIP Liens, each Debtor and its

respective officers are directed to execute any documents or instruments as the DIP Lender shall

request, and all such documents and instruments shall be deemed to have been filed or recorded

at the time and on the date of entry of the Interim Order. The DIP Lender may, in its discretion,

file a certified copy of this Final Order in any filing office in any jurisdiction in which any

Debtor is organized or has or maintains any DIP Collateral or an office, and each filing office is

directed to accept such certified copy of this Final Order for filing and recording. Any provision

of any lease, license, contract or other agreement that requires the consent or approval of one or

more counterparties or requires the payment of any fees or obligations to any governmental

entity, in order for a Debtor to pledge, grant, sell, assign or otherwise transfer any such interest

or the proceeds thereof is hereby found to be (and shall be deemed to be) inconsistent with the

provisions of the Bankruptcy Code and shall have no force and effect with respect to the

transactions granting the DIP Lender a security interest in and lien on such interest, or the

34

2754942 v6

(Page 35)

Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.            15-24999
Caption of Order:   FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                    OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                    105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                    SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                    PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                    RELIEF

---

proceeds of any assignment and/or sale thereof by any Debtor, accordance with the terms of the

applicable DIP Loan Documents and this Final Order.

19.    Reimbursement of Expenses.  All reasonable costs and expenses incurred

by the DIP Lender in connection with (a) the negotiation and drafting of any DIP Loan

Documents or any amendments thereto, (b) the preservation, perfection, protection and

enforcement of the DIP Lender's rights hereunder or under any DIP Loan Documents, (c) the

collection of any DIP Obligations, or (d) the monitoring of these Chapter 11 Cases, including,

without limitation, all filing and recording fees and reasonable fees and expenses of attorneys,

accountants, consultants, financial advisors, appraisers and other professionals incurred by the

DIP Lender in connection with any of the foregoing, whether any of the foregoing were incurred

prior to or after the Petition Date, shall form a part of the DIP Obligations owing to such DIP

Lender; provided however that notwithstanding anything to the contrary, none of such fees or

expenses shall reduce the maximum availability of $15 million under the DIP Facility.

20.    Amendments to DIP Loan Documents.  The Debtors and DIP Lender are

hereby authorized to implement, in accordance with the terms of the applicable DIP Loan

Documents and without further order of the Court, any amendments to and modifications of any

of such DIP Loan Documents on the following conditions: (a) the amendment or modification is

2754942 v6

(Page 36)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

---

in writing, signed by each Debtor and the DIP Lender, (b) the amendment or modification must not constitute a material change to the terms of this Final Order or such DIP Loan Documents, (c) copies of the amendment or modification must be served upon counsel for the Committee, the U.S. Trustee, and other interested parties specifically requesting such notice, at least five days in advance of the proposed execution of such amendment or modification by the parties, and (d) notice of the amendment must be filed with the Court. Any amendment or modification that constitutes a material change, to be effective, must be approved by the Court. For purposes hereof, a "material change" shall mean a change to a DIP Loan Document that operates to shorten the DIP Facility or the maturity of the DIP Obligations, to increase the aggregate amount of the commitments of the DIP Lender under the DIP Facility, to increase the rate of interest other than as currently provided in or contemplated by the DIP Loan Documents, to grant any additional liens or security interests, or other material protections for the benefit of the DIP Lender or any of its affiliates, to add specific Events of Default, or to enlarge the nature and extent of remedies available to the DIP Lender following the occurrence of an Event of Default. Without limiting the generality of the foregoing, any amendment of a DIP Loan Document to postpone or extend any date or deadline therein (including, without limitation, the expiration of the term of the DIP Facility) shall not constitute a "material change" and may be effectuated by

2754942 v6

(Page 37)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

---

the Debtors and the DIP Lender without the need for further approval of the Court, provided that the Committee shall be given at least five days' written notice of such proposed modification and shall have the right to object.

