EMMET, MARVIN & MARTIN, LLP
120 Broadway – 32nd Floor
New York, New York 10271
Edward P. Zujkowski, Esq.
Thomas A. Pitta, Esq.
(212) 238-3000
(212) 238-3100 Facsimile
*Attorneys for The Bank of New York Mellon*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: <br><br> SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 15-24999 <br><br> Jointly Administered |

## LIMITED OBJECTION BY BANK OF NEW YORK MELLON, AS TRUSTEE, TO PROPOSED AUCTION SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS

The Bank of New York Mellon, as Trustee ("**BNYM**"), by and through its undersigned counsel, hereby files this Limited Objection (the "**Limited Objection**") to the Debtors' proposed sale of substantially all of their assets free and clear of liens, claims, encumbrances and interests at an Auction Sale scheduled on November 5, 2015. In support of this Limited Objection, BNYM respectfully states as follows:

### BACKGROUND

1. On August 10, 2015, the Debtors filed voluntary petitions pursuant to Chapter 11 of the Bankruptcy Code. Since that date, the Debtors have remained in possession of their assets and continued to manage their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. On August 24, 2015, this Court approved a "Stalking Horse" Asset Purchase Agreement whereby Prime Healthcare Services-St. Michael's, L.L.C. ("**Prime**") agreed to purchase substantially all of the assets of the Debtors.

3. Pursuant to the Stalking Horse Agreement, Prime agreed to pay $49,150,000 "in cash", subject to certain adjustments relating to Net Working Capital and Net Revenue of the Debtors as of the Closing Date.

4. The Stalking Horse Agreement provides that the Debtors will convey the real property and virtually all of their tangible and intangible personal property to Prime "free and clear of liens" at the Closing.

**LIMITED OBJECTION**

5. BNYM, as Master Trustee under that certain Master Trust Indenture dated as of July 1, 2008, is duly authorized to pursue rights and remedies as a Secured Creditor with respect to a $252,545,000 Loan (the "**Loan**") made to the Debtors by the New Jersey Health Care Facilities Financing Authority (the "**Authority**"). The Loan which was evidenced by a Promissory Note dated as of July 31, 2008 and was secured by a Mortgage and Security Agreement dated July 31, 2008 and other loan and collateral documents executed on behalf of the Debtors (the "**Security Documents**"). Pursuant to the Security Documents, the Debtors (excluding University Heights Property Company, Inc. which did not pledge collateral to the Authority or BNYM) granted first priority security interests (the "**Liens**") in substantially all of their personal property assets (subject to certain limited exceptions) and their real property.

6. Not less than $233,104,463.54 remains due and owing from the Debtors pursuant to the Note dated July 31, 2008 and is secured by the collateral described in the aforesaid Security Documents.

7. The Schedules of Assets and Liabilities that were filed in this case on behalf of the Debtors value the Debtors' assets as follows:

    a) Schedule A – Real Property at $60,917,974.68

    b) Schedule B – Personal Property

        (i) bank accounts containing $14,574,994.80;

        (ii) accounts receivable totaling $22,967,789.99;

        (iii) fixed equipment valued at $4,623,972.14;

        (iv) movable equipment valued at $10,036,124.36; and

        (v) inventory valued at $4,083,313.90.

8. Substantially all of the foregoing assets are subject to the Liens of BNYM as security for the Loan.

9. Accordingly, the Debtors value the Secured Claim of BNYM at an amount in excess of $115,000,000. Nevertheless, the Stalking Horse Agreement with Prime provides that only $49,150,000 (subject to the Net Working Capital and Net Revenue adjustments) would be payable to BNYM on account of the Secured Claim, but nonetheless, the Debtors propose to sell the assets to Prime "free and clear of liens".

10. Section 363(f) of the Bankruptcy Code sets forth requirements for assets to be sold "free and clear of liens". In order to sell a secured creditor's collateral pursuant to section 363(f), "the price must be equal to or greater than the aggregate value of the liens asserted against it." *In re Beker Industries Corp.*, 63 B.R. 474, 476 (Bankr. S.D.N.Y. 1986). As this is not the case, the only provision of Section 363(f) that would permit the transaction with Prime is section 363(f)(2), which provides that a sale can take place if the secured creditor consents.

        11.      BNYM, the secured creditor with a Lien on substantially all of the assets to be purchased by Prime, does not consent to a sale of its collateral in exchange for a payment of approximately $49,150,000 (subject to further downward adjustment per the Stalking Horse Agreement). Accordingly, BNYM hereby objects to any sale to the extent that the net proceeds to be received from such a sale to Prime, or another successful bidder at the auction, do not exceed $60,000,000. In the event the auction does lead to such a price increase, this objection will be withdrawn (provided that the proposed purchaser is not otherwise objectionable).

## CONCLUSION

WHEREFORE, The Bank of New York Mellon respectfully requests the Court to enter an Order denying the sale of the Debtors' assets to Prime, or any other successful bidder at the proposed Auction Sale, unless the net cash proceeds which will be payable to BNYM, as Trustee, at the Closing of such sale will be in excess of $60,000,000.

Dated:      New York, New York
                November 3, 2015

                                          EMMET, MARVIN & MARTIN, LLP

                                          By: /s/ Thomas A. Pitta
                                               Edward P. Zujkowski, Esq.
                                               Thomas A. Pitta, Esq.
                                               120 Broadway – 32nd Floor
                                             New York, New York 10271
                                             (212) 238-3000
                                             *Attorneys for The Bank of New York Mellon*