UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
Michael D. Sirota, Esq.
Gerald H. Gline, Esq.
Ryan T. Jareck, Esq.
(201) 489-3000
(201) 489-1536 Facsimile
*Attorneys for Saint Michael's Medical*
  *Center, Inc., et al., Debtors-in-Possession*

Order Filed on November 13, 2015
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

SAINT MICHAEL'S MEDICAL CENTER,
INC., *et al.*[1]

           Debtors-in-Possession.

Case No. 15-24999 (VFP)

Judge: Honorable Vincent F. Papalia

Chapter 11
(Jointly Administered)

**Hearing Date and Time:**
November 12, 2015 at 10:00 a.m. (ET)

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365 (1) AUTHORIZING THE
DEBTORS TO SELL SUBSTANTIALLY ALL OF THEIR ASSETS FREE AND CLEAR OF
ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING THE
DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (3) GRANTING OTHER RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through thirty-one (31), is hereby
**ORDERED**.

**DATED: November 13, 2015**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal
identification number are:  Saint Michael's Medical Center, Inc. (6046); Columbus Acquisition Corp. (6342); Saint
James Care, Inc. (6230); and University Heights Property Company, Inc. (0162).

(Page 2)
Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No:            15-24999 (VFP)
Caption of Order:   ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365
                    (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY
                    ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS,
                    CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING
                    THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY
                    CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING
                    OTHER RELATED RELIEF

---

THIS MATTER having been opened to the Court by Cole Schotz P.C., attorneys for

Saint Michael's Medical Center, Inc., *et al.*, the above-captioned debtors and debtors-in-

possession (collectively, the "**Debtors**"), upon motion pursuant to 11 U.S.C. §§ 363 and 365 and

Fed. R. Bankr. P. 2002, 6004, and 6006 for an Order: (1) approving a "stalking horse" asset

purchase agreement for the sale of substantially all the Debtors' assets (the "**Assets**");

(2) approving bidding procedures and form, manner and sufficiency of notice thereof; (3)

scheduling (a) an auction sale and (b) a hearing to consider approval of the highest and best

offer; (4) authorizing the Debtors to sell the Assets free and clear of liens, claims, encumbrances,

and interests (the "**Sale**"); (5) authorizing the Debtors to assume and assign certain executory

contracts and unexpired leases (the "**Assumed Contracts and Assumed Leases**"); and (6)

granting other related relief [Docket No. 17] (the "**Motion**"); and on August 25, 2015, the Court

entered an Order [Docket No. 121] (the "**Bidding Procedures Order**") granting the bidding

procedures aspect of the Motion (the "**Bidding Procedures**") and, *inter alia*, scheduling the

auction (the "**Auction**") of the Assets;[2] and on November 5, 2015, the Debtors conducted the

auction; and on November 9, 2015, the Qualified Bidders (as defined below) presented to the

Debtors' Board of Directors; and following the conclusion of such presentations, the Board of

---

[2] All capitalized terms used but not defined herein shall have the same meanings ascribed to them in the
APA (as defined below).

(Page 3)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No: | 15-24999 (VFP) |
| Caption of Order: | ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365 (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING OTHER RELATED RELIEF |

---

Directors, with the endorsement of the Official Committee of Unsecured Creditors (the "**Committee**"), determined that (i) Prime Healthcare Services – Saint Michael's, LLC (the "**Purchaser**") is the Successful Bidder (as defined in the Bidding Procedures) as reflected in the Asset Purchase Agreement by and among the Debtors and Purchaser in the form attached hereto as **Exhibit A** (including ancillary documents, agreements and schedules, as same now exist or may hereafter be amended, modified, supplemented, ratified, extended, renewed, restated, or replaced, the "**APA**"), and (ii) Prospect Saint Michael's, Inc. ("**Prospect**," and together with the Purchaser, collectively, the "**Qualified Bidders**"), was the Back-up Bidder (as defined in the Bidding Procedures); and objections, responses and reservations of rights, if any, to the relief requested in the Motion either have been withdrawn, resolved or overruled; and the Court having considered all the pleadings and filings related to the Motion and the relief granted in this Order, and the arguments of counsel; and upon the record of the sale hearing conducted on November 12, 2015 (the "**Sale Hearing**"); and the relief sought in the Motion and granted in this Order is necessary and in the best interests of the Debtors, their creditors, estates, and other parties-in-interest; and due deliberation having been had; and sufficient cause appearing therefor;

(Page 4)

Debtors:           SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No:           15-24999 (VFP)
Caption of Order:  ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365
                   (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY
                   ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS,
                   CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING
                   THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY
                   CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING
                   OTHER RELATED RELIEF

---

**THE COURT HEREBY FINDS AND DETERMINES THAT**:[3]

A.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The statutory predicates for the relief sought in the Motion are sections 105(a),

363 and 365 of title 11 of the United States Code (the "**Bankruptcy Code**") as supplemented by

Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

**Rules**").

C.      As evidenced by the certificates of service and affidavit of publication filed with

the Court and based on the representations of counsel at the Sale Hearing: (i) proper, timely,

adequate and sufficient notice of the Motion, the Auction, the APA, the transactions

contemplated by the APA (the "**Transactions**") and the Sale Hearing has been provided in

accordance with sections 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004,

6006, 9007 and 9014 and the Bidding Procedures Order; (ii) such notice was good, sufficient and

appropriate under the particular circumstances; and (iii) no other or further notice of the Motion,

---

[3]     The findings of fact and conclusions of law set forth in this Order shall constitute the Court's findings of
fact and conclusions of law pursuant to Bankruptcy Rule 7052.  To the extent any finding of fact later shall be
determined to be a conclusion of law, it shall be so deemed and made applicable in this Order, and to the extent any
conclusion of law later shall be determined to be a finding of fact, it shall be so deemed and made applicable in this
Order.

