| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>SILLS CUMMIS & GROSS P.C.<br>Andrew H. Sherman<br>Lucas F. Hammonds<br>One Riverfront Plaza<br>Newark, New Jersey 07102<br>Tel.: 973-643-7000<br>Fax: 973-643-6500<br>*Attorneys for Bernard A. Katz,*<br>*as Liquidation Trustee* | Order Filed on January 17, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>SMMC Liquidation Corp., *et al.*,[1]<br><br>　　　　Debtors-in-Possession. | Hon. Vincent F. Papalia<br><br>Case No. 15-24999<br>(Jointly Administered)<br><br>Chapter 11 |

**ORDER REGARDING NOTICE OF INTENTION TO CLOSE**
**CASE AND SCHEDULING STATUS CONFERENCE**

The relief set forth on the following pages, numbered two (2) through three (3), is hereby **ORDERED**.

**DATED: January 17, 2019**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Honorable Vincent F. Papalia**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Bankruptcy Judge**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal identification number, are: SMMC Liquidation Corp. (f/k/a Saint Michael's Medical Center, Inc.) (6046); Columbus Acquisition Corp. (6342); Saint James Care, Inc. (6230); and University Heights Property Company, Inc. (0162) (collectively, the "Debtors").

(Page 2)
Debtors: SMMC Liquidation Corp., *et al.*
Case No.: 15-24999 (VFP)
Caption of Order: Order Regarding Notice of Intention to Close Case and Scheduling Status Conference

---

Upon the *Notice of Intention to Close Case Pursuant to D.N.J. LBR 3022-1(a)* (the "Notice") [Docket No. 1297] entered by the Clerk of the Court and the objection thereto (the "Objection") [Docket No. 1299] filed by Bernard A. Katz in his capacity as Liquidation Trustee (the "Liquidation Trustee") of the Saint Michael's Medical Center Liquidation Trust (the "Liquidation Trust"); and due and proper notice of the December 18, 2018 hearing on the Notice and Objection (the "Hearing") have been given, and no further notice being required; and the Court having jurisdiction to consider the Notice and Objection in accordance with 28 U.S.C. §§ 157 and 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having considered the Notice and Objection and all statements made on the record at the Hearing; and it appearing that the relief set forth in this order (the "Order") is in the best interests of the bankruptcy estates; and after due deliberation thereon; and good and sufficient cause appearing therefor:

It is hereby **ORDERED** that:

1. Subject to extension by this Court, these bankruptcy cases shall remain open until the earlier of (i) the full administration of the Liquidation Trust, approval of the Liquidation Trustee's final report, and entry of a final decree in these bankruptcy cases and (ii) April 17, 2020.

2. This Order is without prejudice to the right of any party in interest in these bankruptcy cases, including the Liquidation Trustee, to request that the bankruptcy cases remain open beyond the applicable case closure date established by paragraph 1 above consistent with the terms of the confirmed *First Amended Joint Chapter 11 Plan of Orderly Liquidation for*

(Page 3)
Debtors: SMMC Liquidation Corp., *et al.*
Case No.: 15-24999 (VFP)
Caption of Order: Order Regarding Notice of Intention to Close Case and Scheduling Status Conference

---

*Saint Michael's Medical Center, Inc. and Its Affiliated Debtors* (as modified, the "Plan") [Docket No. 1155].

3.  If any party in interest objects to the closure of these cases on the applicable case closure date established by paragraph 1 above, such party shall file an objection to case closure with the Court by the earlier of (i) the applicable date for objection to the Liquidation Trustee's application to approve his final report and for entry of a final decree and (ii) April 10, 2020.*

4.  The Court shall conduct a status conference on March 28, 2019 at 11:00 a.m. (the "Status Conference").

5.  To the extent that the claims of District 1199J NJ Pension Fund ("District 1199J") asserted in these bankruptcy cases (the "District 1199J Claims") have not been fully resolved before the Status Conference, attendance at the Settlement Conference by the Liquidation Trustee and District 1199J, including by an individual on behalf of each party with authority to settle and otherwise compromise the District 1199J Claims, shall be mandatory.

\*; provided, however, that if a request is made to further extend the deadline for closing of this case, pursuant to paragraph 2 of this Order, the objection may be made to such request, whether made by motion, application or other appropriate means.