21.    Events of Default; Remedies.

a.    Events of Default. As used herein, the term "Event of Default" means the occurrence of any of the following:

i.    The occurrence of any "Event of Default" in the DIP Term Sheet.

ii.    Any report, certificate or other document delivered to the DIP Lender pursuant to the DIP Term Sheet, the Interim Order or the Final Order shall have been incorrect in any material respect when so made or deemed made;

iii.    The failure of the Debtors to comply in all material respects with any covenant, agreement or terms and conditions of the Interim Order, the Final Order or the DIP Term Sheet;

iv.    Any Debtor is enjoined, restrained or in any way prevented by the order of any court or any governmental authority from conducting all or any material part of its business for more than three (3) consecutive days;

v.    Any Debtor fails to have all certificates, accreditations and licenses reasonably necessary to conduct its business;

vi.    Any debtor fails to maintain all current material payor contracts and all agreements with health insurers, health maintenance organizations, preferred provider organizations, managed care organizations or other entity that is licensed by a state for the

37

2754942 v6

(Page 38)

Debtors:              SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.              15-24999
Caption of Order:     FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                      OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                      105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                      SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                      PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                      RELIEF

---

provision or arrangement of health insurance, health benefits or health care services;

vii.    The loss by any Debtor of the right to receive Medicare or Medicaid reimbursement, any Material Adverse Effect (as defined in DIP Term Sheet) upon such reimbursements or any material change in coverage for services or material change in payment rates;

viii.   Any investigations, survey, review, audit or change of law, rule or regulation which could reasonably be expected to have a Material Adverse Effect upon any Debtor's Medicare or Medicaid reimbursement;

ix.     The surcharge, recoupment or setoff of accounts receivable of any Debtor (or the Debtors collectively) exceeding $750,000 on a cumulative post-petition basis;

x.      Any material damage to, or loss, theft or destruction of, any DIP Collateral, whether or not insured, or any strike, lockout, labor dispute, embargo, condemnation, act of God or public enemy, or other casualty (whether or not insured) which causes, for more than three (3) consecutive days, the cessation or substantial curtailment of revenue producing activities at any facility of any Debtor, if any such event or circumstance could reasonably be expected to have a Material Adverse Effect;

xi.     (i) the Bankruptcy Court shall enter an order reversing, amending, supplementing, staying, vacating or otherwise amending, supplementing or modifying the Interim Order or the Final Order, (ii) the Interim Order or Final Order, as applicable, shall cease to create valid and perfected liens on the DIP Collateral in favor of the DIP Lender, or (iii) any provision of the Interim Order or the Final Order shall cease to be valid and binding and in full force and effect, all without the express written consent of the DIP Lender;

38

(Page 39)

Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.            15-24999
Caption of Order:   FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                    OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                    105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                    SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                    PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                    RELIEF

---

xii.   The conversion of any of the Chapter 11 Cases to a case under
       Chapter 7 of the Bankruptcy Code;

xiii.  The appointment of a trustee for any Debtor;

xiv.   The dismissal of any of the Chapter 11 Cases; provided that the
       DIP Lender has not consented in writing to such dismissal;

xv.    The entry of any order which provides relief from the automatic
       stay otherwise imposed pursuant to Bankruptcy Code § 362 that
       permits any creditor to (i) realize upon, or to exercise any right
       or remedy with respect to, any material portion of the DIP
       Collateral, or (ii) to terminate any permit, license or similar
       agreement, where in either case the exercise of such right or
       remedy or such realization or termination would be reasonably
       likely to have a Material Adverse Effect;

xvi.   Subject to the allowance and payment of any amounts due under
       the Carve-Out, the filing of any application by any Debtor
       without the express written consent of the Lender for the
       approval of a super-priority claim in the Chapter 11 Cases which
       is *pari passu* with or senior to the priority of the claims of the
       DIP Lender, or there shall arise or be granted and/or allowed any
       such *pari passu* or senior super-priority claim under the
       Bankruptcy Code;

xvii.  The discharge by any Debtor of any prepetition indebtedness
       without the written consent of the Lender except as authorized
       by the Bankruptcy Court in those certain orders issued by the
       Bankruptcy Court in connection with the "first day hearings"
       (collectively, the "First Day Orders") provided that such First
       Day Orders are in form and substance acceptable to Lender;

xviii. The filing of any motion by any Debtor seeking the entry of any
       order in the bankruptcy cases: (a) permitting working capital or
       other financing (other than (i) purchase money security financing
       and equipment leases not to exceed $250,000 in the aggregate on
       a cumulative post-petition basis, (ii) ordinary course trade debt,