(Page 5)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No: | 15-24999 (VFP) |
| Caption of Order: | ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365 (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING OTHER RELATED RELIEF |

---

the Auction, the APA, the Transactions, the Sale Hearing or the entry of this Order shall be required.

D.    Each Debtor (i) has full corporate power and authority to execute the APA and all other documents contemplated thereby, and the sale of the Assets by the Debtors has been duly and validly authorized by all necessary corporate action of each of the Debtors, (ii) has all of the corporate power and authority necessary to consummate the Transactions, and (iii) has taken all corporate action necessary to authorize and approve the APA and the consummation of the Transactions.  No consents or approvals, other than those expressly provided for in the APA, are required to consummate the Transactions.

E.    The Debtors conducted a robust and open marketing and sale process and an extensive search for potential bidders for the Assets.  The Debtors marketed the Assets in a commercially reasonable manner.  As demonstrated by (i) the testimony and/or other evidence proffered or adduced at the Sale Hearing, (ii) the representations of counsel made on the record at the Sale Hearing, and (iii) the record of these cases and all prior proceedings in these cases held before the Court, the Debtors have fully marketed the Assets and conducted the sale process in compliance with the Bidding Procedures Order.

F.    The Debtors have concluded that a prompt sale of the Assets pursuant to the terms of the APA is in the best interests of the Debtors and their creditors and estates.  The

(Page 6)
Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No:            15-24999 (VFP)
Caption of Order:   ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365
                    (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY
                    ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS,
                    CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING
                    THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY
                    CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING
                    OTHER RELATED RELIEF

---

Transactions must be approved and consummated promptly in order to maximize the value of the

Assets.

G.      As demonstrated by the testimony and other evidence proffered at the Sale

Hearing, and the representations of counsel made on the record at the Sale Hearing, the Debtors

have conducted the sale process fairly and openly in a manner reasonably calculated to produce

the highest and/or otherwise best offer for the Assets under the circumstances, and in compliance

with the Bidding Procedures Order.  The Sale Hearing was held and the highest and/or otherwise

best offer received by the Debtors for the Assets was the APA proposed by Purchaser.  Purchaser

has, to date, complied with all of the terms of the APA and the Bidding Procedures Order.

H.      The consideration provided by Purchaser pursuant to the APA and the method of

payment and satisfaction by Purchaser of the Purchase Price (i) is fair and reasonable, (ii) is the

highest and best offer for the Assets, (iii) will provide a greater recovery to the Debtors' estates

than would be provided by any other available alternative, (iv) constitutes reasonably equivalent

value and fair consideration under the Bankruptcy Code and under the laws of the United States,

any state, territory, possession, or the District of Columbia, and (v) hereby is approved.

I.      Purchaser is a purchaser in good faith, as that term is used in section 363(m) of

the Bankruptcy Code, with respect to the Assets.  The terms of the APA are fair and reasonable.

The APA was negotiated, proposed and entered into by the parties in good faith, from arms'-

(Page 7)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No: | 15-24999 (VFP) |
| Caption of Order: | ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365 (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING OTHER RELATED RELIEF |

---

length bargaining positions and without collusion and, therefore, Purchaser is entitled to the protections of section 363(m) of the Bankruptcy Code.  Neither the Debtors nor Purchaser (or any of their respective agents) have engaged in any conduct that would cause or permit the APA to be voided or voidable, or for the imposition of costs and damages, under section 363(n) of the Bankruptcy Code.

J.      Purchaser is not an "insider" of any of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code.

K.      The Debtors have articulated sound business reasons for consummating the APA and for selling the Assets outside a plan of reorganization, and it is a reasonable exercise of the Debtors' business judgment to consummate the Transactions.

L.      Approval of the APA and consummation of the Transactions at this time, including, without limitation, the sale of the Assets to Purchaser, the assumption by Purchaser of the Assumed Obligations, and the assignment to Purchaser of the Assumed Contracts and Assumed Leases, are in the best interests of the Debtors, their creditors and estates, and other parties in interest.

M.      The Debtors may sell the Assets to Purchaser free and clear of any and all Liens and Claims (as defined below) of any and every kind or nature whatsoever (other than the Assumed Obligations) in accordance with section 363(f) of the Bankruptcy Code.  As a

(Page 8)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No: | 15-24999 (VFP) |
| Caption of Order: | ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365 (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING OTHER RELATED RELIEF |

---

condition of purchasing the Assets, Purchaser requires that the Assets be sold free and clear of any and all Liens and Claims of any and every kind or nature whatsoever (other than the Assumed Obligations). The transfer of the Assets to Purchaser does not and will not subject Purchaser to any Liens and Claims (other than the Assumed Obligations) whatsoever, including, but not limited to, with respect to the operation of the Debtors' business and/or the use or ownership of the Assets prior to the Closing.

N.      The sale of the Assets free and clear of any and all Liens and Claims of any and every kind or nature whatsoever (other than the Assumed Obligations) constitutes a fundamental and material condition to Purchaser's purchase of the Assets, and is a condition precedent to its Closing on the APA. But for the free and clear nature of the sale of the Assets, Purchaser would not have executed, and Purchaser will not consummate or agree to a Closing on the APA. The free and clear nature of the sale of the Assets, therefore, is so fundamentally integrated with the sale of the Assets pursuant to the terms of the APA that consummation of the APA cannot be effected other than on a free and clear basis. The Debtors may sell the Assets free and clear of any and all Liens and Claims of any and every kind or nature whatsoever (other than the Assumed Obligations) because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

O.      The Debtors will be the sole and lawful owners of the Assets at Closing.

(Page 9)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No: | 15-24999 (VFP) |
| Caption of Order: | ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365 (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING OTHER RELATED RELIEF |

---

Accordingly, the transfer of the Assets to Purchaser is or will be a legal, valid and effective transfer of the Assets, and will vest Purchaser with all right, title and interest in and to the Assets, free and clear of any and all Liens and Claims of any and every kind or nature whatsoever (other than the Assumed Obligations) pursuant to section 363(f) of the Bankruptcy Code and all other applicable laws.