39

(Page 40)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

---

or (iii) unsecured debt) for the Debtors from any person other than the Lender (unless the proceeds of such financing are to be used to pay in full in cash all obligations arising under this Term Sheet, the Interim Order and the Final Order); (b) granting a lien on, or security interest in, any of the property of the Debtors (other than a purchase money security interest not to exceed $250,000 in the aggregate on a cumulative post-petition basis), other than with respect to the Term Sheet and this Interim Order (unless such liens are granted in connection with a financing, the proceeds of which are to be applied to the payment in full in cash of all obligations arising under this Term Sheet, the Interim Order and the Final Order, and other than liens granted as adequate protection for preexisting liens and security interests on the Debtors' assets, which adequate protection liens are and will be junior in priority to the DIP Liens including those to be granted in the Final Order); (c) except as permitted by this Term Sheet, the Interim Order or the Final Order  (i) permitting the use, sale or lease of any of the Collateral pursuant to Bankruptcy Code § 363(c) outside of the ordinary course of business without the prior written consent of the Lender, or (ii) seeking an order in the bankruptcy cases charging any of the DIP Collateral under section 506(c) of the Bankruptcy Code against the Lender or (d) dismissing the Bankruptcy Cases, unless the Lender has sought or consented in writing to such relief;

xix.    The filing of a motion or other pleading by any Debtor seeking the entry of an order confirming a plan of reorganization (and/or approving a disclosure statement related thereto) that does not require payment in full in cash of all obligations owing under the DIP Facility, the Interim Order or the Final Order on the consummation date of such plan of reorganization, and as to which Lender has not consented in writing;

xx.    The filing of any pleading by any Debtor challenging the validity, priority, perfection or enforceability of the DIP Term Sheet, the Interim Order or the Final Order or the obligations hereunder, or any lien granted pursuant to the DIP Term Sheet, the Interim Order or the Final Order is determined to be null and

40

(Page 41)

Debtors:              SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.              15-24999
Caption of Order:     FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                      OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                      105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                      SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                      PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                      RELIEF

---

void, invalid or unenforceable by the Bankruptcy Court or another court of competent jurisdiction in any action commenced or asserted by any other party in interest in the bankruptcy cases;

xxi.    If a sale of substantially all of the assets of the Debtor is not consummated on or before December 31, 2015.

b.    <u>Default Remedies</u>. Upon the occurrence of any Event of Default, which is not subsequently cured or waived and from and after the fifth business day after the DIP Lender's delivery of written notice to counsel for the Debtors, the Committee, and the United States Trustee (the "<u>Enforcement Date</u>") of DIP Lender's intention to exercise its default-related rights and remedies (an "<u>Enforcement Notice</u>"), (x) the commitment shall terminate, except for the obligation to fund the Post-Default Fee Cap, (y) the automatic stay pursuant to § 362 of the Code will be further modified so as to permit the DIP Lender, without further application or motion to, or order from, the Bankruptcy Court, to foreclose or otherwise enforce its security interests in or liens on any or all of the DIP Collateral and/or to exercise any other default-related rights and remedies under the DIP Loan Documents or applicable law, and (z) neither §105 of the Code nor any other provision of the Bankruptcy Code or applicable law shall be utilized to prohibit the DIP Lender from exercising or enforcing such default-related rights and remedies, regardless of any change in circumstances (whether or not foreseeable). If any of the Debtors, the Committee or any other person or entity challenges the occurrence of any Event of Default,

41

(Page 42)

Debtors:          SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.          15-24999
Caption of Order: FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                  OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                  105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                  SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                  PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                  RELIEF

---

any such objector's remedies shall be and hereby are limited to requesting a hearing before this Bankruptcy Court at any time on or prior to the Enforcement Date (i) solely for the purpose of obtaining a judicial determination that no uncured Event of Default has occurred, and (ii) based on any such judicial determination, seeking to enjoin the DIP Lender from exercising any default-related rights and remedies.  In any such hearing, the sole issue before the Court shall be whether an Event of Default has occurred and has not been timely cured and solely as to the Committee, the circumstances giving rise to such Event of Default and the Debtors, the Committee and any other party that is permitted to intervene or be heard at such hearing shall be precluded from raising or litigating any other issue, defense, claim or counterclaim (including, without limitation, any defense or claim based on adequate protection).

            c.      If the DIP Lender is entitled, and has elected in accordance with the provisions hereof, to enforce its liens or security interests or exercise any other default-related remedies, the Debtors shall cooperate with the DIP Lender in connection with such enforcement action by, among other things, (i) providing access to any Debtor's premises to representatives of the DIP Lender (including any collateral liquidator or consultant retained by the DIP Lender), (ii) providing the DIP Lender and its representatives access to the Debtors' books and records and any information or documents requested by the DIP Lender or its