P.      The Purchaser recognizes JNESO, District Council 1 IUOE-AFL-CIO ("**JNESO**") and District 1199J, National Union of Hospital & Health Care Employees, AFSCME ("**1199J**," and together with JNESO shall be referred to herein collectively as, the "**Unions**") as bargaining units and the Purchaser agrees to bargain in good faith with the Unions.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

**General Provisions**

1.      The Motion is granted as set forth herein, and all objections, responses or reservations of rights as and to the Motion, the APA, or the Transactions that have not been withdrawn, waived, or settled are hereby overruled on the merits and denied.

**Approval of the APA**

2.      The APA, and all of the terms and conditions thereof, are hereby approved; provided, however, that the APA and any related agreements, schedules, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing to

(Page 10)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No: | 15-24999 (VFP) |
| Caption of Order: | ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365 (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING OTHER RELATED RELIEF |

---

be signed by all parties, without further notice, hearing, or order of the Court, provided that,

(i) notwithstanding any such modification, amendment or supplement, the sale of the Assets to

the Purchaser will still comply with the requirements of section 363 of the Bankruptcy Code,

(ii) any such modification, amendment, or supplement does not have a material adverse effect

on the Debtors or their estates, and (iii) the Debtors have consulted regarding same with the

Committee.

3.     Pursuant to 11 U.S.C. § 363(b), the Debtors are authorized to perform their

obligations under and comply with the terms of the APA, and consummate the sale of the

Assets to the Purchaser, pursuant to and in accordance with the terms and conditions of the

APA.

**Transfer of Assets Free and Clear**

4.     Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are hereby

authorized to sell and transfer the Assets to Purchaser pursuant to and in accordance with the

terms and conditions of the APA and this Order and to take all other actions as the Purchaser

may reasonably request or are necessary to effectuate all of the terms of the APA and to

consummate the Transactions without any further notice or authorization of the Court,

including, without limitation, such actions as are necessary to execute and deliver all

documents referenced in and/or contemplated by the APA.  The Purchaser shall not be required

(Page 11)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No: | 15-24999 (VFP) |
| Caption of Order: | ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365 (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING OTHER RELATED RELIEF |

---

to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to

enforce any of its remedies under the APA or any other Transactions-related document.  The

automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent

necessary to implement the preceding sentence.

5.      Upon the Closing Date and payment of the Purchase Price, all of the Debtors'

right, title and interest in and to the Assets shall pass to Purchaser pursuant to section 363(f) of

the Bankruptcy Code and all other applicable laws free and clear of any and all liabilities,

Liens, security interests, encumbrances, Claims, proofs of claims filed in these cases,

reclamation claims, mortgages, deeds of trust, pledges, covenants, restrictions, hypothecations,

charges, indentures, loan agreements, causes of action, instruments, options, rights of first

refusal, offsets, recoupment, rights of recovery, judgments, orders and decrees of any court or

foreign or domestic governmental entity, claims for reimbursement, contribution, indemnity or

exoneration, assignment, preferences, debts, charges, suits, rights of recovery, interests,

products liability, environmental claims or liability, successor liability, withdrawal liability,

claims and liabilities for employee pay, benefits or other compensation, claims or liabilities

under or in connection with collective bargaining agreements, taxes, and other liabilities,

causes of action and claims of any and every kind and nature whatsoever (other than the

Assumed Obligations), in each case whether secured or unsecured, choate or inchoate, filed or

(Page 12)
Debtors:          SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No:          15-24999 (VFP)
Caption of Order: ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365
                  (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY
                  ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS,
                  CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING
                  THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY
                  CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING
                  OTHER RELATED RELIEF

---

unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or

unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated,

matured or unmatured, material or non-material, disputed or undisputed, or known or

unknown, whether arising prior to, on, or subsequent to August 10, 2015 (the "**Petition Date**"),

whether imposed by agreement, understanding, law, equity or otherwise (collectively, the

"**Liens and Claims**"), and any and all Liens and Claims on or against the Assets shall be and

for all purposes shall be deemed to be released, satisfied, discharged, waived, terminated,

extinguished and invalidated as to the Assets on the Closing Date, with any such Liens and

Claims attaching only to the proceeds of the sale of the Assets with the same priority, validity,

force and effect as they existed with respect to the Assets before the Closing Date.

6.      The Debtors may sell the Assets free and clear of any and all Liens and Claims of

any and every kind or nature whatsoever (other than the Assumed Obligations) because, in

each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy

Code has been satisfied.  All lenders to or other creditors of the Debtors with Liens and Claims

either (i) expressly consented, (ii) did not object to the Motion and are therefore deemed to

have consented, (iii) had objections that were withdrawn and are therefore deemed to have

consented, or (iv) had objections that were overruled by the Court, to the sale, transfer,

conveyance, assignment and delivery of all right, title and interest in and to the Assets to the

(Page 13)
Debtors:                SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No:                15-24999 (VFP)
Caption of Order:       ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365
                        (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY
                        ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS,
                        CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING
                        THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY
                        CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING
                        OTHER RELATED RELIEF

---

Purchaser free and clear of any and all Liens and Claims of any and every kind or nature whatsoever (other than the Assumed Obligations) pursuant to sections 363(f)(2) and 365 of the Bankruptcy Code. Non-debtor counterparties to the Assumed Contracts and Assumed Leases who did not object to the Motion, the Debtors' proposed cure amount, if any, or assignment of the Assumed Contracts and Assumed Leases to Purchaser, or those whose objections were withdrawn, are deemed to have consented to the sale, transfer, conveyance, assignment and delivery of all right, title and interest in and to the Assumed Contracts and Assumed Leases to the Purchaser free and clear of their Liens and Claims in or with respect to the Assets pursuant to sections 363(f)(2) and 365 of the Bankruptcy Code. In addition, the Debtors may sell the Assets free and clear of the DIP Liens (as defined in the Financing Order (as defined below)) because the DIP Lender consented to the entry of this Order, approval of the APA and consummation of the Transactions.