42

(Page 43)

Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.            15-24999
Caption of Order:   FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                    OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                    105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                    SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                    PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                    RELIEF

---

representatives, (iii) performing all other obligations set forth in the DIP Loan Documents, and

(iv) taking reasonable steps to safeguard and protect the DIP Collateral until the DIP Lender can

make adequate provision to protect and safeguard the DIP Collateral, and Debtors and the

Committee shall not otherwise interfere or actively encourage others to interfere with the DIP

Lender's enforcement of its rights.  In addition, at any time after the DIP Lender is entitled to

relief from the automatic stay, and has elected in accordance with the provisions hereof, to

enforce its liens or security interests or exercise any other default-related remedies, the Debtors

shall, at the written request of the DIP Lender, use commercially reasonable efforts to sell or

otherwise dispose of any or all of the DIP Collateral on terms and conditions acceptable to DIP

Lender, and in connection therewith to file the appropriate Section 363 motions and obtain

approval of the Court for each such sale or other disposition, and shall turn over the proceeds of

such sale(s) or other disposition(s) to the DIP Lender for application to outstanding obligations

owed under the DIP Facility.  Nothing contained herein shall limit the DIP Lender's rights to

request the Bankruptcy Court to grant such remedies it deems appropriate including but not

limited to the appointment of a trustee or examiner in these Chapter 11 Cases.  In addition, upon

the occurrence of an Event of Default, the Debtors' exclusivity pursuant to § 1121 of the Code

shall terminate as to the DIP Lender and the Committee, who shall thereafter share exclusivity

2754942 v6

(Page 44)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

with the Debtors provided that the shared exclusivity hereunder shall be limited to the initial 120-day exclusivity period and shall not extend to any extensions of exclusivity ordered by this Court in favor of the Debtor.

        d.    <u>Rights Cumulative</u>.  The rights, remedies, powers and privileges conferred upon the DIP Lender pursuant to this Final Order shall be in addition to and cumulative with those contained in the DIP Term Sheet, or under applicable law to the extent not inconsistent herewith.

        22.    <u>Loan Administration</u>.

        a.    <u>Continuation of Pre-Petition Procedures</u>.  All pre-petition cash management practices and procedures of the Debtors, including any lockbox and/or blocked depository bank account arrangements, shall continue without interruption after the commencement of the Chapter 11 Cases and shall be deemed effective for the benefit of the DIP Lender in a manner consistent with the DIP Loan Documents.

        b.    <u>Inspection Rights</u>.  Representatives of the DIP Lender shall be authorized, with prior notice to Debtors, to visit the business premises of any Debtor and its subsidiaries to (i) inspect any DIP Collateral, (ii) inspect and make copies of any books and records of any Debtor, and (iii) verify or obtain supporting details concerning the financial

2754942 v6

Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.            15-24999
Caption of Order:   FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                    OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                    105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                    SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                    PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                    RELIEF

---

information to be provided by any Debtor hereunder or under any of the DIP Loan Documents, and the Debtors shall facilitate the exercise of such inspection rights.

     c.   <u>DIP Lender's Right to Retain Professionals</u>.  The DIP Lender shall be authorized to retain attorneys (including local counsel in the United States), appraisers, consultants, auditors, field examiners and financial advisors, at Debtors' expense, which attorneys, appraisers, consultants, auditors, field examiners and financial advisors shall be afforded reasonable access to the DIP Collateral and each Debtor's business premises and records, during normal business hours, for purposes of monitoring the businesses of Debtors, verifying each Debtor's compliance with the terms of the DIP Loan Documents and this Final Order, and analyzing or appraising all or any part of the Collateral.  All such amounts payable to or incurred under this clause (c) shall be payable in accordance with paragraph 19 above.

     23.   <u>Modification of Automatic Stay</u>.  The automatic stay provisions of Section 362 of the Bankruptcy Code are hereby modified and lifted to the extent necessary to implement the provisions of this Final Order and the DIP Loan Documents, to file or record any UCC-1 financing statements, mortgages, deeds of trust, security deeds and other instruments and documents evidencing or validating the perfection of the DIP Liens and to enforce the DIP Liens (subject to paragraph 21 of this Final Order) as and to the extent authorized by this Final Order.