**Assumption and Assignment to Purchaser of the Assumed Contracts and Assumed Leases**

7.      Subject to and conditioned upon the Closing of the Sale and payment of amounts due under the APA, all requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption and assignment to Purchaser of the Assumed Contracts and Assumed Leases shall have been satisfied. The Debtors are hereby authorized and directed to assume the Assumed Contracts and Assumed Leases as set forth in the APA and to assign

(Page 14)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No: | 15-24999 (VFP) |
| Caption of Order: | ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365 (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING OTHER RELATED RELIEF |

---

such Assumed Contracts and Assumed Leases to Purchaser, without further application to or

order of the Court; provided, however, nothing contained herein shall be deemed to have

modified the terms of the Clinical Trial Agreements between St. Michael's Medical Center,

Inc., Abbas Shehadeh M.D. and Boehringer Ingelheim Inc. dated May 8, 2015 and June 3,

2015. The non-Debtor counterparties to the Assumed Contracts and Assumed Leases shall be

obligated to perform under their respective lease or contract, subject to the terms thereof.

Except as provided herein, any non-Debtor counterparty to the Assumed Contracts and

Assumed Leases that failed to file a timely objection to the applicable assignment schedule

attached to the *Notice Of Possible Assumption And Assignment Of Certain Executory

Contracts And Unexpired Leases In Connection With The Sale Of Substantially All The

Debtors' Assets* [Docket No. 134], *Supplemental Notice Of Possible Assumption And

Assignment Of Certain Executory Contracts And Unexpired Leases In Connection With The

Sale Of Substantially All The Debtors' Assets* [Docket No. 213], *Second Supplemental Notice

Of Possible Assumption And Assignment Of Certain Executory Contracts And Unexpired

Leases In Connection With The Sale Of Substantially All The Debtors' Assets* [Docket No.

312], or *Third Supplemental Notice Of Possible Assumption And Assignment Of Certain

Executory Contracts And Unexpired Leases In Connection With The Sale Of Substantially All

The Debtors' Assets* [Docket No. 357] (collectively, the "**Cure Schedules**") shall not be

(Page 15)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No: | 15-24999 (VFP) |
| Caption of Order: | ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365 (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING OTHER RELATED RELIEF |

permitted to claim that any additional amounts are due or defaults exist, or additional conditions to assignment must be satisfied, other than the Cure Amounts set forth in the Cure Schedules, which are the sole amounts necessary under sections 365(b)(1)(A) and (B) and 365(f)(2)(A) of the Bankruptcy Code to cure all monetary defaults and pay all actual pecuniary losses under the Assumed Contracts and Assumed Leases, as applicable.

8.     Upon the Closing, all Assumed Contracts and Assumed Leases shall be assumed by the Debtors, assigned to and vested in Purchaser.  The Cure Amount identified on the Cure Schedules shall be paid by Purchaser as a cure in accordance with section 365(b)(1)(A) of the Bankruptcy Code.  Each Assumed Contract and Assumed Lease assumed and assigned pursuant to this Order shall vest in and be fully enforceable by Purchaser, except as modified by the provisions of this Order.  The amounts identified on the Cure Schedules are in full and final satisfaction of all obligations and are full compensation to the non-Debtor counterparties for any pecuniary losses under such contracts or leases pursuant to section 365(b)(1) of the Bankruptcy Code under the respective Assumed Contracts and Assumed Leases as of the Closing.  On the Closing Date, with respect to the Assumed Contracts and Assumed Leases, all applicable requirements of section 365 of the Bankruptcy Code have been met, including the requirement that all defaults be cured and that adequate assurance of future performance be provided.  As of the Closing, except to the extent otherwise expressly provided in the APA and

(Page 16)

Debtors:                SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*

Case No:                15-24999 (VFP)

Caption of Order:       ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365
                        (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY
                        ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS,
                        CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING
                        THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY
                        CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING
                        OTHER RELATED RELIEF

---

this Order, the Debtors and Purchaser shall each be relieved and discharged from any liability

whatsoever, whether arising before or on the Closing Date, under the Assumed Contracts and

Assumed Leases other than Purchaser's obligation to satisfy Cure Amounts listed in the Cure

Schedules.

9.      The Assumed Contracts and Assumed Leases shall be assigned to, and remain in

full force and effect for the benefit of Purchaser, in accordance with their respective terms,

notwithstanding any provision in any such lease agreement or contract (including, without

limitation, an anti-assignment provision, or as described in section 365(b)(2) and (f) of the

Bankruptcy Code) that prohibits, restricts, conditions, or limits such assignment or transfer.

Upon the Closing or effectiveness of the assumption of any Assumed Contracts and Assumed

Leases, as applicable, in accordance with sections 363 and 365 of the Bankruptcy Code,

Purchaser shall be fully and irrevocably vested with all rights, title and interest of the Debtors

and their estates under any applicable Assumed Contracts and Assumed Leases.