2754942 v6

(Page 46)

Debtors:           SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.           15-24999
Caption of Order:  FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                   OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                   105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                   SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                   PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                   RELIEF

---

24.    <u>Effect of Stipulations on Third Parties; Deadline for Challenges</u>.

a.    Each Debtor's admissions, stipulations, agreements and releases contained in this Final Order, including, without limitation, those contained in paragraph 5 of this Final Order, shall be binding upon such Debtor and any successor thereto (including, without limitation any Chapter 7 trustee or Chapter 11 trustee or examiner appointed or elected for such Debtor) under all circumstances and for all purposes.

b.    Each Debtor's admissions, stipulations, agreements and releases contained in this Final Order, including, without limitation, those contained in paragraph 5 of this Final Order, shall be binding upon all other parties in interest (including, without limitation, any Committee) under all circumstances and for all purposes unless (i) the Committee or another party in interest (subject in all respects to any agreement or applicable law that may limit or affect such entity's right or ability to do so) having requisite standing has timely and properly filed an adversary proceeding or contested matter by no later than the Challenge Deadline (A) objecting to or challenging the amount, validity, perfection, enforceability priority or extent of the Pre-Petition Debt, or (B) otherwise asserting any defenses, claims, causes of action, counterclaims or offsets against Trinity and any of its respective or former agents, employees, affiliates, subsidiaries, directors, member, partners, managers, officers, representatives,

46

2754942 v6

(Page 47)

Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.            15-24999
Caption of Order:   FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                    OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                    105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                    SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                    PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                    RELIEF

---

attorneys, advisors, predecessors, successors or assigns (collectively, the "Trinity Parties"), and

(ii) a final non-appealable order is entered against any of the Trinity Parties in any such timely

and properly filed adversary proceeding or contested matter. As used herein, the term

"Challenge Deadline" means the date that is the later of (i) in the case of a party in interest with

requisite standing other than the Committee, including a trustee appointed under chapter 7 or

chapter 11 of the Bankruptcy Code, 75 days from entry of the first Interim Order, (ii) in the case

of the Committee, November 23, 2015, (iii) any such later date agreed to in writing by the DIP

Lender, in its sole discretion, and (iv) any such later date ordered by the Bankruptcy Court for

cause shown after notice and an opportunity to be heard, provided that such order is entered

before the expiration of any applicable period as set forth in clauses (i) through (iii) of this

sentence. For the avoidance of doubt, if the Challenge Deadline has not expired before the date

of conversion of the Debtors' bankruptcy cases to ones under chapter 7 of the Bankruptcy Code,

the remaining period prior to expiration of the Challenge Deadline shall be available to any

Chapter 7 trustee appointed or elected in a Successor Case.

        c.     If no such adversary proceeding or contested matter is timely and

properly filed as of the applicable Challenge Deadline against any of the Trinity Parties, or

subsequently a final non-appealable order or judgment is not entered against any of the Trinity

47

2754942 v6

(Page 48)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

---

Parties in any such timely and properly filed proceeding, then in these Chapter 11 Cases and in any Successor Case, each Debtor's admissions, stipulations, agreements and releases contained in this Final Order, including, without limitation, those contained in Paragraph 5 of this Final Order, shall be binding on all parties in interest. If any such adversary proceeding or contested matter is properly filed by the applicable Challenge Deadline, each Debtor's admissions, stipulations, agreements and releases contained in this Final Order, including, without limitation, those contained in Paragraph 5 of this Final Order, shall nonetheless remain binding and preclusive on such party, except to the extent that such admissions, stipulations, agreements and releases were expressly challenged in such adversary proceeding or contested matter and the party bringing such challenge prevails on the merits.

        d.      The Committee is hereby granted standing to assert any and all claims, defenses, causes of action, or any other rights that any of the Debtors or their estates could have asserted against the Trinity Parties but for the stipulations, waivers and releases contained in this Final Order. Subject to the Trinity Parties' reservation of rights to seek the entry of a protective order and those rights and remedies afforded under the Bankruptcy Rules and Federal Rules of Civil Procedure, the Trinity Parties shall use commercially reasonable efforts to cooperate with the Committee in connection with the Committee's investigation of

48

(Page 49)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

potential claims and causes of action against the Trinity Parties, including production of documents responsive to the Committee's requests and affording reasonable access to Trinity's personnel to the Committee's professionals. Furthermore, the Committee agrees to exercise best efforts to narrow the scope of its requests including, but not limited to, not requesting information concerning other hospitals (excluding the Debtor) or information concerning transactions with Prime except as to the Debtor. Nothing contained in this Final Order shall vest or confer on any person or entity, other than the Committee, standing or authority to pursue or commence any such adversary proceeding or contested matter.