10.     Subject to the terms of the APA and this Order, all defaults (or in the case of

defaults that are the subject of bona fide disputes, to the extent a resolution of such defaults is

agreed to by the Debtors pursuant to a settlement or otherwise determined by Final Order of

the Bankruptcy Court resolving such disputes) of the Debtors under the Assumed Contracts

and Assumed Leases arising, accruing or relating to a period prior to the Closing Date (without

(Page 17)

Debtors:           SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*

Case No:         15-24999 (VFP)

Caption of Order:    ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365
(1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY
ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS,
CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING
THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING
OTHER RELATED RELIEF

---

giving effect to any acceleration clauses or any default provisions of the kind specified in

section 365(b)(2) of the Bankruptcy Code) and required to be cured under section 365 of the

Bankruptcy Code have been or will be promptly cured at or following the Closing, whether in

an amount agreed upon between the applicable contract or lease counterparty and the Debtors

or Purchaser, or as otherwise ordered by the Bankruptcy Court, and will be deemed to be cured

at the Closing with respect to Purchaser.

11.    Pursuant to section 365(k) of the Bankruptcy Code, the Debtors and their estates

shall not be liable for any breach of the Assumed Contracts and Assumed Leases after the date

of assignment to Purchaser.

12.    Notwithstanding anything in the APA to the contrary, nothing in this Order shall

be construed as authorizing the sale of the Medicare Provider Agreement as an asset to the

Purchaser free and clear of successor liability for pre-Closing Medicare debt, whether or not

such debt is as of yet undetermined, nor as restricting Medicare's right of setoff and

recoupment.  The assumption and assignment of the Medicare Provider Agreement will be

authorized in a stipulation pursuant to section 365 of the Bankruptcy Code which will be

negotiated by the Debtors, the Purchaser and the U.S. Department of Health and Human

Services and submitted for the Court's approval.

13.    Except as otherwise provided herein, pursuant to sections 105(a), 363, and 365 of

(Page 18)

| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
|---|---|
| Case No: | 15-24999 (VFP) |
| Caption of Order: | ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365 (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING OTHER RELATED RELIEF |

---

the Bankruptcy Code, each non-Debtor party to an Assumed Contract and Assumed Lease is hereby barred and permanently enjoined from asserting against Purchaser any default, assignment fee, breach, or claim or pecuniary loss, or condition to assignment existing, accrued, arising or relating to a period prior to the Closing Date. Payment of the Cure Amounts shall be deemed to discharge the Debtors' obligation to: (i) cure or provide adequate assurance that the Debtors will promptly cure any defaults; and (ii) compensate, or provide adequate assurance that the Debtors will promptly compensate, any non-Debtor party to the Assumed Contracts and Assumed Leases, for any actual pecuniary loss resulting from any default under the Assumed Contracts and Assumed Lease.

14.    The failure (if any) of the Debtors or Purchaser, as the case may be, to enforce at any time one or more terms or conditions of any Assumed Contracts and Assumed Leases shall not be a waiver of such terms or conditions, or of any of the rights of the Debtors or Purchaser, as the case may be, to enforce each and every term and condition of such Assumed Contracts and Assumed Leases.

15.    There shall be no rent accelerations, assignment fees, increases (including advertising rates) or any other fees charged to Purchaser or the Debtors as a result of the assumption and assignment of any Assumed Contracts and Assumed Leases; provided, however, that this provision shall apply solely to the assumption and assignment of the

(Page 19)

Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No:            15-24999 (VFP)
Caption of Order:   ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365
                    (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY
                    ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS,
                    CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING
                    THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY
                    CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING
                    OTHER RELATED RELIEF

---

Assumed Contracts and Assumed Leases pursuant to this Order.

16.    Notwithstanding anything to the contrary in this Order or the Cure Schedules, the Cure Amount to cure any and all existing defaults with Cardinal Health 200, LLC, Cardinal Health 110, LLC, Cardinal Health 411, Inc. and Cardinal Health 414, LLC (collectively, "**Cardinal Health**") associated with the Cardinal Health Agreements (as defined in Cardinal Health's limited objection to assumption and assignment of certain executory contracts [Docket No. 290]), shall be $1,866,417.50 (the "**Cardinal Health Cure Amount**"); provided, however, it being expressly understood among the Debtors and Cardinal Health that the Cardinal Health Cure Amount is calculated based on Cardinal Health's return of $302,490.15 to the Debtors (which is pending but not actually received by the Debtors as of the date of this Order) and application of credits owed from Cardinal Health to the Debtors with respect to the Cardinal Health Agreements.  Cardinal Health is granted relief from the automatic stay under Section 362 of the Bankruptcy Code to apply the credits in connection with the Cardinal Health Cure Amount as set forth in the immediately preceding sentence.

**Additional Provisions**

(Page 20)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No: | 15-24999 (VFP) |
| Caption of Order: | ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365 (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING OTHER RELATED RELIEF |

---

17.    The sale and transfer of the Assets to Purchaser pursuant to the APA constitutes a legal, valid and effective transfer and shall vest Purchaser with all right, title and interest in and to the Assets free and clear of any and all Liens and Claims of any and every kind or nature whatsoever (other than the Assumed Obligations).

18.    This Order and the APA shall be binding upon, and shall inure to the benefit of, the Debtors, Purchaser and their respective successors and assigns, including, without limitation, any liquidating trustee, or chapter 7 or chapter 11 trustee or examiner hereinafter appointed in this or any other proceeding commenced under the Bankruptcy Code by or against the Debtors.

19.    This Court shall retain exclusive jurisdiction (including after the closure of these cases, and notwithstanding the terms of any subsequent order in these cases) to enforce the provisions of this Order and the APA and to resolve any issue or dispute concerning the interpretation, implementation or enforcement of this Order and the APA (including, but not limited to, the assignment of the Assumed Contracts and Assumed Leases to the Purchaser and any amounts payable in relation thereto), or the rights and duties of the parties hereunder or thereunder, including, without limitation, any issue or dispute concerning the transfer of the Assets free and clear of any and all Liens and Claims of any and every kind or nature whatsoever.