25.   <u>Debtors' Waivers.</u>  At all times during the Chapter 11 Cases, and whether or not an Event of Default has occurred, the Debtors irrevocably waive any right that they may have to seek authority (i) until the Full Payment of the DIP Obligations, to obtain post-petition loans or other financial accommodations pursuant to Section 364(c) or (d) of the Bankruptcy Code, other than from the DIP Lender on the terms and conditions set forth herein (unless the proceeds of such financing are to be used to pay in full in cash the DIP Obligations); and (ii) to propose or support a plan of reorganization or liquidation that does not provide for the indefeasible payment in full and satisfaction of all DIP Obligations.

49

2754942 v6

(Page 50)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

---

26.   Amendment to DIP Loan Documents.   The DIP Term Sheet is hereby amended as set forth in Exhibit "A" hereto.

27.   <u>Service of Final Order</u>.   Promptly after the entry of this Final Order, Debtors shall mail, by first class mail, a copy of this Final Order (and all exhibits attached hereto) to (without duplication), counsel for the DIP Lender, the U.S. Trustee, counsel for the Committee, the Internal Revenue Service, all parties who have filed requests for notices under Rule 2002 of the Bankruptcy Rules prior to the time of such service, all parties known by a Debtor to hold or assert a lien on any assets of a Debtor, the New Jersey Health Care Facilities Financing Authority, and Bank of New York Mellon, as Master Trustee, and shall file a certificate of service regarding same with the Clerk of the Court.   Such service shall constitute good and sufficient notice of the Final Order.

28.   <u>No Deemed Control</u>.   In determining to make any DIP Loan under the DIP Facility, or in exercising any rights or remedies as and when permitted pursuant to this Final Order or the DIP Loan Documents, the DIP Lender shall not be deemed to be in control of any Debtor or its operations or to be acting as a "responsible person," "managing agent" or "owner or operator" (as such terms are defined in the United States Comprehensive Environmental

2754942 v6

(Page 51)

Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.            15-24999
Caption of Order:   FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                    OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                    105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                    SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                    PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                    RELIEF

---

Response, Compensation and Liability Act, 29 U.S.C. §§ 9601, *et seq.*, as amended, or any similar state or federal statute) with respect to the operation or management of such Debtor.

29.    Exculpation.    Nothing in this Final Order, the DIP Loan Documents, or any other document related to the DIP Facility shall in any way be construed or interpreted to impose upon the DIP Lender any liability for any claims arising from the pre-petition or post-petition activities of any Debtor in the operation of its business or in connection with its restructuring efforts.    So long as the DIP Lender complies with its obligations under the applicable DIP Loan Documents and its obligations, if any, under this Final Order and applicable law (i) the DIP Lender shall not, in any way or manner, be liable or responsible for (A) the safekeeping of the Collateral, (B) any loss or damage thereto occurring or arising in any manner or fashion from any cause, (C) any diminution in the value thereof, or (D) any act or default of any carrier, servicer, bailee, custodian, forwarding agency or other person or entity; and (ii) all risk of loss, damage or destruction of the DIP Collateral shall be borne by the Debtors.

30.    Binding Effect; Successors and Assigns.    The provisions of the DIP Loan Documents and this Final Order, including all findings herein (subject to paragraph 24 of this Final Order and without any preclusive or otherwise prejudicial effect of any such findings and conclusions on the Committee's rights and claims reserved under paragraph 24 hereof) shall be

51

(Page 52)

Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.            15-24999
Caption of Order:   FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                    OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                    105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                    SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                    PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                    RELIEF

binding upon all parties in interest in these Chapter 11 Cases, including, without limitation, the

DIP Lender and Debtors and their respective successors and assigns (including any Chapter 11

trustee hereafter appointed for the estate of any Debtor, any Chapter 7 trustee appointed or

elected in a Successor Case, any examiner appointed pursuant to Section 1104 of the Bankruptcy

Code, or any other fiduciary appointed as a legal representative of any Debtor or with respect to

the property of the estate of any Debtor), and shall inure to the benefit of the DIP Lender and its

respective successors and assigns.  In no event shall the DIP Lender have any obligation to make

DIP Loans to, or permit the use of the DIP Collateral (including Cash Collateral) by, any Chapter

7 trustee, Chapter 11 trustee or similar responsible person appointed or elected for the estate of

any Debtor.