(Page 21)

Debtors:          SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No:          15-24999 (VFP)
Caption of Order: ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365
                  (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY
                  ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS,
                  CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING
                  THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY
                  CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING
                  OTHER RELATED RELIEF

---

20.     As to the APA and the Assets transferred thereby, this Order (a) is and shall be

effective as a determination that, upon the date of the Closing and the payment of the Purchase

Price required to be delivered to Debtors pursuant to the terms of the APA on the date of the

Closing, any and all Liens and Claims on the Assets as of the Closing have been

unconditionally released, discharged and terminated, and (b) is and shall be binding upon and

govern the acts of all Persons including without limitation, any Governmental Entity, filing

agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds,

taxing authorities, registrars of deeds, registrars of patents, trademarks or other intellectual

property, administrative agencies, governmental departments, secretaries of state, federal, state

and local officials, and all other Persons who may be required by operation of law or contract,

to accept, file, register or otherwise record or release any documents or instruments.  Upon the

Closing (including the Debtors' receipt of the Purchase Price), each of the creditors of the

Debtors (and non-Debtor counterparties to the Assumed Contracts and Assumed Leases) are

authorized and directed to execute such documents and take all other actions as the Purchaser

deems advisable or necessary to release Liens and Claims (other than the Assumed

Obligations) against or in the Assets, if any, as such Liens and Claims may have been recorded

or may otherwise exist.

21.     Each and every federal, state, and local governmental agency, recording office or

(Page 22)
Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No:            15-24999 (VFP)
Caption of Order:   ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365
                    (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY
                    ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS,
                    CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING
                    THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY
                    CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING
                    OTHER RELATED RELIEF

---

department and all other parties, Persons or entities are hereby directed to accept this Order for

recordation by Purchaser as conclusive evidence of the transfer of all right, title and interest in

and to the Assets to Purchaser free and clear of any and all Liens and Claims of any and every

kind or nature whatsoever (other than the Assumed Obligations).

22.   If any Person, entity, or Governmental Entity that has filed financing statements,

mortgages, mechanic's liens, *lis pendens,* or other documents or agreements evidencing Liens

and Claims against or in the Assets shall not have delivered to the Purchaser before the

Closing, in proper form for filing and executed by the appropriate parties, termination

statements, instruments of satisfaction, and/or releases of all Liens and Claims that the Person,

entity, or Governmental Entity has or claims to have with respect to the Assets or otherwise,

the Purchaser is authorized to execute and file such statements, instruments, releases and other

documents on behalf of such Person, entity, or Governmental Entity with respect to the Assets.

23.   The provisions of this Order are self-executing, and neither the Debtors,

Purchaser nor any other party shall be required to execute or file releases, termination

statements, assignments, cancellations, consents or other instruments to effectuate,

consummate and/or implement the provisions of this Order or the APA; provided, however,

that this paragraph shall not excuse Debtors or Purchaser from performing any and all of their

respective obligations under the APA.  Without in any way limiting the foregoing, Purchaser is

(Page 23)

Debtors:          SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No:          15-24999 (VFP)
Caption of Order:  ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365
                  (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY
                  ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS,
                  CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING
                  THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY
                  CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING
                  OTHER RELATED RELIEF

---

empowered to execute and file releases, termination statements, assignments, consents,

cancellations or other instruments to effectuate, consummate and/or implement the provisions

of this Order or the Transactions.

24.     Article 6 of the Uniform Commercial Code governing bulk sale transfers is not

applicable to the sale of the Assets to the Purchaser.

25.     All Persons or entities, including any Governmental Entity, who are presently, or

who as of the Closing may be, in possession, custody or control of some or all of the Assets

hereby are directed to provide access to and surrender possession of the Assets to Purchaser as

of the Closing without claim, demand, request for payment, or otherwise.

26.     Except as otherwise expressly provided in this paragraph below, effective upon

the Closing Date, all Persons are forever prohibited and enjoined from commencing or

continuing in any manner any action or other proceeding, whether in law or equity, in any

judicial, administrative, arbitral or other proceeding (other than by an appeal timely taken with

respect to this Order or a motion timely made under Bankruptcy Rules 9023 or 9024) against

the Purchaser, its Affiliates, successors and assigns, or the Assets with respect to any Liens and

Claims arising under, out of, in connection with or in any way relating to the Debtors, the

Purchaser, the Assets, or the use or operation of the Assets prior to the Closing, including,

without limitation, the following actions:

(Page 24)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No: | 15-24999 (VFP) |
| Caption of Order: | ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365 (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING OTHER RELATED RELIEF |

---

(i)    Taking any action that would adversely affect or interfere with the ability of the Debtors to sell and transfer the Assets (or assign the Assumed Contracts and Assumed Leases) to the Purchaser in accordance with the terms of the APA and this Order;

(ii)    Commencing or continuing in any manner any action or other proceeding against the Purchaser, its Affiliates, successors, assets or properties, including the Assets;

(iii)    Enforcing, attaching, collecting or recovering in any manner (or attempting any of the foregoing) any judgment, award, decree or order against the Purchaser, its Affiliates, successors, assets or properties, including the Assets;

(iv)    Creating, continuing, perfecting or enforcing any Liens, Claims, encumbrances, or interests (or attempting any of the foregoing) against the Purchaser, its Affiliates, successors, assets or properties, including the Assets;

(v)    Asserting any setoff, right of subrogation or recoupment of any kind against any obligation due the Purchaser or its successors or Affiliates;

(vi)    Commencing or continuing any action in any manner or place, that does not comply or is inconsistent with the provisions of this Order, other orders of the Court, the APA, or the agreements or actions contemplated or taken in respect thereof; or

(vii)    Revoking, terminating, or interfering with any license, permit or authorization to use or operate any of the Assets.