   31. <u>Global Settlement Option</u>.  As a result of the Mediation, in consideration

of the Committee's consent to the entry of this Final Order, the Debtors, Trinity and the

Committee have agreed on the principal terms of a global settlement of any potential claims and

causes of action that are subject to the Committee's Challenge Period.  The Committee shall

have an unconditional, sole option (the "<u>Committee Option</u>", exercisable by giving written notice

to the Debtors' and Trinity's counsel on or before 5 p.m. (ET) on November 23, 2015, to accept

Trinity's and the Debtors' offer to enter into a global settlement (the "<u>Global Settlement</u>") to be

52

2754942 v6

(Page 53)

Debtors:               SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.               15-24999
Caption of Order:      FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                       OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                       105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                       SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                       PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                       RELIEF

---

approved by order of the Court in accordance with Bankruptcy Rule 9019 ("Approval")
pursuant to which:

        a.    The Budget shall be amended to include reasonable costs of
preparing and confirming a plan of liquidation and provide sufficient funding to effectuate an
orderly winddown of the Debtors' estates, including the payment of allowed priority and
administrative expense claims all reasonably acceptable in substance, costs and funding to the
Debtors, Trinity and the Committee but in any such event such costs and funding shall not be
more than $750,000 in the aggregate;

        b.    To the extent the final DIP Loans balance is less than $15 million,
the Debtors shall have the right to draw down from the DIP Facility an amount equal to the
difference between the final DIP Loans balance and $15 million;

        c.    Trinity shall waive all of its claims arising from or related to any
and all of the DIP Obligations and all attendant liens and security interests, including, but not
limited to, any lien on or claim to the Parking Lot, funds subject to the BONY adversary
proceeding and proceeds of the Avoidance Actions;

2754942 v6

(Page 54)

Debtors:          SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.          15-24999
Caption of Order: FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                  OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                  105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                  SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                  PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                  RELIEF

---

d.      Debtors and Trinity will use commercially reasonable efforts to negotiate with the purchaser of the Debtors assets an allocation of the purchase price to the Parking Lot equal to the Parking Lot's most recent appraised value;

e.      Trinity shall retain a general unsecured claim (the "Trinity Claim") that will share in any distribution to the class of general unsecured creditors pursuant to a confirmed plan of liquidation as follows:

(i)      If the total amount of allowed general unsecured claims, other than the Trinity Claim (the "Non-Trinity Claims"), is greater than $100,000,000, then after the Non-Trinity Claims have received a distribution of 4%, or in any event not to exceed $8,000,000, the Trinity Claim shall receive 30% and the Non-Trinity Claims shall receive 70% of the remaining amount available for distribution to general unsecured creditors;

(ii)      If the Non-Trinity Claims are between $100,000,000 and $75,000,000, then, after the Non-Trinity Claims have received a distribution of 8%, the Trinity Claim shall receive 30% and the Non-Trinity Claims shall receive 70% of the remaining amount available for distribution to general unsecured creditors;

(iii)      If the Non-Trinity Claims are between $74,999,999 and $50,000,000, then, after the Non-Trinity Claims have received a distribution of 12%, the Trinity Claim shall receive 30% and the Non-Trinity Claims shall receive 70% of the remaining amount available for distribution to general unsecured creditors;

(iv)      If the Non-Trinity Claims are between $49,999,999 and $25,000,000, then, after the Non-Trinity Claims have received a distribution of 15%, the Trinity Claim shall receive 30% and the Non-Trinity Claims shall

(Page 55)

Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.            15-24999
Caption of Order:   FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                    OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                    105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                    SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                    PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                    RELIEF

---

receive 70% of the remaining amount available for distribution to general unsecured creditors; and

(v)   If the Non-Trinity Claims are less than $25,000,000, then, after the Non-Trinity Claims have received a distribution of 20%, the Trinity Claim shall receive 30% and the Non-Trinity Claims shall receive 70% of the remaining amount available for distribution to general unsecured creditors.