(Page 25)

Debtors:            SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No:            15-24999 (VFP)
Caption of Order:   ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365
                    (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY
                    ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS,
                    CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING
                    THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY
                    CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING
                    OTHER RELATED RELIEF

_____

27.    Without limiting the generality of the foregoing, except as otherwise specifically set forth in the APA, the Purchaser shall not assume or be obligated to pay, perform or otherwise discharge any workers' compensation debts, obligations or liabilities of the Debtors arising pursuant to state law or otherwise, including, but not limited to, workers' compensation claims or suits of any type, whether now known or unknown, whenever incurred or filed, which have occurred due to or which arise from work related injuries, diseases, death, exposures, intentional torts, acts of discrimination or other incidents, acts, or injuries, whether filed or to be filed, or reopenings of those claims, by or on behalf of the Debtors' current or former employees, persons on laid off, inactive or retired status, or their respective dependents, heirs or assigns, as well as any and all premiums, assessments or other obligations of any nature whatsoever of the Debtors relating in any way to workers' compensation liability.

28.    Notwithstanding anything contained in this Order, except for the Assumed Obligations, the Purchaser shall not have any liability or responsibility for any Liens and Claims, Excluded Liabilities, or other obligations of the Debtors arising out of, related to, or in connection with the Assets, the Assumed Contracts and Assumed Leases, Debtors, or any of their predecessors or Affiliates including, but not limited to, Liabilities from any of the following: (1) under any pension, benefit plan or collective bargaining agreement, the Employee Retirement Income Security Act of 1974, tax, employment, labor or

(Page 26)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No: | 15-24999 (VFP) |
| Caption of Order: | ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365 (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING OTHER RELATED RELIEF |

---

antidiscrimination laws, rules or regulations, products liability law, environmental law and any claims based on any successor liability theory arising under applicable law, (2) any employment or labor agreements, consulting agreements, severance arrangements, collective bargaining agreements, change in control agreements or other similar agreements to which any Debtor is or was a party, (3) any pension, welfare, compensation or other employee benefit plans, agreements, practices and programs, including without limitation, any pension plan of any Debtor, (4) the cessation of any of the Debtor's operations, dismissal of employees, or termination of employment or labor agreements or pension, welfare, compensation or other employee benefit plans, agreements, practices and programs and any obligations with respect thereto that arise from the Employee Retirement Income Security Act of 1974, the Fair Labor Standard Act, Title VII of the Civil Rights Act of 1964, the Age Discrimination and Employment Act of 1967, the Federal Rehabilitation Act of 1973, the National Labor Relations Act, the Consolidated Omnibus Budget Reconciliation Act of 1985 or the Worker Adjustment and Retraining Notification Act (or comparable state law), (5) any withdrawal liability, whether contingent or non-contingent, under the Employee Retirement Income Security Act of 1974, any other law, or otherwise, (6) workmen's compensation, occupational disease, or unemployment or temporary disability insurance claims, (7) environmental liabilities, debts, claims or obligations which may be asserted on any basis, including, without limitation, under

(Page 27)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No: | 15-24999 (VFP) |
| Caption of Order: | ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365 (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING OTHER RELATED RELIEF |

---

the Comprehensive Environmental Response, Compensation and Liability Act or any other

Environmental, Health and Safety Requirements, (8) any bulk sales or similar law, (9) any

litigation by or against any Debtor, (10) any encumbrance, Claim, right, interest, or Lien of any

kind or nature whatsoever of a lienholder related to, on, or against the Debtors, any Assets, or

the Purchaser, and (11) the laws of the United States, any state, territory or possession thereof,

or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory of

law or equity, including without limitation, the laws of the State of New Jersey pertaining to

the creation, enforcement, validity, extent, or priority of liens, and any theory of equitable law,

including, without limitation, any theory of antitrust or successor or transferee liability.  For the

avoidance of doubt, the liabilities set forth in this paragraph are included in the defined term

"**Liens and Claims**" for all purposes in this Order.  Additionally, Purchaser shall not have any

liability or responsibility for any withdrawal or other liability under any multiemployer plans

and/or any other liabilities arising out of, related to, or in connection with employee

compensation or benefits, and such liabilities shall not be assessed against the Purchaser.

29.    Except for specific Assumed Obligations, neither the Purchaser, its Affiliates or

designees, nor their respective successors or assigns, shall be obligated or liable, either directly,

indirectly, or vicariously, as successor, transferee or otherwise, for any Liens and Claims,

including on account of any taxes payable by the Debtors or any of their Affiliates (whether

(Page 28)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No: | 15-24999 (VFP) |
| Caption of Order: | ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365 (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING OTHER RELATED RELIEF |

---

under federal, state law or otherwise) as a result of the sale or purchase of the Assets or employment of any current or former employee of the Debtor. Neither the Purchaser, its Affiliates, its designee, or their respective successors and assigns, nor the Assets shall be or be deemed to be a successor or successor-in-interest or responsible Person or potentially responsible Person to the Debtors or any current or former creditor, employee, equity holder or other Person, and none shall have any liability (whether under federal, state law or otherwise) for successor liability, including, without limitation, with respect to any liabilities arising from or under products liability, tax, environmental law, labor rules, or other laws. Except as expressly set forth in the APA, the Purchaser is not expressly or impliedly agreeing to assume any liabilities.

30. The Purchaser is not a mere continuation or substantial continuation of the Debtors, has not, *de facto* or otherwise, merged with or into any Debtor or its Affiliates, and does not constitute a successor to the Debtors by reason of any theory of law or equity, as to each as a result of the consummation of the Transactions or otherwise. The Purchaser shall not assume or in any way be responsible for any Liens and Claims (other than the Assumed Obligations) against the Debtors and/or their estates accruing, arising or relating to a period prior to, as of, or as a result of the Closing.