f.   The Committee and the Debtors shall execute a release whereby the Committee and each of the Debtors and each of the Debtors' respective agents, affiliates, subsidiaries, directors, officers and representatives absolutely, unconditionally and irrevocably waives, discharges and releases the Trinity Parties of and from any and all claims and causes of action that the Debtors have or may have against the Trinity Parties which arise out of or in any way relate to, directly or indirectly, Trinity Parties' and Debtors' prepetition relationship, and/or any pre-petition act, omission, event or transaction of the Trinity Parties whether accrued or not; and counterclaims, actions, debts, accounts, causes of action (including, without limitation, causes of action in the nature of "lender liability"), defenses or setoff rights that any of Debtors have or may have against Trinity Parties whether known or unknown, disputed or undisputed, at law or in equity, including, without limitation, (i) any re-characterization, subordination, avoidance or other claim arising under or pursuant to section 105 or chapter 5 of the Bankruptcy Code or under any other similar provisions of applicable state law, federal law or municipal law; (ii) any right or basis to challenge or object to the amount, validity or enforceability of the

55

(Page 56)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

---

applicable Pre-Petition Debt or any payments made on account of the applicable Pre-Petition Debt; and (iii) any claims or causes of action under sections 502(d), 544, 545, 547, 548, 549, 550 or 553 of the Bankruptcy Code and any other avoidance actions under the Bankruptcy Code and the proceeds thereof and property received thereby whether by judgment, settlement, or otherwise (the "Avoidance Actions") and (iv) any action based on piercing the corporate veil, alter ego, successor liability or similar claim which seeks to hold Trinity liable for claims against any or all of the Debtors. The contents of this Section 31(f) shall be identified as the "Settlement Release Claims".

g.    The order approving the Global Settlement shall provide that all entities (as that term is defined in 11 U.S.C. §101(15) and including limited liability companies) shall be permanently enjoined from asserting, prosecuting or filing any action or claim directed against Trinity Parties (i) for the purpose of directly or indirectly collecting, recovering or receiving payment with respect to any Settlement Release Claims, and/or (ii) pursuing any derivative action related to Settlement Release Claims; and/or (iii) pursuing a duplicative claim that could have been brought by the Debtors against the Trinity Parties. To avoid doubt, nothing herein shall be deemed to release or enjoin any individual claims or causes of action that any third parties, other than the Committee or the Debtors, had, have or may have in the future

56

(Page 57)

Debtors:           SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No.           15-24999
Caption of Order:  FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I)
                   OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
                   105, 362 AND 363, AND 364, (II) GRANT LIENS AND
                   SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS
                   PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED
                   RELIEF

---

against any Trinity Parties that are not derivative or duplicative of the Settlement Release Claims or that do not seek collection, recovery or payment with respect to any Settlement Release Claims.

      h.    To the extent the Committee Option is timely exercised, the Debtors, Trinity and the Committee shall file a joint motion pursuant to Bankruptcy Rule 9019 seeking the Court's approval of the Global Settlement which shall be heard on an expedited basis.

      i.    If an order is entered which does not approve the terms of the Global Settlement, then the Challenge Period as to the Committee only will be extended to the date that is 14 days after entry of the order.

      j.    Any plan of reorganization or order of dismissal shall include the provisions of Section 31e., f., and g.

      32.    <u>Reservation of Rights</u>.  Nothing herein shall be deemed an admission, estoppel, waiver, modification or limitation of, or have any adverse or prejudicial effect on, the Debtors', the Committee's or the DIP Lender's rights, claims, defenses and/or objections with respect to any issues subject to the Challenge Period.

2754942 v6

(Page 58)

| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No. | 15-24999 |
| Caption of Order: | FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 363, AND 364, (II) GRANT LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11 U.S.C. §§ 364; AND (III) GRANTING RELATED RELIEF |

33.    <u>Effectiveness; Enforceability</u>.  This Final Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable *nunc pro tunc* to the Petition Date immediately upon entry hereof.  Notwithstanding Bankruptcy Rules 4001(a)(3), 6006(d), 7062, or 9014 of the Bankruptcy Rules or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Final Order shall be valid, take full effect, and be enforceable immediately upon entry hereof; there shall be no stay of execution or effectiveness of this Final Order; and any stay of the effectiveness of this Final Order that might otherwise apply is hereby waived for cause shown.  In the event of any conflict or inconsistency between the terms of this Final Order and any of the DIP Loan Documents, the terms of this Final Order shall control.

34.    <u>Retention of Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction to enforce the provisions of this Final Order, and this retention of jurisdiction shall survive the confirmation and consummation of any Chapter 11 plan for any Debtor notwithstanding the terms or provisions of any such Chapter 11 plan or any order confirming any such Chapter 11 plan.

2754942 v6