31. Except as set forth in this Order or the APA, nothing herein shall affect or

(Page 29)

| | |
|---|---|
| Debtors: | SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.* |
| Case No: | 15-24999 (VFP) |
| Caption of Order: | ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365 (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING OTHER RELATED RELIEF |

---

otherwise modify the rights of the DIP Lender under the terms of the *Final Order Authorizing Debtors To (I) Obtain Post-Petition Financing Pursuant To 11 U.S.C. §§ 105, 362 And 363, And 363, (II) Grants Liens And Superpriority Claims To Postpetition Lenders Pursuant To 11 U.S.C. §§ 364; And (III) Granting Related Relief*, entered October 16, 2015 [Docket No. 282] (the "**Financing Order**").

32.    The Excluded Assets are not being sold to and are not property of the Purchaser. To the extent a creditor of the Debtors holds a lien in any Excluded Asset, (i) such lien is unaffected by this Order, and (ii) such creditor continues to hold a lien in the applicable Excluded Asset(s) subject to the same extent, priority and validity (if any), and defenses of the estates in any such Excluded Asset.  If there are any Excluded Assets and/or proceeds thereof that come into the possession of the Purchaser, (a) the Purchaser shall hold such Excluded Asset and/or the proceeds thereof in trust for the benefit of the Debtors and (b) the Purchaser shall promptly deliver such Excluded Asset and/or the proceeds thereof to the Debtors (or, if required by a separate order of the Bankruptcy Court, to such applicable secured creditor).

33.    Nothing contained in any chapter 11 plan confirmed in these cases or Order: (i) confirming any such plan, (ii) converting these cases to cases under Chapter 7 of the Bankruptcy Code, or (iii) dismissing or transferring these Chapter 11 cases, shall conflict with or derogate from the provisions of the APA or this Order.  In the event of any conflict or

(Page 30)

Debtors:          SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*

Case No:          15-24999 (VFP)

Caption of Order:    ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365
(1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY
ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS,
CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING
THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING
OTHER RELATED RELIEF

---

inconsistency between this Order, on the one hand, and the APA or the Bidding Procedures Order, on the other hand, this Order shall govern and control.

34.    The purchase by Purchaser of the Assets is a purchase in good faith for fair value within the meaning of section 363(m) of the Bankruptcy Code and applicable law and, therefore, Purchaser is entitled to the protections of section 363(m) of the Bankruptcy Code. Accordingly, the reversal, modification or appeal of the authorization provided herein to consummate the APA, sale of the Assets, and assignment of the Assumed Contracts and Assumed Leases shall not affect the validity of the sale of the Assets to Purchaser, unless such authorization is duly stayed pending such appeal before the Closing. Notwithstanding anything contained in this Order, Purchaser shall not be required to consummate any of the Transactions in the event this Order or this Court's authorization to consummate the Transactions pursuant to the terms of this Order shall have been (i) reversed, (ii) stayed, or (iii) modified in any material respect prior to the Closing Date.

35.    The Debtors and the Purchaser shall communicate on a regular basis regarding their respective efforts to satisfy the conditions to Closing set forth in the APA and shall provide reasonable updates to the Committee and Trinity Health Corporation, as DIP lender (the "**DIP Lender**"). If it shall become apparent that the parties will be unable to satisfy any condition to Closing set forth in the APA, the parties shall promptly notify each other, the

(Page 31)

Debtors:              SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No:              15-24999 (VFP)
Caption of Order:     ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365
                      (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY
                      ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS,
                      CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING
                      THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY
                      CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING
                      OTHER RELATED RELIEF

---

Committee, the DIP Lender and, if necessary, this Court.

36.    The Transactions approved by this Order are not subject to avoidance or the imposition of costs and damages pursuant to section 363(n) of the Bankruptcy Code or other applicable law.  The consideration set forth in the APA to be provided by Purchaser in exchange for the Assets (and assignment of the Assumed Contracts and Assumed Leases) constitutes reasonably equivalent value and fair consideration.

37.    As the sale, transfer, assignment, conveyance and delivery of the Assets are in exchange for the Purchase Price, no withholding of U.S. federal income tax pursuant to sections 1441 or 1442 of the Internal Revenue Code is required.

38.    The failure to specifically include any particular provision of the APA in this Order shall not diminish or impair the efficacy of such provision, it being the intent of this Court that the APA and each and every provision, term and condition thereof be authorized and approved in their entirety.

39.    The provisions of this Order are non-severable and mutually dependent.

40.    The transactions contemplated by the APA and authorized in this Order shall be of full force and effect regardless of any Debtor's lack of good standing in any jurisdiction in which such Debtor is formed or authorized to transact business.

41.    Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062,

(Page 32)
Debtors:              SAINT MICHAEL'S MEDICAL CENTER, INC., *et al.*
Case No:              15-24999 (VFP)
Caption of Order:     ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365
                      (1) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY
                      ALL OF THEIR ASSETS FREE AND CLEAR OF ALL LIENS,
                      CLAIMS, ENCUMBRANCES AND INTERESTS; (2) AUTHORIZING
                      THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY
                      CONTRACTS AND UNEXPIRED LEASES; AND (3) GRANTING
                      OTHER RELATED RELIEF

---

or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

42.    This Order constitutes a final and appealable Order within the meaning of 28 U.S.C. § 158(a) notwithstanding Bankruptcy Rules 6004(h) and 6006(d).

43.    A true copy of this Order (exclusive of exhibits) shall be served on all parties-in interest by regular, first class mail within two (2) days of the date hereof.